UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DJENEBA SIDIBE, et al., | Case No. 12-cv-04854-LB |
| Plaintiffs, | **ORDER GRANTING LEAVE TO FILE FOURTH AMENDED COMPLAINT** |
| v. | |
| SUTTER HEALTH, | Re: ECF No. 154 |
| Defendant. | |

**INTRODUCTION**

In this putative class action, the plaintiffs — who pay premiums to enroll in commercial health

plans — sued Sutter Health, which operates hospitals and other health-care service providers,

alleging that Sutter's anticompetitive conduct in the health-care services industry in Northern

California violates federal and state antitrust laws and California's unfair competition law.[1]

Sutter's alleged anticompetitive conduct is imposing tying arrangements that require health plans

to include in their network, and pay supra-competitive rates for, Inpatient Hospital Services that

Sutter supplies in specific identified markets in the Northern District of California.[2] Sutter also

---

[1] *See generally* Proposed Fourth Amended Complaint ("PFAC") – ECF No. 154-6; Third Amended Complaint ("TAC") – ECF No. 69. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] PFAC – ECF No. 154-6 at 4–5 (¶¶ 1–6).

allegedly forces anticompetitive "anti-steering" provisions into its contracts with health plans.[3] This conduct allegedly harmed health-plan subscribers, who suffered from Sutter's ability to charge supra-competitive rates in the form of higher insurance premiums and co-insurance payments.[4]

The plaintiffs ask to file a proposed fourth amended complaint ("PFAC") that, among other changes, changes the class definition in two ways.[5]

First, the class in the PFAC adds two representative employer-plaintiffs that pay premiums for their employees: Johnson Pool & Spa and Optimum Graphics.[6] The named plaintiffs in the earlier complaints were individuals. The original complaint had a single named plaintiff who sued on behalf of herself and a putative class of "all natural persons and entities . . . who paid directly or indirectly for medical services."[7] The first, second, and third amended complaints had individual named plaintiffs who sued on behalf of "any person" enrolled in a licensed health plan that had a contractual relationship with Sutter.[8]

Second, the PFAC adds subscribers of two additional commercial health plans, United Healthcare and Health Net.[9] (It dropped two out-of-state insurers.)

Sutter opposes only the changes to the class definition (and reserves its other challenges, such as challenges to the PFAC's amended market definitions, for summary judgment).[10] Its main arguments are that (1) the plaintiffs abandoned entity claims, and the expanded class thus does not relate back to the filing date of the initial complaint, and (2) adding the new plans also does not relate back.[11] It also argues prejudice from the delay.[12]

---

[3] *Id.* at 6 (¶ 7).

[4] *Id.* at 6–9 (¶¶ 8–9).

[5] Mot. – ECF No. 154-4.

[6] PFAC – ECF No. 154-6 at 9, 37 (¶¶ 22–23, 113).

[7] Compl. – ECF No. 1 at 36 (¶ 77).

[8] FAC – ECF No. 11 at 52 (¶ 130), SAC – ECF No. 37 at 50 (¶ 146), TAC – ECF No. 69 at 33 (¶ 104).

[9] Mot. – ECF No. 154-4 at 8; TAC at 30–32 (¶¶ 105–115).

[10] Opp – ECF No. 170 at 7, 14 & n.4.

[11] *Id.* at 13–17.

The court grants the motion to file the PFAC and holds that the amendments relate back to the date of the original complaint.

## GOVERNING LAW

### 1. Leave to Amend

After a responsive pleading is filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A court should freely grant leave to amend "when justice so requires." *Id.*; *see Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117–18 (9th Cir. 2013). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma County*, 708 F.3d at 1117 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 n.3 (9th Cir. 2009) (identifying the five factors for assessing the propriety of a motion to amend as undue delay, bad faith, futility of amendment, prejudice to the opposing party, and whether the party has previously amended the pleadings). Because "Rule 15 favors a liberal policy towards amendment, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted." *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989).

### 2. Relation Back

In relevant part, Rule 15(c) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when: . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out — or attempted to be set out — in the original pleading." Fed. R. Civ. P. 15(c)(1). "In the Ninth Circuit, an amendment adding a plaintiff relates back to the original complaint under Rule 15(c) when "(1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; (2) the relation back does

---

[12] *Id.* at 13–25.

not unfairly prejudice the defendant; and (3) there is an identity of interests between the original and new proposed plaintiff." *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 935 (9th Cir. 1996). The relation-back doctrine applies to amendments seeking to expand the scope of a class. *Wilner v. Manpower*, No. 11-cv-2846-JST, 2014 WL 2939732, at *4 (N.D. Cal. June 30, 2014).

## ANALYSIS

### 1. Relation Back

All factors — notice, identity of interests, and prejudice to the defendant — weigh in favor of the plaintiffs' proposed amendment. *See In re Syntex Corp. Sec. Litig.*, 95 F.3d at 935; *Wilner*, 2014 WL 2939732, at *4. The court holds that the amendments relate back to the date of the original complaint.

### 1.1. Notice

"In deciding whether an amendment relates back to the original claim, notice to the opposing part of the existence and involvement of the new plaintiff is the critical element." *Avila v. I.N.S.*, 731 F.2d 616, 620 (9th Cir. 1984). "In the context of amendments that seek to expand the scope of a putative class, the notice requirement is satisfied when 'the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff [.]'" *Wilner*, 2014 WL 2939732, at *4 (quoting *In re Syntex*, 95 F.3d at 935).

As to the employers, the original complaint included "entities" in the class definition. The TAC discussed the impact of Sutter's alleged anticompetitive behavior on employers. For example: "Sutter's conduct has caused . . . higher rates . . . to individuals *and employers*" and "*employers* . . . pay a share of the premiums incurred by the employee-member."[13] The import of the complaints was that the alleged anticompetitive conduct harmed individuals and employers in the same way: by paying higher health-plan premiums. This put Sutter on notice of the entity claims.

---

[13] TAC – ECF No. 69 at 3, 20 (¶¶ 7, 63).

As to the addition of UnitedHealthcare and Health Net, the earlier complaints included subscribers of any licensed health plan.[14] And every complaint has focused on the harms to health-plan subscribers generally (grounded in the allegedly anticompetitive clauses in the contracts with Sutter) and did not identify harms specific to any one health plan.[15] Sutter had notice.

In sum, the amended complaint fairly tracks the conduct in the earlier complaints, and there is fair notice under Rule 15(c). *See* Fed. R. Civ. P. 15(c)(1)(B).[16]

Sutter's arguments do not change this outcome.[17] It argues that the plaintiffs abandoned the entity claims, but the refinements in the amended complaints — which all addressed the same anticompetitive conduct — were a response to court orders and were geared toward (for example) plausibly alleging antitrust injury and relevant markets. And unlike *Knauf Insulation, Inc. v. S. Brands, Inc.*, the plaintiffs did not purposefully drop a defendant from the case. *See* 820 F.3d 904, 907–08 (7th Cir. 2016). *Tese-Milner v. Diamond Trading Co. Ltd.* involved a wholesale change in claims, and a subsequent attempt to reinvigorate the abandoned claims. No. 04 Civ. 5203 (KMW), 2011 WL 4501336, at *7–9 (S.D.N.Y. Sept. 29, 2011). By contrast, the claims here are basically the same in the different complaints. The court follows *Wilner* and *In re Syntax* as persuasive.

### 1.2. Identity of Interests

Identity of interests exists if "[t]he circumstances giving rise to the claim remained the same as under the original complaint." *Raynor Bros. Am. Cyanimid Co.*, 695 F.2d 382, 385 (9th Cir. 1982). Conversely, no identify of interests exists when the "focus of the litigation changed directly upon the amendment of the complaint." *Besig v. Dolphin Boating and Swimming Club*, 683 F.2d 1271, 1279 (9th Cir. 1982).

---

[14] Compl. – ECF No. 1 at 36 (¶ 77); FAC – ECF No. 11 at 52 (¶ 130); SAC – ECF No. 37 at 50 (¶ 146).

[15] *See* TAC – ECF No. 69 at 103 ("Sutter's monopolistic conduct has been successful, in part, due to the passing on of higher medical costs to health plan members and the spreading of such higher costs to the entire health plan member base.").

[16] In any event, the claims are not time barred. The conduct persists, and the issue is only whether the amendment relates back. The case would go forward in any event.

[17] Opposition – ECF No. 170 at 13–19.

United States District Court
Northern District of California

The court has little trouble finding identity of interests. The named plaintiffs — individuals and employers — all allegedly paid higher premiums as a result of Sutter's allegedly anticompetitive conduct. As pled, the health plans also have identical interests.

### 1.3.  Prejudice

Under Rule 15(c), the identity of interests means that "relation back of the amendment is not prejudicial to the defendant." *Raynor Bros.*, 695 F.2d at 384. The court addresses prejudice further in the Rule 15(a) analysis.

### 2.  The Rule 15(a) Analysis

The court considered Sutter's other arguments and does not find them persuasive enough to bar amendment. The futility arguments are premature at the motion-to-dismiss stage, especially given the court's rulings on the identity of the plaintiffs' interests. The delay is mostly from the appeal and is not undue delay. There is no bad faith or futility. The current schedule gives adequate time for discovery, given the identity of interests and fair notice in all complaints of the scope of the allegedly anticompetitive conduct and resulting harm. There is no strong evidence of undue delay or prejudice. *Sonoma County*, 708 F.3d at 1117.

Under Rule 15(a), leave to amend is freely given. The court grants leave to amend.

### CONCLUSION

The court grants the plaintiffs leave to file the fourth amended complaint.

This disposes of ECF No. 154

**IT IS SO ORDERED.**

Dated: September 28, 2017

_____
LAUREL BEELER
United States Magistrate Judge