CONSTANTINE CANNON LLP

WASHINGTON | NEW YORK | SAN FRANCISCO | LONDON

**Matthew L. Cantor**
Attorney at Law
212-350-2738
mcantor@constantinecannon.com

October 10, 2017

BY ELECTRONIC CASE FILING AND MESSENGER

The Honorable Laurel Beeler
United States Magistrate Judge
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *Djeneba Sidibe et al. v. Sutter Health*, Case No. 3:12-cv-04854-LB

Dear Judge Beeler:

      Plaintiffs write to address the summary judgment motion filed by Defendant Sutter Health on October 5, 2017 relating solely to the issue of geographic market definition. ECF No. 207.[1] Plaintiffs respectfully request that the Court deny the motion without prejudice to renewal after merits expert discovery has been completed, which, according to the Court's August 9, 2017 Stipulated Scheduling Order, will not occur until July 20, 2018, or otherwise defer briefing on Defendant's motion until that time.

      Plaintiffs' primary concerns with responding to Defendant's summary judgment contentions at this early stage do not relate to the motion's merits (or lack thereof), but rather to the facts that preparing such a response now will cause substantial scheduling inefficiencies, thereby significantly increasing the costs of litigating this matter for the putative class and the Court, and preclude Plaintiffs and their experts from relying on a full discovery record. It will cause the putative class to have to prosecute an additional round of expert discovery (now on the issue of market definition, next on class certification, and then again on other merits-related issues), well before fact discovery likely to further inform Plaintiffs' expert efforts has been completed. It would also require the Court to address multiple summary judgment motions on a

---

[1] Sutter did not advise Plaintiffs or the Court during the September 28, 2017 Case Management Conference ("CMC") that it intended imminently to file a motion for summary judgment. It did not confer with Plaintiffs over their availability and the availability of their expert to respond to this motion prior to filing.

1001 PENNSYLVANIA AVE. N.W., WASHINGTON, D.C. 20004-2595   TELEPHONE: (202) 204-3500   FACSIMILE: (202) 204-3501   WWW.CONSTANTINECANNON.COM
A LIMITED LIABILITY PARTNERSHIP

CONSTANTINE CANNON LLP

WASHINGTON | NEW YORK | SAN FRANCISCO | LONDON

October 10, 2017
Page 2

piecemeal basis, as opposed to one motion that would efficiently address all of Defendant's contentions.[2]

It cannot be disputed that the geographic market determination is a highly fact-intensive inquiry, rather than a pure issue of law, that relies on expert opinion and analysis, as the 95-page expert declaration that Defendant submitted along with its motion demonstrates. As the Ninth Circuit held in this case, "[T]he validity of the 'relevant market' is typically a factual element rather than a legal element." *Sidibe v. Sutter Health*, 667 F. App'x 641, 643 (9th Cir. 2016). *See also Saint Alphonsus Med. Ctr.-Nampa Inc. v. Saint Luke's Health Sys., Ltd.*, 778 F.3d 775 (9th Cir. 2015) (holding that geographic market determined only after evidence and expert testimony presented at trial); II P. Areeda & H. Hovenkamp, *Antitrust Law* ¶ 307d2 (4th ed. 2014) ("[T]he question of market definition . . . is typically left to economic experts"). Indeed, in the antitrust cases that Defendant relies upon in its motion, the geographic market determination was made only after a full airing of the opinions and testimony of expert economists from both sides. *See, e.g.*, *Saint Alphonsus*, 778 F.3d 775 (9th Cir. 2015); *Rebel Oil Co. v. Atlantic Richfield Co.*, 51 F.3d 1421 (9th Cir. 1995); *Western Parcel Express v. United Parcel Serv. of Am., Inc.*, 65 F. Supp. 2d 1052 (N.D. Cal. 1998), *aff'd*, 190 F.3d 974 (9th Cir. 1999); *FTC v. Advocate Health Care Network*, 841 F.3d 460 (7th Cir. 2016); *FTC v. Penn State Hershey Med. Ctr.*, 838 F.3d 327 (3d Cir. 2016).

Accordingly, to appropriately respond to this motion now, Plaintiffs would need to submit an expert declaration that rebuts numerous baseless points that Defendant Sutter and its expert raise concerning Plaintiffs' market definition contentions (including by, among other things, completing quantitative economic analysis), the factual support for these contentions, and the relevance of the market definition inquiry to Plaintiffs' claims. They will also need to analyze the backup relevant to Defendant's expert declaration and depose Defendant's expert. Plaintiffs would be required to do that now, notwithstanding that fact discovery is far from over, Plaintiffs' merits expert reports are not due under the operative Scheduling Order until April 20, 2018, and expert discovery is not due to be completed until June 25, 2018. It would be wasteful and prejudicial for Plaintiffs to have to go through this exercise now, as opposed to after merits expert reports are due.[3]

---

[2]   Plaintiffs are considering filing motions for summary judgment on particular issues relevant to the case, given the non-party health plan evidence that has been elicited to date. *See* Declaration of Matthew L. Cantor in Support of Plaintiffs' Motion for Leave to File a Fourth Amended Complaint ¶ 15 (and exhibits thereto), July 26, 2017 (filed in connection with Plaintiffs' Administrative Motion to File Under Seal Their Motion for Leave to File a Fourth Amended Complaint (ECF No. 154)). Plaintiffs will refrain from filing any such motion, however, until after fact and expert discovery has been completed.

[3]   Plaintiffs have repeatedly opposed bifurcating discovery or otherwise permitting a summary judgment motion on geographic market definition prior to expert and other discovery

October 10, 2017
Page 3

    Requiring Plaintiffs to respond to this motion now will also distract from their efforts to complete fact discovery expeditiously and move for class certification. Plaintiffs and their experts have spent, to date, hundreds of hours focusing upon the anticipated class motion, in reliance upon the schedule set forth in the operative Scheduling Order -- an Order that contains a schedule to which the parties stipulated less than two months ago. ECF No. 161 at 3-4. According to that Order, which provides for the efficient adjudication of summary judgment motions upon the close of all discovery and after Plaintiffs' class certification motion is heard, Plaintiffs' motion for class certification is due in less than three months -- on January 8, 2018.

    As the parties are in the throes of class certification and merits-related document and deposition discovery (as specifically detailed in the attached Rule 56(d) Declaration) -- including discovery related to the issue of geographic market definition that will likely inform the analyses and opinions of Plaintiffs' experts -- Plaintiffs respectfully request that Defendant's motion be denied pursuant to Rule 56(d).[4] *See Lathrop v. Uber Techs*, No. 14-cv-05678, 2016 U.S. Dist. LEXIS 88907, at *5 (N.D. Cal. July 7, 2016) (Tigar, J.) ("Rule 56(d) allows a court to deny or postpone a motion for summary judgment 'if the nonmoving party has not had an opportunity to make full discovery.'") (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)); *TVB Holdings (USA), Inc. v. Tai Lake Commc'n, Inc.*, No. CV 12-9809FMO (VBKx), 2013 WL 1212046 (C.D. Cal. Nov. 26, 2013) (denying motion for summary judgment without prejudice under Rule 56(d) where expert opinions and discovery were required to respond to the motion). Rule 56(d) requests are "generally granted with **liberality**" in the Ninth Circuit. *Freeman v. ABC Legal Servs., Inc.*, 827 F. Supp. 2d 1065, 1071 (N.D. Cal. 2011) (emphasis added).

    Fact discovery is not currently scheduled to close until March 30, 2018 -- approximately five-and-a-half months from now -- although Sutter, at the motion to amend hearing, repeatedly stated that it would need additional time to complete discovery, should the Court permit the filing of the Fourth Amended Complaint.[5] Plaintiffs have worked diligently to obtain and review

---

having been completed. *See* Oct. 20, 2016 Joint CMC Statement (ECF No. 111) at 9 (citing inefficiency and need for filing additional expert reports); July 20, 2017 Joint CMC Statement (ECF No. 151) at 13 ("While there are substantial facts that have been elicited that would defeat [a summary judgment motion on geographic markets] at this time, Sutter should not be permitted to engage in dispositive motion practice until fact and expert discovery is completed. To allow for Sutter to do otherwise would be wasteful and inefficient."). Notably, the Court did not grant Sutter's request to bifurcate or prioritize geographic market discovery to facilitate an early summary judgment motion on the issue when entering either its initial or amended Scheduling Order. *See* ECF Nos. 121 and 161.

[4]     References to "Rule 56(d) Decl." are to the Declaration of Matthew L. Cantor Pursuant to Federal Rule of Civil Procedure 56(d) in Opposition to Defendant Sutter Health's Motion for Summary Judgment, dated October 10, 2017, submitted herewith.

[5]     Sutter has not contacted Plaintiffs to discuss any modification of the discovery schedule

CONSTANTINE CANNON LLP

WASHINGTON | NEW YORK | SAN FRANCISCO | LONDON

October 10, 2017
Page 4

document discovery and commence depositions of Sutter and health plan witnesses, but discovery is ongoing. Rule 56(d) Decl. ¶¶ 11-18. Plaintiffs continue to obtain document productions from Sutter and non-parties, the parties continue to meet and confer regarding disputed areas of discovery, and numerous depositions remain to be taken, a number of which are relevant to the geographic market issue. *Id.* ¶¶ 19-25. As we discussed with Your Honor at the last status conference, we are in the early stages of this litigation. To require Plaintiffs to respond to this motion now would preclude them and their experts from utilizing full discovery to oppose it, thereby causing Plaintiffs undue prejudice.

Plaintiffs want to be clear. The motion filed by Sutter is meritless for a number of reasons, both legal and factual. For example, as Judge Karnow held in his Order granting class certification, the issue of market definition is not even dispositive under the California Cartwright Act claims that have been asserted over the conduct at issue. *See* Sept. 9, 2017 Joint CMC Statement (ECF No. 190), Ex. E (Order Granting Class Cert., *UFCW & Employers Benefit Trust v. Sutter Health*, No. CGC-14-538451, at 5-6 (Cal. S.F. Super. Ct. Aug. 14, 2017)). But, putting that aside for now, this motion creates a false urgency that will lead to litigation inefficiencies. To require the putative class to respond now -- particularly after it had to spend significant resources on pleadings practice, including the Ninth Circuit appeal and the motion to amend that Sutter forced the putative class to file -- would require the putative class to expend additional, substantial and unnecessary costs and will deprive it of discovery likely to further inform expert opinions and analyses that will be presented in opposition to this motion.

Accordingly, per Rule 56(d), and in accordance with the Stipulated Scheduling Order, Plaintiffs respectfully request that the Court deny Sutter's motion for summary judgment without prejudice to renewal, or in the alternative, defer further briefing on the motion until the completion of fact and expert discovery. Plaintiffs also respectfully request that the Court advise the parties soon of its decision on the scheduling issues raised by Defendant's motion so that they understand how the Court would like the parties to proceed.

Thank you for your continued attention to this matter.

Respectfully Submitted,

CONSTANTINE CANNON LLP

*/s/ Matthew L. Cantor*
Matthew L. Cantor
*Counsel for Plaintiffs*

Enclosure
cc:  Counsel of record

---

in this case since the Court granted Plaintiffs' motion to amend.