1  CONSTANTINE CANNON LLP
   MATTHEW L. CANTOR (*pro hac vice*)
2  JEAN KIM (*pro hac vice*)
   ROSA M. MORALES (*pro hac vice*)
3  335 Madison Avenue, 9th Floor
   New York, NY 10017
4  Telephone: (212) 350-2700
   Facsimile: (212) 350-2701
5  mcantor@constantinecannon.com
   jkim@constantinecannon.com
6  rmorales@constantinecannon.com

7  *Lead Counsel for Plaintiffs and the [Proposed]*
   *Class*
8

   AZRA Z. MEHDI (220406)
   One Market Street
   Spear Tower, Suite 3600
   San Francisco, CA 94105
   (415) 293-8039
   (415) 293-8001 (fax)
   azram@themehdifirm.com

   *Co-Lead Counsel for Plaintiffs*

9
10 DAVID BROWNSTEIN (141929)
   WILLIAM S. FARMER (46694)
11 CHARLES R. JAEGER (171039)
   FARMER BROWNSTEIN JAEGER LLP
   235 Pine Street, Suite 1300
12 San Francisco, CA 94104
   (415) 795-2050
13 (415) 520-5678 (fax)
   dbrownstein@fbj-law.com
14 wfarmer@fbj-law.com
   cjaeger@fbj-law.com
15

   ALLAN STEYER (100318)
   D. SCOTT MACRAE (104663)
   JILL MANNING (178849)
   STEYER LOWENTHAL BOODRAKAS
   ALVAREZ & SMITH LLP
   One California Street, Third Floor
   San Francisco, CA 94111
   (415) 421-3400
   (415) 421-2234 (fax)
   asteyer@steyerlaw.com
   smacrae@steyerlaw.com
   jmanning@steyerlaw.com

16 *Additional Co-Lead Counsel for Plaintiffs*

17

18             UNITED STATES DISTRICT COURT

19             NORTHERN DISTRICT OF CALIFORNIA

20 DJENEBA SIDIBE, JERRY JANKOWSKI, SUSAN
   HANSEN, DAVID HERMAN, CAROLINE
21 STEWART, OPTIMUM GRAPHICS, INC., and
   JOHNSON POOL & SPA, on Behalf of Themselves
22 and All Others Similarly Situated,

23                                    Plaintiffs,

24        vs.

25 SUTTER HEALTH,

26                                    Defendant.

27

28

Case No. 3:12-cv-4854-LB

**DECLARATION OF MATTHEW L.
CANTOR PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 56(d)
IN OPPOSITION TO DEFENDANT
SUTTER HEALTH'S MOTION FOR
SUMMARY JUDGMENT**

Date:        November 9, 2017
Time:        11:00 a.m.
The Honorable Laurel Beeler

I, Matthew L. Cantor, declare, under penalty of perjury, as follows:

1.  I am a partner at Constantine Cannon LLP, lead counsel for Plaintiffs Djeneba Sidibe, Jerry Jankowski, Susan Hansen, David Herman, Caroline Stewart, Optimum Graphics, Inc., and Johnson Pool & Spa, who bring this action on behalf of themselves and all those similarly situated ("Plaintiffs").  I am admitted to practice *pro hac vice* before this Court.  I have personal knowledge of the facts set forth herein and with the proceedings in this case.

2.  Pursuant to Federal Rule of Civil Procedure 56(d), I submit this declaration in opposition to Defendant Sutter Health's ("Sutter") Motion for Summary Judgment, filed on October 5, 2017 (ECF No. 207).  As set forth in the letter submitted concurrently herewith, Plaintiffs respectfully request that the Court deny Sutter's motion for summary judgment without prejudice to renewal upon the completion of fact and expert discovery.  Alternatively, Plaintiffs respectfully request that the Court defer consideration of Sutter's summary judgment motion until after the close of fact and expert discovery.  This will allow Plaintiffs the opportunity to obtain discovery that will inform expert opinion and analysis necessary to oppose Sutter's summary judgment motion.

3.  As detailed below, there is a substantial amount of discovery in this matter that Plaintiffs have sought that has yet to be completed.  This discovery will almost certainly lead to additional facts that inform the geographic market issue in this case and substantiate assertions made by Plaintiffs with respect to geographic market definition.  It will also allow for the provision of expert analysis and opinions demonstrating that Sutter's summary judgment motion should be denied.  Plaintiffs would not be able to marshal this additional evidence to oppose Sutter's summary judgment motion, and thus would incur undue prejudice, if the Court decided to adjudicate this motion now.  Accordingly, and because consideration of this summary judgment motion at this time will cause substantial and wasteful scheduling inefficiencies, Plaintiffs respectfully request that the Court defer consideration of the motion.

**Background**

4.  After the Ninth Circuit remanded Plaintiffs' case to this Court for further proceedings

-1-

on July 15, 2016, the parties conducted discovery in accordance with the stipulated litigation schedule ordered by the Court on November 28, 2016 (ECF No. 123) (the "Litigation Schedule").  In relevant part, that schedule provided that: (a) Plaintiffs file their motion for class certification on October 10, 2017; (b) the parties conclude fact discovery on December 31, 2017; (c) expert disclosures first be made on January 19, 2018; (d) Sutter make its rebuttal expert disclosures on February 23, 2018; (e) expert discovery end on March 23, 2018; and (f) parties file summary judgment motions by May 25, 2018.  *Id.*

5.    On July 20, 2017, Plaintiffs filed their Motion for Leave to File their Fourth Amended Complaint (the "Motion to Amend").  After filing the Motion to Amend, the parties negotiated and stipulated to a revised litigation schedule that adjourned the previous schedule by approximately three months to ensure that the action was litigated efficiently.  On August 9, 2017, the Court granted the parties' revised litigation schedule (the "Modified Litigation Schedule").  ECF No. 161. The Modified Litigation Schedule provides, in relevant part, that: (a) Plaintiffs file their motion for class certification on January 8, 2018; (b) the parties conclude fact discovery on March 30, 2018; (c) Plaintiffs make their expert disclosures on April 20, 2018; (d) Sutter make its rebuttal expert disclosures on May 24, 2018; (e) expert discovery end on June 25, 2018; and (f) parties file summary judgment motions by July 20, 2018.

6.    The parties continued with discovery in accordance with the Modified Litigation Schedule.

7.    On September 28, 2017, the parties appeared before the Court for a Case Management Conference ("CMC").  Sutter did not inform Plaintiffs' counsel or the Court, during that conference, that it intended imminently to file a motion for summary judgment.

8.    On September 28, 2017, the Court granted Plaintiffs' Motion to Amend.  ECF No. 202.

9.    A week later, on October 5, 2017, Sutter filed its summary judgment motion solely on the issue of geographic market definition.  ECF No. 207.  Plaintiffs consistently have opposed

-2-

bifurcating discovery or otherwise permitting summary judgment motion on geographic market definition prior to the completion of expert and other discovery.  *See* Oct. 20, 2016 Joint CMC Statement (ECF No. 111) at 9 (citing inefficiency and need for filing additional expert reports); July 20, 2017 Joint CMC Statement (ECF No. 151) at 13 (". . . Sutter should not be permitted to engage in dispositive motion practice until fact and expert discovery is completed.  To allow for Sutter to do otherwise would be wasteful and inefficient.").  Neither the Court's original or modified litigation schedules provided for the bifurcation or prioritization of discovery related to the issue of geographic market definition.  *See* ECF Nos. 121 and 161.

10.	As set forth in further detail below, Plaintiffs and their experts continue to seek and review discovery that is relevant to Plaintiffs' geographic market definition assertions.  However, discovery in response to Plaintiffs' requests has yet to be fully provided.  Ongoing discovery and expert analysis related to that discovery are highly likely to provide additional evidence relevant to Plaintiffs' geographic market allegations and summary judgment opposition.

## Facts Presently Unavailable to Plaintiffs

a.	**Significant party discovery relevant to the alleged geographic markets is ongoing.**

11.	A significant amount of party discovery that is likely to provide Plaintiffs with additional support for their geographic market definition contentions remains outstanding.

12.	Since mid-February 2017, Sutter has produced over one million documents pursuant to Plaintiffs' First Request for Production of Documents ("RFPs") issued on November 10, 2016, which request information regarding relevant geographic markets for the sale of Inpatient Hospital Services in Northern California.  Plaintiffs' attorneys are in the process of reviewing these documents, tens of thousands of which have yet to be reviewed, in order to complete this document discovery for their class certification and merits presentations.  A number of these documents have been determined to be relevant to the issue of market definition.  Given the significant number of documents that have yet to be reviewed, Plaintiffs anticipate that there are more documents relevant

-3-

1   to the issue of market definition.

2        13.    Sutter's most recent production was made only last week -- on October 7, 2017 -- and

3   is currently being processed for review.  Sutter has not stated when its productions responsive to

4   Plaintiffs' RFPs will be completed.

5        14.    In addition, Plaintiffs continue to seek documents maintained by employees who

6   work for the proprietary health insurance product "Sutter Health Plus" ("SHP") that Sutter controls.

7   In particular, Plaintiffs seek internal communications, competitive analyses, provider contracts, and

8   other SHP-related information that would further support Plaintiffs' position that Sutter exercises

9   market power in certain geographic markets -- facts that are likely to provide further evidentiary

10  support for Plaintiffs' geographic market definition contentions.  Plaintiffs moved to compel SHP

11  discovery, but that motion was denied by the Court on August 25, 2017.  ECF No. 167.

12       15.    Thereafter, on August 29, 2017, Plaintiffs served an additional set of formal requests

13  for production specifically and further identifying SHP documentation that they were seeking.  Since

14  that time, the parties have continued to meet and confer regarding SHP discovery.  Nonetheless, to

15  date, Sutter has not made the requested SHP productions.  Nor has it even provided a timeframe for

16  the completion of SHP discovery.

17       16.    Following a review of Sutter's productions thus far, Plaintiffs noticed the depositions

18  of ten Sutter witnesses in May and June 2017.  Plaintiffs have deposed four Sutter witnesses to date,

19  but the custodial productions from the files of these witnesses continue to be supplemented by Sutter

20  with other ongoing productions that Sutter continues to make.  Testimony provided by at least two

21  Sutter witnesses -- Peter Anderson and Todd Smith -- have produced information regarding persons

22  with knowledge regarding SHP that could lead to further evidence relevant to Plaintiffs' market

23  definition.  In that vein, Plaintiffs recently noticed the deposition of Dr. Jeff Burnich, as well as a

24  Fed. R. Civ. P. 30(b)(6) deposition regarding SHP.  Sutter has not yet identified witnesses or

25  produced SHP documents relevant to the latter.  The parties otherwise continue to negotiate

26  deposition dates for Sutter's other witnesses.

27

28
                                        -4-

17.     Furthermore,  the parties continue to confer regarding the over 10,000 document entries that Sutter claims privilege over in their privilege logs, which include documents from Sutter custodians who contract with health plans for the sale of Inpatient Hospital Services in the Northern California markets -- and thus directly touch upon Plaintiffs' geographic market allegations.  And because significant party discovery remains outstanding, Sutter will continue to produce additional privilege logs that will similarly require review for improper privilege designation.  Improperly withheld documents may deprive Plaintiffs of additional factual support for their geographic market allegations.

18.     Finally, it should be noted that, in the *UFCW& Employers Benefit Trust v. Sutter Health* case pending in the Superior Court of California, County of San Francisco (Karnow, J.), a case that concerns allegations that are substantially similar to those made here, the plaintiff filed a motion for sanctions against Sutter for intentionally destroying 192 boxes of relevant documents maintained by its Managed Care Department -- the department responsible for Sutter's health plan contracting strategy.  According to the motion, these documents were ordered destroyed by the head of the Managed Care Department -- Melissa Brendt -- *after* the filing of both that case (filed on April 7, 2014) and this one (filed on September 28, 2012).  *See* Joint CMC Statement, dated September 21, 2017, ECF No. 190 (Ex. C).  (Plaintiffs have noticed the deposition of Ms. Brendt, who has yet to be deposed in this matter.)  Some of the documents that were destroyed may have been relevant to the issue of geographic market at issue in this case.  Plaintiffs continue to monitor this motion practice to determine whether evidence potentially relevant to Sutter's geographic market definition defense was destroyed.

**b.  Significant non-party discovery relevant to geographic markets is ongoing.**

19.     Significant non-party discovery that is likely lead to probative facts on the geographic market issue remains outstanding, and Plaintiffs continue to negotiate for production of this discovery.

20.     Plaintiffs have received and continue to review over 120,000 documents in response

-5-

1    to Fed. R. Civ. P. 45 subpoenas served on (a) non-party commercial health plans that purchase

2    Inpatient Hospital Services from Sutter in the relevant geographic markets for the benefit of their

3    members, and (b) non-party consultants BDC Advisors, McKinsey & Company, Inc. ("McKinsey"),

4    and Oliver Wyman, Inc., engaged by Sutter during the relevant period.

5        21.    Many of these documents are relevant to the issue of geographic market definition.

6    For example, discovery propounded to and received from health plans includes data and other

7    information -- such as competitive analyses and documents related to hospital contracting -- that

8    inform the boundaries of upstream geographic markets for the sale of Inpatient Hospital Services.

9    As such, document productions by health plans, which are ongoing, are expected to further

10   substantiate assertions made by Plaintiffs related to geographic market definition.

11       22.    Plaintiffs also intend to elicit further deposition testimony from health plans that will

12   support their geographic market assertions.  Plaintiffs deposed one health plan witness from

13   UnitedHealthcare on September 29, 2017 and have scheduled depositions of two additional health

14   plan witnesses from Blue Shield in October.  Plaintiffs continue to negotiate with health plans for

15   additional depositions, including of Health Net and Anthem witnesses.  Those witnesses are

16   expected to testify about issues directly related to market definition, including Sutter's market power

17   in rural markets, the Sutter hospitals that the health plans must have in order to offer insurance plans

18   in Northern California, and their understanding of how their customers would react to the dropping

19   of certain Sutter hospitals from their networks.

20       23.    Non-party consultant discovery is at various stages of negotiation and production.

21   For example, Oliver Wyman, which has provided substantial consulting services to Sutter, made its

22   first substantive production on October 2, 2017.  That production contains information regarding

23   competitive analyses of the Northern California geographic markets, which could be further relevant

24   to the issue of market definition.  Oliver Wyman is expected to complete ongoing productions by

25   October 15, 2017.  After a review of such production, Plaintiffs will likely depose relevant

26   individuals at Oliver Wyman to seek further testimonial support on the geographic market issue.

27

28

DECLARATION OF MATTHEW L. CANTOR PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d) IN
OPPOSITION TO DEFENDANT SUTTER HEALTH'S MOTION FOR SUMMARY JUDGMENT,
Case No. 3:12-cv-4854-LB

24.     Based on Sutter witness testimony, Plaintiffs will serve a supplemental subpoena on McKinsey for information in connection with services that McKinsey has provided to certain health plans regarding the competitive landscape of hospital markets in Northern California.  The supplemental discovery may provide Plaintiffs further support on geographic market definition.

25.     Plaintiffs expect that receipt and further review of ongoing and outstanding non-party productions will lead to the discovery of further facts relevant to their geographic market assertions, and, in turn, their opposition to Sutter's motion for summary judgment.

### c.     Expert discovery has yet to begin.

26.     In reliance on this Court's Litigation Schedule and Modified Litigation Schedule (ECF Nos. 123 and 161), Plaintiffs and their economic experts have spent hundreds of hours focusing on the anticipated class certification motion, previously due on October 10, 2017 and now due on January 8, 2018.  Plaintiffs' merits expert disclosures, which will set forth opinions of Plaintiffs' experts on the issue of geographic market definition, along with the closely-related issue of market power, are not to be provided until after class certification proceedings, on April 30, 2018, under the Modified Litigation Schedule.

27.     Plaintiffs' expert will likely seek further discovery from Sutter and non-party health plans -- including data and other related information -- to properly complete economic analyses supporting Plaintiffs' geographic market definition.  For example, health plans have produced claims data, which Plaintiffs' experts have needed health plans to interpret, so that the data can properly be used for economic analysis.  Moreover, Health Net has yet to produce the data required by Plaintiffs' subpoena, and Plaintiffs continue to negotiate to obtain it.  Plaintiffs continue to seek and negotiate for similar information and data from other health plans.

28.     Finally, Plaintiffs expect that the party and non-party documents produced and yet to be reviewed and the testimony sought by Plaintiffs will likely inform the analyses and opinions of Plaintiffs' experts on the geographic market definition issue.  Such analyses and opinions will, in turn, buttress Plaintiffs' opposition to Sutter's motion for summary judgment.

1         I declare under penalty of perjury under the laws of the United States that the foregoing is

2    true and correct.

3         Executed on this 10th day of October, 2017.

4

5                          */s/ Matthew L. Cantor*

6                          Matthew L. Cantor

                           CONSTANTINE CANNON LLP

7                          335 Madison Avenue

8                          New York, New York 10017

                           (212) 350-2738

9                          (212) 350-2701 (fax)

                           mcantor@constantinecannon.com

-8-

DECLARATION OF MATTHEW L. CANTOR PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d) IN OPPOSITION TO DEFENDANT SUTTER HEALTH'S MOTION FOR SUMMARY JUDGMENT,
Case No. 3:12-cv-4854-LB