UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DJENEBA SIDIBE, et al., | Case No. 12-cv-04854-LB |
| Plaintiffs, | |
| v. | **ORDER ADJUDICATING PRIVILEGE DISPUTES FOR SAMPLE DOCUMENTS SUBMITTED IN CAMERA** |
| SUTTER HEALTH, | |
| Defendant. | Re: ECF Nos. 216–217, 225, 226, 229 |

## INTRODUCTION

The plaintiffs have raised several disputes with defendant Sutter Health regarding certain documents that Sutter has withheld on the grounds of attorney-client privilege or work-product protection.[1] The court allowed the plaintiffs to select a sample of twenty documents for Sutter to submit in camera for the court to evaluate Sutter's claims of privilege or work-product protection.[2] After the plaintiffs identified the sample selection, Sutter withdrew its privilege claims for six of the twenty documents and agreed to produce them.[3] The court has reviewed the remaining

---

[1] Joint Letter Brs. – ECF Nos. 217, 225. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Order – ECF No. 226. The court ordered the inclusion of ten specific documents that the plaintiffs had identified in the joint letter briefs and permitted the plaintiffs to select an additional ten documents from among certain categories of documents identified in the joint letter briefs.

[3] *See* Pls. Letter Br. – ECF No. 230. The plaintiffs have requested leave to submit a proposal for additional remedies in connection with Sutter's designation, and then de-designation, of these

ORDER – No. 12-cv-04854-LB

fourteen documents and finds that some of them are covered by the attorney-client privilege and/or protected from disclosure under the work-product doctrine, and that some of them are not. The court orders Sutter to produce the non-privileged/protected documents or portions thereof to the plaintiffs.

# ANALYSIS

## 1. Governing Law

### 1.1 Attorney-Client Privilege

An eight-part test determines whether information is covered by the attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (quoting *United States v. Corporation (In re Grand Jury Investigation)*, 974 F.2d 1068, 1071 n.2 (9th Cir. 1992)).

The attorney-client privilege does not apply to communications that pertain to business matters rather than legal advice. *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002). "Corporations may not conduct their business affairs in private simply by staffing a transaction with attorneys." *Id.* (citing *United States v. Margolis (In re Fischel)*, 557 F.2d 209, 211 (9th Cir. 1977)).

"[The] party asserting the attorney-client privilege has the burden of establishing the [existence of an attorney-client] relationship and the privileged nature of the communication." *Ruehle*, 583 F.3d at 607 (quoting *United States v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997)). In other words, "[t]he party asserting the privilege bears the burden of proving each essential element" of the attorney-client-privilege test. *Id.* at 608 (citing *United States v. Munoz*, 233 F.3d 1117, 1128 (9th

---

documents as privileged. *Id.* The court ordered the parties to first meet and confer on the issue and only if necessary after that to submit a joint letter brief in accordance with the court's standing order. ECF No. 231. This order does not address that issue here.

ORDER – No. 12-cv-04854-LB                2

Cir. 2000)). "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *Id.* (quoting *United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002)).

### 1.2 Work-Product Protection

The work-product doctrine is incorporated into Federal Rule of Civil Procedure 26(b)(3)(A), which states, "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by of for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A); *accord United States v. Torf (In re Grand Jury Subpoena)*, 357 F.3d 900, 906 (9th Cir. 2004) (quoting *Admiral Ins. Co. v. U.S. Dist. Court*, 881 F.2d 1486, 1494 (9th Cir. 1989)). "The plain language of Rule 26 limits the scope of the attorney work-product doctrine to documents and tangible things, not the underlying facts." *Callwave Commc'ns, LLC v. Wavemarket, Inc.*, No. C 14-80112 JSW (LB), 2015 WL 831539, at *2 (N.D. Cal. Feb. 23, 2015).

The Ninth Circuit has adopted the "because of" standard for determining whether a document was prepared "in anticipation of litigation." *See Torf*, 357 F.3d at 907. More specifically:

> a document should be deemed prepared "in anticipation of litigation" and thus eligible for work product protection under Rule 26(b)(3) if "in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation." 8 Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, Fed. Practice & Proc. § 2024 (2d ed. 1994). . . . The "because of" standard does not consider whether litigation was a primary or secondary motive behind the creation of a document. Rather, it considers the totality of the circumstances and affords protection when it can fairly be said that the "document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of that litigation[.]"

*Id.* at 907–08 (quoting *United States v. Adlman*, 134 F.3d 1194, 1195 (2d Cir. 1998)). In making this "totality of the circumstances" inquiry, courts must look at whether the documents were created for dual purposes, e.g., both litigation and business purposes. "When there is a true independent purpose for creating a document, work product protection is less likely, but when two purposes are profoundly interconnected, the analysis is more complicated." *Id.* at 908. But "[d]ocuments prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation are not protectable as work product."

*Callwave*, 2015 WL 831539, at *3 (quoting *Arfa v. Zionist Org. of Am.*, CV 13–2942 ABC SS, 2014 WL 815496, at *4 (C.D. Cal. Mar. 3, 2014)).

The party asserting work-product protection has the burden of establishing that the work-product doctrine applies to the document or tangible thing in question. *Callwave*, 2015 WL 831539, at *2 (citing *Skynet Elec. Co. Ltd. v. Flextronics Int'l, Ltd.*, No. C 12–06317 WHA, 2013 WL 6623874, at *2 (N.D. Cal. Dec. 13, 2013)).

## 2. Application

The plaintiffs originally identified a sample of twenty documents to be submitted by Sutter for an in camera review. The court addresses each of these documents below.

### 2.1 PrivID 00341: Privilege Claim Withdrawn

Sutter has withdrawn its claim of privilege and will produce (or has produced) this document to the plaintiffs.[4]

### 2.2 PrivID 00626: Privilege Claim Withdrawn

Sutter has withdrawn its claim of privilege and will produce (or has produced) this document to the plaintiffs.[5]

### 2.3 PrivID 00701: Privileged

The court accepts Sutter's claim that this document is privileged.

### 2.4 PrivID 00704: Not Privileged

The court finds that Sutter has not met its burden of establishing that the redacted portion of the document bates-stamped DEF001993743–51, which Sutter provided to the court unredacted as PrivID 00704, is privileged. The redacted portion of the document appears to be a presentation delivered by Sutter's Chief Financial Officer and a regional CFO to general non-lawyer "Strategy Session Participants" on business matters,[6] as part of a larger day-long strategy meeting on

---

[4] *See* Pl. Letter Br. Ex. A – ECF No. 230 at 4.

[5] *See id.*

[6] *See* DEF001993741.

ORDER – No. 12-cv-04854-LB 4

business matters,[7] and does not appear to be related to the rendition of legal (as opposed to business) advice. Nor does Sutter's privilege log entry — which contains only a vague allusion that the redacted portion of this document somehow "reflect[s] legal advice" from the "Legal Department" — meet its burden of establishing that the redacted portion of this document is privileged. *See, e.g.*, *Datel Holdings Ltd. v. Microsoft Corp.*, No. C-09-05535 EDL, 2011 WL 866993, at *6 (N.D. Cal. Mar. 11, 2011) ("A vague declaration that states only that the document 'reflects' an attorney's advice is insufficient to demonstrate that the document should be found privileged.") (quoting *Hynix Semiconductor Inc. v. Rambus Inc.*, No. CV-0020905 RMW, 2008 WL 350641, at *3 (N.D. Cal. Feb. 2, 2008)).

### 2.5 PrivID 08449: Partially Privileged

The court accepts Sutter's claim that the bottom of page 3 of this document, beginning just below Allan Pont's email of September 21, 2008 at 9:19 p.m. through to the end of the page; all of pages 4, 5, and 6; and the top of page 7, beginning at the top of the page through to just above Lory Wivott's email of August 28, 2008 at 14:23:41 [2:23 p.m.], are privileged. The court further accepts Sutter's claim that the second full paragraph of Dr. Pont's email of August 28, 2008 at 11:48 a.m. on the bottom of page 7 is privileged.

The remainder of the document — i.e., all of page 1 and 2; the top of page 3, beginning at the top of the page through to and including Dr. Pont's email of September 21, 2008 at 9:19 p.m.; and the bottom of page 7, beginning at and including Dr. Wivott's email of August 28, 2008 at 14:23:41 through to the bottom of the page (but excluding the second full paragraph of Dr. Pont's email of August 28, 2008 at 11:48 a.m.), are discussions of business strategies, not communications seeking legal advice, and hence are not privileged. The fact that there are some privileged communications within this email chain "is not enough to confer privilege on every subsequent email in the chain; each communication must survive independent analysis." *In re Chase Bank USA, N.A. "Check Loan" Contract Litig.*, No. 3:09-md-2032 MMC (JSC), 2011 WL 3268091, at *5 (N.D. Cal. July 28, 2011); *accord, e.g.*, *Datel*, 2011 WL 866993, at *6 (same).

---

[7] *See* DEF001993648.

ORDER – No. 12-cv-04854-LB                 5

### 2.6 PrivID 09011: Privileged

The court notes that Sutter did not provide the attachment to this email. The court accepts Sutter's claim that the cover email is privileged.

### 2.7 PrivID 16033: Privilege Claim Withdrawn

Sutter has withdrawn its claim of privilege and has produced this document to the plaintiffs.[8]

### 2.8 PrivID 16456: Not Privileged

The court notes that Sutter did not provide the attachment to this email. The court finds that Sutter has not met its burden of establishing that the cover email is privileged. The email appears to be a discussion between a Sutter Senior Vice President of Strategy and Business Development and a Sutter Vice President of Managed Care about business matters and does not appear to be related to the rendition of legal (as opposed to business) advice. The fact that an attorney was copied on the email chain and "will be reviewing this" does not render it a privileged communication. *See, e.g.*, *Chase*, 2011 WL 3268091, at *3–5 (merely stating that a communication is "subject to legal review" or that "counsel is reviewing the issues" does not render an otherwise business-related communication privileged).

### 2.9 PrivID 20770: Privilege Claim Withdrawn

Sutter has withdrawn its claim of privilege and will produce (or has produced) this document.[9]

### 2.10 PrivID 21636: Not Privileged

The court finds that Sutter has not met its burden of establishing that this document is privileged. The court notes as an initial matter that Sutter's original privilege log stated that this document "reflect[ed] legal advice" *from* an in-house attorney, but Sutter's revised submission to the court now states that this document was forwarded *to* the in-house attorney for her legal advice on the contents of the document. Either way, this document relates to business strategies and is not a communication seeking legal advice, and as discussed above, neither vaguely stating that a

---

[8] *See* Pl. Letter Br. Ex. A – ECF No. 230 at 4.

[9] *See id.*

business document somehow "reflects" legal advice nor forwarding a preexisting business document to an attorney for her review renders the document a privileged communication.

### 2.11 PrivID 00813: Not Privileged

The court finds that Sutter has not met its burden of establishing that this document is privileged. Sutter originally claimed work-product protection for this document, but Sutter's revised submission to the court now asserts only attorney-client privilege. (Sutter's submission did not include the information the court required for the documents being submitted in camera for which Sutter was claiming work-product protection, such as the identity of the actual or reasonably-anticipated litigation for which the document was created,[10] so the court assumes that Sutter is withdrawing its claim of work-product protection.)

This document was created by a third-party consultant. "As a general rule, the [attorney-client] privilege does not extend to communications between either the client or its attorney and a third party." *ChevronTexaco*, 241 F. Supp. 2d at 1 070. There are certain exceptions where the privilege extends to communications involving a third party, such as certain situations in which the third party is necessary to interpret the client's statements to the attorney. *See id.* at 1071 (citing *United States v. Kovel*, 295 F.2d 918, 922 (2d Cir. 1961) (discussing example)). But privilege does not extend to situations "in which the [third party] is enlisted merely to give his or her *own* advice about the client's situation." *Id.* at 1072 (emphasis modified). "[A] communication between an attorney and a third party does not become shielded by the privilege solely because the communication proves important to the attorney's ability to represent the client." *Id.* (internal ellipsis omitted) (quoting *United States v. Adlman*, 68 F.3d 1495, 1500 (2d Cir. 1995)). Rather, "[t]he third-party communications must be interpretive and serve to translate informative information between the client and attorney" to be privileged. *Cohen v. Trump*, No. 13-CV-2519-GPC (WVG), 2015 WL 3617124, at *14 (S.D. Cal. June 9, 2015) (citing cases).

This consultant-created document does not appear to contain or rely on any communications between Sutter and its attorneys, much less any confidential communications made for the

---

[10] *See* Order – ECF No. 226 at 7.

purposes of seeking legal advice. The consultant was not interpreting or translating any information from Sutter for its attorneys. Rather, it appears that the consultant compiled its own business (not legal) analysis wholly independently of any confidential information that Sutter communicated to its attorneys for the purposes of seeking legal advice. The fact that Sutter's attorneys might have been the ones who retained the consultant and that the consultant's report was useful to the attorneys does not render the consultant's report privileged. *See Cohen*, 2015 WL 3617124, at *14; *ChevronTexaco*, 241 F. Supp. 2d at 1071–72. The court finds that Sutter has not met its burden of establishing that this document is privileged.

### 2.12  PrivID 00814: Not Privileged

Sutter originally claimed work-product protection for this document, but Sutter's revised submission to the court now asserts only attorney-client privilege (and, as with PrivID 00813, the court assumes that Sutter is withdrawing its claim of work-product protection). For the same reasons as discussed for PrivID 00813, the court finds that Sutter has not met its burden of establishing that this document is privileged.

### 2.13  PrivID 05539: Not Privileged

Sutter originally claimed work-product protection for this document, but Sutter's revised submission to the court now asserts only attorney-client privilege (and, as with PrivID 00813, the court assumes that Sutter is withdrawing its claim of work-product protection). For the same reasons as discussed for PrivID 00813, the court finds that Sutter has not met its burden of establishing that this document is privileged.

### 2.14  PrivID 07444: Not Privileged

Sutter originally claimed work-product protection for this document, but Sutter's revised submission to the court now asserts only attorney-client privilege (and, as with PrivID 00813, the court assumes that Sutter is withdrawing its claim of work-product protection).

This document is a fully executed contract signed between two third parties. Setting aside the separate issue of whether a communication between Sutter and its attorneys about this contract (e.g., a communication from Sutter to its attorneys that attached the contract and requested legal advice about it) might be privileged, the contract itself, which is between third parties and

therefore is not a confidential communication between Sutter and its attorneys, is not privileged. *See, e.g.*, *Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, 85 F. Supp. 3d 1074, 1088 (N.D. Cal. 2015) ("[A]ttachments which do not, by their content, fall within the realm of attorney-client privilege cannot become privileged by merely attaching them to a communication with the attorney.") (internal brackets omitted) (quoting *Pacamor Bearings, Inc. v. Minebea Co., Ltd.*, 918 F. Supp. 491, 511 (D.N.H. 1996)). If Sutter has not already produced a copy of this contract to the plaintiffs, it must do so.

### 2.15  PrivID 07520: Privilege Claim Withdrawn

Sutter has withdrawn its claim of work-product protection and will produce (or has produced) this document.[11]

### 2.16  PrivID 08109: Privilege Claim Withdrawn

Sutter has withdrawn its claim of work-product protection and will produce (or has produced) this document.[12]

### 2.17  PrivID 08295: Privilege Claim Withdrawn

Sutter has withdrawn its claim of work-product protection and has produced this document.[13]

### 2.18  PrivID 08308: Privileged

Sutter originally claimed work-product protection for this document, but Sutter's revised submission to the court now asserts attorney-client privilege (and, as with PrivID 00813, the court assumes that Sutter is withdrawing its claim of work-product protection). The court accepts Sutter's claim that this document is privileged.

### 2.19  PrivID 10413: Work Product

Sutter claims work-product protection over this document and states that it was prepared as part of a response to threatened litigation. While Sutter does not use the words "because of" in its privilege log entry, on the assumption that Sutter could represent that this document was created

---

[11] *See* Pl. Letter Br. Ex. A – ECF No. 230 at 4.

[12] *See id.*

[13] *See id.*

ORDER – No. 12-cv-04854-LB          9

because of threatened litigation, the court accepts Sutter's claim of work-product protection. (If Sutter in fact is not be able to represent that this document was created because of threatened litigation, the document would not be protected by the work-product doctrine and Sutter should produce it.)

### 2.20  PrivID 20345: Privilege Claim Withdrawn

Sutter has withdrawn its claim of work-product protection and will produce (or has produced) this document.[14]

## CONCLUSION

For the foregoing reasons, Sutter is ordered to produce the following documents to the plaintiffs (to the extent it has not done so already): PrivID 00341, PrivID 00626, PrivID 00704, the non-privileged portions of PrivID 08449 as described above, PrivID 16033, PrivID 16456, PrivID 20770, PrivID 21636, PrivID 00803, PrivID 00804, PrivID 05539, PrivID 07444 if it has not already produced a copy of this contract to the plaintiffs, PrivID 07520, PrivID 08109, PrivID 08295, and PrivID 20345. The parties should meet and confer if they have further disputes regarding Sutter's privilege designations. Sutter is ordered to apply the analyses outlined above in any such privilege discussions or disputes.

**IT IS SO ORDERED.**

Dated: February 7, 2018

LAUREL BEELER
United States Magistrate Judge

---

[14] *See id.*