1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                          San Francisco Division

11    DJENEBA SIDIBE, et al.,                    Case No. 12-cv-04854-LB

12                    Plaintiffs,

13           v.                                  **ORDER DENYING WITHOUT
                                                 PREJUDICE NON-PARTY
14    SUTTER HEALTH,                             COMMUNITY HOSPITAL OF THE
                                                 MONTEREY PENINSULA'S MOTION
15                    Defendant.                 TO QUASH**

16                                               Re: ECF No. 392, 401

17        The court has received non-party Community Hospital of the Monterey Peninsula's motion to

18    quash defendant Sutter Health's subpoena[1] and the parties' stipulation and proposed order

19    regarding a briefing schedule for the motion.[2] The court denies the motion to quash without

20    prejudice and orders Sutter Health and Community Hospital to comply with the dispute

21    procedures in the undersigned's standing order.[3] The procedures in it require, among other things,

22    that if a meet-and-confer by other means does not resolve the parties' dispute, lead counsel for the

23    parties must meet and confer in person (if counsel are local) and then submit a joint letter brief

24

25    _____

26    [1] Mot. to Quash – ECF No. 392. Citations refer to material in the Electronic Case File ("ECF");
      pinpoint citations are to the ECF-generated page numbers at the top of documents.

27    [2] Stipulation – ECF No. 401.

      [3] Standing Order – ECF No. 113-1.
28

ORDER – No. 12-cv-04854-LB

1    with information about any unresolved disputes. The letter brief must be filed under the Civil

2    Events category of "Motions and Related Filings > Motions – General > Discovery Letter Brief."

3    After reviewing the joint letter brief, the court will evaluate whether further proceedings are

4    necessary, including any further briefing or argument. The court terminates the stipulation and

5    proposed order as moot.

6        For clarification, for the purposes of third-party subpoenas and discovery disputes, the court's

7    standing order's instructions to "parties" is meant to refer to the participants in a third-party

8    discovery dispute (even if they are not formal parties to the underlying litigation). The court views

9    the joint letter brief process as a more efficient process than motion-to-quash briefing for parties to

10   (1) talk with each other, see each other's positions, try to find areas of compromise, and work out

11   disputes amongst themselves, and (2) narrow, sharpen, and focus the issues they cannot resolve

12   before they present those issues to the court. *See Synopsys, Inc. v. Ubiquiti Networks, Inc.*, No. 17-

13   cv-00561-WHO (LB), 2018 WL 2294281, at *1 (N.D. Cal. May 21, 2018). The court hopes that

14   parties (and third parties) approach the process in good faith from that perspective.

16   **IT IS SO ORDERED.**

17       Dated: August 31, 2018

19   LAUREL BEELER
     United States Magistrate Judge