| | |
|---|---|
| CONSTANTINE CANNON LLP<br>MATTHEW L. CANTOR (*pro hac vice*)<br>JEAN KIM (*pro hac vice*)<br>335 Madison Avenue, 9th Floor<br>New York, NY 10017<br>Telephone: (212) 350-2700<br>Facsimile: (212) 350-2701<br>mcantor@constantinecannon.com<br>jkim@constantinecannon.com | THE MEHDI FIRM<br>AZRA Z. MEHDI (State Bar No. 220406)<br>One Market Street<br>Spear Tower, Suite 3600<br>San Francisco, CA 94105<br>Telephone: (415) 293-8039<br>Facsimile: (415) 293-8001<br>azram@themehdifirm.com |
| *Lead Counsel for Plaintiffs and the Class* | *Co-Lead Counsel for Plaintiffs and the Class* |
| JONES DAY<br>Jeffrey A. LeVee (State Bar No. 125863)<br>555 South Flower Street<br>Fiftieth Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 489-3939<br>Facsimile: (213) 243-2539<br>jlevee@JonesDay.com | BARTKO ZANKEL BUNZEL & MILLER<br>Robert H. Bunzel (State Bar No. 99395)<br>Patrick M. Ryan (State Bar No. 203215)<br>Oliver Q. Dunlap (State Bar No. 225566)<br>One Embarcadero Center, Suite 800<br>San Francisco, CA 94111<br>Telephone: (415) 956-1900<br>Facsimile: (415) 956-1152<br>rbunzel@bzbm.com<br>pryan@bzbm.com<br>odunlap@bzbm.com |

Counsel for Defendant Sutter Health

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DJENBA SIDIBE, JERRY JANKOWSKI, SUSAN HANSEN, DAVID HERMAN, OPTIMUM GRAPHICS, INC., and JOHNSON POOL & SPA, on Behalf of Themselves and All Others Similarly Situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>SUTTER HEALTH,<br><br>            Defendant. | Case No. 3:12-cv-4854-LB<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:    November 19, 2020<br>Time:    9:30 a.m.<br>Judge:   Judge Laurel Beeler<br>Court:   B, 15th Floor |

Plaintiffs and Defendant Sutter Health (collectively, "the Parties") submit this Joint Case Management Conference Statement in advance of the Case Management Conference ("CMC") scheduled on November 19, 2020.

## I. SCHEDULING ISSUES

Sutter's motion for summary judgment (ECF 838) is fully briefed and was argued before the Court on October 22, 2020. The Court took the motion under submission.

## II. PRETRIAL AND TRIAL ISSUES

### A. Pretrial Submissions

#### 1. Trial Exhibits

Plaintiffs' Position

The Court's Revised Scheduling Order (ECF 843) sets December 22, 2020, as the last day to exchange trial exhibit lists. Plaintiffs are concerned that this date is too late in light of the potential for voluminous designation of exhibits and the need to meet and confer at length to try to reach agreements. For example, Sutter designated over **7,000 trial exhibits in the *UEBT/AG* case**, and Plaintiffs are concerned that Sutter will designate a similar number of trial exhibits in this case. The Court has scheduled a 20-day trial which provides each side with 10 days. It is not possible for Sutter to use 7,000 (or even 1,000) exhibits during its 10 days of trial time. Plaintiffs have raised this concern in meet and confers dating back to last summer and have told Sutter that they will designate no more than 500 non-contract exhibits. Sutter has equivocated, as it does below, saying only that it does not anticipate designating 7,000 exhibits. Sutter has refused to set an upper limit for total exhibits and even refused to provide Sutter documents prior to December 22 so that the parties can determine whether they can reach stipulations on admissibility to streamline the trial (for the benefit of the Court and the jury). Plaintiffs remain concerned that Sutter will designate thousands of exhibits on December 22, and therefore respectfully request the Court enter an order limiting the number of trial exhibits to 500 non-contract documents per side.

To reduce the burden on the Court, Plaintiffs initiated meet and confers on stipulations regarding potential trial exhibits. On June 30, 2020, Plaintiffs sent Sutter a list of Sutter contracts and asked that Sutter stipulate to their authenticity and admissibility. On September 22, 2020,

Sutter sent Plaintiffs a list of Sutter contracts that Sutter and the UEBT/AG plaintiffs agreed were authentic and non-hearsay. The parties are continuing to review the contracts to reach agreement.

On October 14, 2020, Plaintiffs sent Sutter a list of 298 Sutter documents (documents produced by Sutter or by another party that were sent to or from Sutter) that Plaintiffs might use at trial, and asked Sutter to stipulate to their authenticity and admissibility. Sutter has not yet responded. On November 9, Plaintiffs asked Sutter to respond by December 4, but Sutter so far has not agreed to do so. Also on November 9, Plaintiffs asked Sutter to provide its preliminary list of Sutter documents no later than December 4, 2020. Again, so far Sutter has not agreed to do so. Plaintiffs are hopeful that before the November 19 case management conference Sutter will agree to meet the December 4 date so the parties can meet and confer in December regarding Sutter's own documents.

The parties are discussing whether to advance the December 22 trial exhibit exchange date for other exhibits in light of the end-of-year holidays. Plaintiffs have informed Sutter that they are prepared to do so on a date of Sutter's choosing, but Sutter has not yet responded. The parties will provide the Court with a further update on the status of these negotiations at the November 19 conference.

Sutter's Position

Any fears or complaints about the size of Sutter's anticipated exhibit list are premature as the litigation schedule entered by the Court provides that the parties will not exchange those lists for another five weeks. Sutter certainly does not anticipate an exhibit list in this case that is nearly as long as the list that it served in the state court case. The state court trial necessitated a larger number of exhibits because the trial was scheduled for more than three months, both sides anticipated calling many more witnesses, the class period was several years longer (and there was an entire portion of the state court trial dedicated to fraudulent concealment), the certified class was completely different from the class this Court certified, the nature of the damages claims was different, and the state court case involved numerous other issues that are not relevant to this trial.

Moreover, Sutter would be severely prejudiced if the Court were to advance the exhibit list exchange or issue orders at this time regarding the number of exhibits or their admissibility. There

will be sufficient time after the disclosure deadline for either side to bring motions related to the others' exhibit lists, if such motions are appropriate.

The parties continue to meet and confer regarding potential stipulations on admissibility. Indeed, Sutter is waiting for Plaintiffs' response to one of the stipulations regarding Sutter's Systemwide Agreements. At the same time, Sutter has been diligently evaluating the 417 documents that Plaintiffs have asked Sutter to stipulate to, and the parties will attempt to address even more exhibits prior to the deadline for the exchange of exhibit lists. There simply is no basis to set additional deadlines for the parties to negotiate issues related to document admissibility and objections. There is no need for the Court to intervene, and certainly not at this time.

## 2. Witness Lists

Plaintiffs' Position

Pursuant to the Court's Revised Scheduling Order (ECF 843), the parties exchanged "good faith trial witness lists" on November 2, 2020. Plaintiffs' list contains 41 potential trial witnesses and **Sutter's list contains 90 potential trial witnesses**. It would be unduly burdensome to require Plaintiffs to prepare cross-examinations for dozens of witnesses who will not be called at a 20-day trial. There are additional problems with Sutter's list. *First*, there are 12 witnesses who were not identified in any party's Rule 26(a) initial or supplemental disclosures, were not deposed, and were not identified in Sutter's discovery plan. Plaintiffs object to any of these witnesses testifying at trial. *Second*, the testimony of many witnesses will be duplicative and cumulative. For example, Sutter plans to have 21 witnesses testify about Kaiser, 7 doctors and nurses testify about Sutter's integrated healthcare delivery and response to COVID-19, and 11 witnesses from Blue Shield. This planned testimony will not only be duplicative and cumulative, but some of it is irrelevant under Rule 402 or should be excluded under Rule 403.

The parties met and conferred regarding Sutter's witness list on November 9, 2020. Sutter agreed to reevaluate their witness list in light of Plaintiffs' witness list and the exhibits Plaintiffs have already provided to Sutter. Plaintiffs suggested that the parties exchange updated witness lists on December 4, but so far Sutter has not agreed to do so. Plaintiffs are willing to continue the meet and confer regarding witness lists, but if Sutter does not pare down its witness list substantially

1  and address Plaintiffs concerns regarding witnesses who were not deposed and not disclosed,
2  Plaintiffs will ask the Court to enter appropriate orders.

3      Sutter's Position

4      The parties continue to meet and confer regarding their exchanged "good faith" witness
5  lists, which were exchanged only days ago. As Plaintiffs acknowledge, if the Parties cannot reach
6  a consensus on the witness lists, then briefing may be required at a later date. Again, there is no
7  need for the Court to decide any issue at the Case Management Conference before the Parties have
8  completed the meet and confer process and without the benefit of full briefing.

9      **B.    Trial Date and Length**

10     Plaintiffs' Position

11     As the Court is aware, the parties set forth their positions regarding trial date and length
12 this past summer. ECF No. 840. The Court considered the full scope of arguments presented and
13 entered an order setting a 20-day trial to begin on March 22, 2021. ECF No. 843. Plaintiffs have
14 prepared for a 20-day trial starting on that date. As Plaintiffs explained in Mr. Cantor's November
15 9 email to the Court, the trial date (subject to the District's caseload) should not change nor
16 should the length of trial be increased from four to six weeks. Plaintiffs appreciate the Court's
17 efforts in scheduling the trial. By March 22, 2021, Plaintiffs will have waited well over eight
18 years to have their day in court.

19     Sutter's Position

20     During the CMC on October 22, 2020, the parties had an extended discussion with the
21 Court regarding the trial date and length, and the Court made it clear that it had not reached a
22 final decision regarding the length of the trial.  The Court also stated that the Court was in the
23 process of investigating when the trial could occur. Thereafter, on November 4, 2020, the Court
24 sent an email to the Parties regarding the "Trial Estimate." On November 9, 2020, the parties
25 responded to that email with their views on the length and timing of trial, and the Court
26 responded to that email on November 10, 2020. Sutter will await further guidance from the Court
27 and will, of course, be prepared to address these matters during the November 19 CMC.
28

## III. SETTLEMENT DISCUSSIONS

There have been no settlement discussions between the Parties since Summer 2019.

Respectfully submitted,

CONSTANTINE CANNON LLP

Dated: November 12, 2020

*/s/ Matthew L. Cantor*
Matthew L. Cantor
*Lead Counsel for Plaintiffs and the Class*

JONES DAY

Dated: November 12, 2020

*/s/ Jeffrey A. LeVee*
Jeffrey A. LeVee
*Counsel for Defendant Sutter Health*

**FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the above signatories.

Dated: November 12, 2020

/s/ *Suneel Jain*
Suneel Jain
*Counsel for Plaintiffs*