UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DJENEBA SIDIBE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SUTTER HEALTH, et al.,<br><br>    Defendants. | Case No. 12-cv-04854-LB<br><br>**CASE-MANAGEMENT ORDER REGARDING SEALING PROCEDURES** |

On June 10, 2021, the court held a case-management conference to address how best to approach the sealing issues about trial evidence. This order memorializes the discussion and adds additional guidance.

First, the court will defer addressing sealing issues until after it decides the *Daubert* and in limine motions. The court thus will not hear any sealing issues at the August 5 hearing and vacates the deadlines in the scheduling order for filing sealing motions, oppositions, and replies. (*See* Scheduling Order – ECF No. 988 at 4–5.) Instead of filing competing sealing motions, the parties will file one joint administrative motion to seal with the final trial exhibits, proposed redactions, and supporting declarations from the parties and third parties and, as discussed below, will confer on and propose a new schedule.

Second, as discussed at the CMC, the parties are narrowing and finalizing the trial exhibits. Sutter needs to pare its exhibit list way down. There has to be a better way: a Rule 1006 summary,

ORDER – No. 12-cv-04854-LB

a sponsoring witness who testifies in depth about contracting practices or health costs in a representative contract and then affirms that it is the same for other contract, or identifying the actual exhibits Sutter plans to offer (as opposed to just-in-case exhibits). The court suggests 500 exhibits is the appropriate number at this point, and it should be fewer than 100 by trial. The court also is considering the time it will allot for trial. Right now, with a four-week trial, and assuming one day for jury selection and opening statements (and it might be faster depending on post-pandemic safety protocols), that leaves around 85 trial hours, including for opening and closing arguments, or roughly 40 hours a side, at best, assuming that the court even allots that much time to the parties.

A related point is that the court eyeballed Sutter's witness list and saw custodial witnesses. The parties must confer and either stipulate to authenticity or agree that a Rule 902(11) certification is sufficient. There is no excuse for custodial witnesses. Moreover, as a heads up, the court expects the parties to stipulate to exhibits in advance, meaning, agree that exhibits can be admitted without objection when there is no dispute about authenticity or relevance. (Objections must be identified in advance, as the exhibit list shows.) The court requires parties to lay foundation for exhibits, meaning, an exhibit gets admitted only if a witness sponsors it (and thus an exhibit stays on the final exhibit list only if someone talks about it at trial). But the process eliminates the need to have — for example — the full litany for business records, and it makes for a smoother witness examination.

Third, for an orderly sealing process, the third parties need a realistic exhibit list as soon as possible. (If Sutter agrees that it has two buckets of exhibits — probable exhibits and just-in-case exhibits — it could produce the probable exhibits faster so that the third parties can start reviewing them.) The parties (including third parties) must confer on the timeline for production of the pared-down final exhibits and propose a schedule for briefing and hearing the dispute. If the parties cannot agree, they must raise their different proposals in a joint submission that has a chart that captures their competing proposals and a blank column for the court's ruling.

A related point is that for the just-in-case exhibits (again assuming that they exist as a category), is there an approach to allow review of them real-time at trial by the third parties? Also, for all exhibits, is there a bellwether approach that the parties might use, such as identifying

documents by category, queuing up a representative sample for the court, and getting a ruling that could be applied across the universe of exhibits?

Fourth, the sponsoring parties must designate the precise parts of the trial exhibits they intend to use at trial to reduce the third parties' work reviewing the documents. For documents that are no more than four pages, a designation is not required. Also, the process will not bar parties from using other parts of the exhibits at trial if there is an unexpected circumstance that requires it, such as refreshing a witness's recollection or impeaching a witness. (A related point is that exhibits that go to the jury include only the admitted parts of exhibits.)

Fifth, the court will make its own sealing determinations but — as discussed at the CMC — the parties will submit the *UEBT* sealing orders.

Sixth, before submitting their joint motion to seal, the parties must meet and confer by video or telephone with every third party that proposes sealing. When engaging in this process, the parties must discuss how to avoid using exhibits that have sealed information. For example, perhaps the party and a third party could agree to use excerpts of documents and thereby avoid a sealed exhibit. Or perhaps the parties could agree to stipulations — to be read into the record and admitted as exhibits — that have the necessary information in a public format. For each document that a third party wants to seal, the sponsoring party for the exhibit must consider whether the document is appropriately sealed, whether it is likely to be used at trial, and whether the exhibit can be modified to avoid sealing it. Whittling the exhibits in this way presumably helps the parties, who now must show compelling reasons for sealing. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). The court's view on sealing may not be the same as the parties.

Also, the parties must comply with Local Rule 79-5. A motion to seal "must be accompanied" by, among other things, an unredacted version of the material that would be sealed. Civ. L.R. 79-5(d). "The unredacted version must indicate, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version . . . ." Civ. L.R. 79-5(d)(1)(D). The moving party must provide the court with a complete courtesy copy of the motion and all its required components. Civ. L.R. 79-5(d)(2). "The courtesy copy should be an exact copy of what was filed." Civ. L.R. 79-5(d)(2). This means that the courtesy copy of unredacted material "must

indicate, by highlighting or other clear method," the content that has been redacted. *Id.* "This rule is designed to ensure that the assigned Judge receives in chambers a confidential copy of the unredacted and complete document, annotated to identify which portions are sealable . . . ." Civ. L.R. 79-5(b) *cmt*. The moving party must also give the court a "proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed." Civ. L.R. 79-5(d)(1)(B).

In their joint submission, the parties must include a single chart (or the functional equivalent) that compiles all proposed sealings and redactions in one place. The chart must include (1) the ECF document number of the filed exhibit and the ECF-generated page number for each proposed sealing and (2) the basis for sealing. For each proposed sealing or redaction, the chart must include the material that the parties want sealed (with the required highlighting under Local Rule 79-5(d)(1)(D)) and must also include the preceding and succeeding sentence for context. The parties must file the highlighted version of this chart under provisional seal together with a public version of the chart that redacts the highlighted material.

**IT IS SO ORDERED.**

Dated: June 14, 2021

_____
LAUREL BEELER
United States Magistrate Judge