## CONSTANTINE CANNON LLP

**Matthew L. Cantor**
Attorney at Law
212-350-2738
mcantor@constantinecannon.com

NEW YORK | WASHINGTON | SAN FRANCISCO | LONDON

August 27, 2021

**<u>VIA ECF</u>**

The Honorable Laurel Beeler
United States District Court for the Northern District of California
450 Golden Gate Avenue 15th Floor, Courtroom B
San Francisco, CA 94102

        Re:    *Djeneba Sidibe et al. v. Sutter Health*, Case No. 3:12-cv-04854-LB

Dear Judge Beeler:

      Per your request at yesterday's Pretrial Conference, we attach hereto the parties' respective emails (with their attachments) concerning Plaintiffs' request to issue supplemental, corrective notice to certain class members and Sutter's opposition to same. Each side supplements their written submissions with the argument made at yesterday's hearing as reflected in the transcript.

      Thank you for your continued attention to this matter.

                        Respectfully submitted,

                        /s/

                        Matthew L. Cantor

Attachments
cc: Counsel of record

NYDOCS 434717v.1

# ATTACHMENT A

**Kim, Jean**

| | |
|---|---|
| **From:** | Kim, Jean |
| **Sent:** | Wednesday, August 25, 2021 11:37 AM |
| **To:** | CAND LBpo; Laurel Beeler; Elaine Kabiling |
| **Cc:** | Kiernan, David C.; LeVee, Jeffrey A.; Zeng, Catherine T.; Cantor, Matthew; David Brownstein; David Goldstein; Jill Manning; asteyer@steyerlaw.com |
| **Subject:** | Sidibe et al. v. Sutter Health (3:12-cv-4854-LB) |
| **Attachments:** | Proposed Order Modifying Notice Plan II.DOCX; [Corrected] Publication Notice.DOCX; [Corrected] Postcard Notice.DOCX; [Corrected] Email Notice.DOCX; [Corrected] Long Form Notice.DOCX |

Dear Judge Beeler,

We write to request that the Court permit Plaintiffs to issue a supplemental, corrective class notice to Class Members located in four California counties: Mariposa, Monterey, San Benito, and Tulare.  The Class Administrator has advised us that it can issue these notices shortly after authorization to do so, in which case the trial date need not be impacted.

Sutter counsel advised us this week (on Monday, August 23) that references to these four counties, which are located in Class Rating Areas 9 and 10, were omitted from the original class notice.  This was due to inadvertent error.  Accordingly, Class Members who have solely been located in these counties during the class period may not have understood that they are members of the Class.  They also may not have understood that they had a right to opt out of these proceedings.  Thus, to ensure that these Class Members fully understand their due process rights, including their opportunity to opt out from these proceedings, we propose sending them a supplemental notice.

Per our previous reports, Plaintiffs have effectuated notice via direct mailing of over **6.6 million** postcards in addition to email, publication and digital notice.  Despite the wide dissemination of Notice, we have received only **261** opt out notices in response.  All are for individuals other than those opting out for a small business.  Accordingly, it is unlikely that any significant portion of Class Members relevant to this issue (which plaintiffs' economists currently estimate account for about 3% of total aggregate Class damages) would have opted out had the original notice referred to these counties.

As we are charged with ensuring that the due process rights of all Class Members are protected and to correct for this inadvertent error, Plaintiffs propose to send a supplemental, corrected notice to Class Members located in the four omitted counties via email, direct mail and publication. Attached are redlines of the supplemental notice materials, now reflecting the inclusion of these counties in the description of the areas relevant to Class Members.  We propose to, in addition to sending and publicizing this notice, update the materials on the class website (www.sutterhealthpremiumlawsuit.com) to reflect that these four counties are part of the defined Class areas.  Also attached is a Proposed Order requesting that Plaintiffs' plan for the dissemination of supplemental notice be granted.

Plaintiffs also propose a 30-day opt out period for Class Members who will receive this supplemental notice.  We are informed by the Class Administrator that supplemental notice can be effectuated within four to five days of receiving the Court-approved, supplemental notice.  Thus, if the Court promptly orders supplemental notice, the trial date should not be impacted in any significant way, if at all.

We have informed counsel for Sutter that we will be seeking this relief and that we will consider any comments.  We will be prepared to discuss this matter with the Court at the conference scheduled for Thursday, August 26, 2021.

Respectfully submitted,
Jean Kim

Jean Kim
CONSTANTINE | CANNON LLP
335 Madison Ave.
New York, NY 10017
Telephone: (212) 350-2734
Facsimile: (212) 350-2701
jkim@constantinecannon.com

# ATTACHMENT A1

CONSTANTINE CANNON LLP
Matthew L. Cantor (*pro hac vice*)
Jean Kim (*pro hac vice*)
Wyatt Fore (*pro hac vice*)
335 Madison Avenue, 9th Floor
New York, NY 10017
Telephone: (212) 350-2700
Facsimile:  (212) 350-2701
mcantor@constantinecannon.com
jkim@constantinecannon.com
wfore@constantinecannon.com

*Lead Counsel for Plaintiffs and the Class*

AZRA Z. MEHDI, ESQ. (220406)
One Market Street
Spear Tower, Suite 3600
San Francisco, CA 94105
(415) 293-8039
(415) 293-8001 (fax)
azram@themehdifirm.com

*Co-Lead Counsel for Plaintiffs and the Class*

JONES DAY
Jeffrey A. LeVee (State Bar No. 125863)
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539
jlevee@JonesDay.com

*Counsel for Defendant Sutter Health*

BARTKO ZANKEL BUNZEL & MILLER
Robert H. Bunzel (State Bar No. 99395)
Patrick M. Ryan (State Bar No. 203215)
Oliver Q. Dunlap (State Bar No. 225566)
One Embarcadero Center, Suite 800
San Francisco, CA  94111
Telephone:  (415) 956-1900
Facsimile:   (415) 956-1152
rbunzel@bzbm.com
pryan@bzbm.com
odunlap@bzbm.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| DJENEBA SIDIBE, JERRY JANKOWSKI, SUSAN HANSEN, DAVID HERMAN, OPTIMUM GRAPHICS, INC., and JOHNSON POOL & SPA, on Behalf of Themselves and All Others Similarly Situated, | Case No. 3:12-cv-4854-LB |
|---|---|
| Plaintiffs, | **[PROPOSED] ORDER RE: MODIFICATION TO CLASS NOTICE PLAN** |
| vs. | |
| SUTTER HEALTH, | |
| Defendant. | |

On August 23, 2021, Plaintiffs were informed by Sutter's counsel of an error in the form of pendency of notice approved by the Court in its November 5, 2020 Order Approving Form and Manner of Notice to the Class (ECF No. 901). Due to an inadvertent error, Mariposa, Monterey, San Benito and Tulare counties were omitted from the list of counties included in the Rating Areas relevant to the Class definition. Plaintiffs propose to publish supplemental notice correcting the error to Class Members located in the four omitted counties by First Class Mail and, if available, email. Plaintiffs propose publication notice in the following newspapers local to these four counties: *Monterey County Herald*, *San Jose Mercury News*, and *Fresno Bee* and correction of the Class website. Having considered Plaintiffs' proposal, and upon hearing on August 26, 2021, the Court hereby ORDERS as follows:

1. Corrected class notice will be disseminated to Class Members located in Mariposa, Monterey, San Benito and Tulare counties by First Class Mail and email, where available;

2. Corrected class notice will be published in the *Monterey County Herald*, *San Jose Mercury News*, and *Fresno Bee*;

3. Corrected class notice will be published on the Class website;

4. The opt-out period for supplemental class notice will be October 4, 2021, 30 days from final dissemination.

**IT IS SO ORDERED.**

DATED: _____, 2021

_____
HONORABLE LAUREL BEELER
UNITED STATES MAGISTRATE JUDGE

[PROPOSED] ORDER, Case No. 3:12-CV-04854-LB

# ATTACHMENT A2

To: [Class Member Email Address]
From: info@sutterhealthpremiumlawsuit.com
Subject: Notice of Class Action Lawsuit

Dear [Class Member Name]:

## If you paid any portion of premiums for health insurance from Aetna, Anthem Blue Cross, Blue Shield of California, Health Net or United HealthCare at any time since January 1, 2011, a class action lawsuit may affect your rights

*Para una notificación en español, visite www.SutterHealthPremiumLawsuit.com*

[ Field Code Changed ]

You are receiving this notice because you are in one of the following four counties: Mariposa, Monterey, San Benito, or Tulare. The exclusion ("opt-out") deadline for Class Members in these counties has been extended to October 4, 2021. Please review this notice for more information.

[ Formatted: Font: Bold ]

You are receiving this email because you may be part of a A class action lawsuit called *Sidibe, et al. v. Sutter Health*, No. 3:12-cv-4854-LB, is pending in the United States District Court for the Northern District of California. The Court decided this lawsuit should be a class action on behalf of a "Class," or group of people, that could include you. This notice summarizes your rights and options before an upcoming trial. More information is available at www.SutterHealthPremiumLawsuit.com. If you qualify as a Class Member, you must decide whether to stay in the Class (and be bound by whatever results), or exclude yourself (and keep your right to sue Sutter). There is no money available now and no guarantee that there will be.

**What is this case about?** The lawsuit claims Sutter violated antitrust and unfair competition laws, which caused certain individuals and employers to overpay for health insurance premiums for health insurance purchased from Aetna, Anthem Blue Cross, Blue Shield of California, Health Net or United HealthCare (together, the "Health Plans") from January 1, 2011 to the present. Sutter denies that it has done anything wrong or that its conduct caused any increase in the price of premiums that individuals and employers paid for health insurance from those Health Plans.

The Court has not decided who is right. The attorneys for the Class will have to prove their claims at trial. The Court appointed Matthew L. Cantor of Constantine Cannon LLP and Azra Mehdi of The Mehdi Firm, PC to represent Class Members as "Class Counsel."

**Am I a Class Member?** You may be a Class Member if you paid any portion of a premium for a fully-insured health insurance policy from any of the Health Plans at any time from January 1, 2011 to the present, and if, during that period, you paid those premiums, you lived or worked (or if you are in employer, were located) in one of the following California counties: Alameda, Alpine, Amador, Butte, Calaveras, Colusa, Contra Costa, Del Norte, El Dorado, Glenn, Humboldt, Lake, Lassen, Marin, Mariposa, Mendocino, Merced, Modoc, Monterey, Napa, Nevada, Placer, Plumas, Sacramento, San Benito, San Francisco, San Joaquin, San Mateo, Santa Cruz, Shasta, Sierra, Siskiyou, Solano, Sonoma, Stanislaus, Sutter, Tehama, Trinity, Tulare, Tuolumne, Yolo or Yuba.

**What are my options?** If you do nothing, you will (1) be bound by the outcome of the lawsuit; (2) keep the possibility of getting money or benefits that may come from a trial or settlement; and

To unsubscribe from this list, please click on the following link: Unsubscribe
NYDOCS 456727v.1

(3) give up your right to be part of any other lawsuit against Sutter asserting claims related to the allegations or claims in this lawsuit—other than if you are a Class Member in a similar case entitled *UFCW & Employers Benefit Trust v. Sutter Health.*

If you exclude yourself or "opt-out" of the Class, you will (1) keep your right to file your own lawsuit against Sutter related to the allegations or claims in this lawsuit; (2) not be entitled to any money or benefits that may result from a trial or settlement; and (3) be bound by any injunctive relief that the Court may order in the lawsuit.

**How do I exclude myself from the Class?** To exclude yourself, send a letter to Sutter Health Litigation Notice Administrator, c/o JND Legal Administration, PO Box 91350, Seattle, WA 98111, postmarked on or before March 8, 2021 that says you want to be excluded from the Class in *Sidibe et al. v. Sutter Health*, Case No. 3:12-cv-4854-LB. Be sure to include your name or the name of the business, the current address and telephone number, and your signature. Your request for exclusion must be postmarked on or before **October 4, 2021** if you are from Mariposa, Monterey, San Benito, or Tulare. If you are not from Mariposa, Monterey, San Benito, or Tulare, the deadline for exclusion was March 8, 2021.

**How can I get more information?** For more information, visit www.SutterHealthPremiumLawsuit.com or call 1-833-961-3465 or write to the address above. Complete copies of the pleadings, orders and other publicly filed documents in the lawsuit may be accessed for a fee through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

To unsubscribe from this list, please click on the following link: Unsubscribe

# ATTACHMENT A3

**If you paid any portion of premiums for health insurance from Aetna, Anthem Blue Cross, Blue Shield of California, Health Net or United HealthCare at any time since January 1, 2011, a class action lawsuit may affect your rights**

*Para una notificación en español, visite www.SutterHealthPremiumLawsuit.com*

The exclusion ("opt-out") deadline for Class Members in Mariposa, Monterey, San Benito, or Tulare counties has been extended to October 4, 2021.  Please review for more information.

**Formatted: Font: Bold**

You may be part of aA class action lawsuit called *Sidibe, et al. v Sutter Health*, No. 3:12-cv-4854-LB, is pending in the United States District Court for the Northern District of California. The Court decided this lawsuit should be a class action on behalf of a "Class," or group of people, that could include you. This notice summarizes your rights and options before an upcoming trial. More information is available at www.SutterHealthPremiumLawsuit.com. If you qualify as a Class Member, you must decide whether to stay in the Class (and be bound by the results), or exclude yourself (and keep your right to sue Sutter). There is no money available now and no guarantee that there will be.

**What is this case about?**  The lawsuit claims Sutter violated antitrust and unfair competition laws, which caused certain individuals and employers to overpay for health insurance premiums for health insurance purchased from Aetna, Anthem Blue Cross, Blue Shield of California, Health Net or United HealthCare (together, the "Health Plans") from January 1, 2011 to the present. Sutter denies that it has done anything wrong or that its conduct caused any increase in the price of premiums that individuals and employers paid for health insurance from those Health Plans.

The Court has not decided who is right. The attorneys for the Class will have to prove their claims at trial. The Court appointed Matthew L. Cantor of Constantine Cannon LLP and Azra Mehdi of The Mehdi Firm, PC to represent Class Members as "Class Counsel."

**Am I a Class Member?**  You may be a Class Member if you paid any portion of a premium for a fully-insured health insurance policy from any of these five Health Plans at any time from January 1, 2011 to the present, and if, during the period you paid those premiums, you lived or worked (or, if you are an employer, were located) in one of the following California counties: Alameda, Alpine, Amador, Butte, Calaveras, Colusa, Contra Costa, Del Norte, El Dorado, Glenn, Humboldt, Lake, Lassen, Marin, Mariposa, Mendocino, Merced, Modoc, Monterey, Napa, Nevada, Placer, Plumas, Sacramento, San Benito, San Francisco, San Joaquin, San Mateo, Santa Cruz, Shasta, Sierra, Siskiyou, Solano, Sonoma, Stanislaus, Sutter, Tehama, Trinity, Tulare, Tuolumne, Yolo or Yuba.

**What are my options?**  If you do nothing, you will (1) be bound by the outcome of the lawsuit; (2) keep the possibility of getting money or benefits that may come from a trial or settlement; and (3) give up your right to be part of any other lawsuit against Sutter asserting claims related to the allegations or claims in this lawsuit—other than if you are a class member in a similar case entitled *UFCW & Employers Benefit Trust v. Sutter Health*.

NYDOCS 456724v.1

If you exclude yourself or "opt-out" of the Class, you will (1) keep your right to file your own lawsuit against Sutter related to the allegations or claims in this lawsuit; (2) not be entitled to any money or benefits that may result from a trial or settlement; and (3) be bound by any injunctive relief that the Court may order in the lawsuit.

**How do I exclude myself from the Class?**  To exclude yourself, send a letter to Sutter Health Litigation Notice Administrator, c/o JND Legal Administration, P.O. Box 91350, Seattle, WA 98111, ~~postmarked on or before March 8, 2021~~ that says you want to be excluded from the Class in *Sidibe v. Sutter Health*, Case No. 3:12-cv-4854-LB. Be sure to include your name or the name of the business, the current address and telephone number, and your signature. Your request for exclusion must be postmarked on or before **October 4, 2021** if you are from Mariposa, Monterey, San Benito, or Tulare. If you are not from Mariposa, Monterey, San Benito, or Tulare, the deadline for exclusion was March 8, 2021.

**How can I get more information?**  For more information, visit www.SutterHealthPremiumLawsuit.com, call 1-833-961-3465 or write to the address above. Complete copies of the pleadings, orders and other publicly filed documents in the lawsuit may be accessed for a fee through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

**Formatted:** Font: Bold

# ATTACHMENT A4

This is not a solicitation from a lawyer.

**If you paid any portion of premiums for health insurance from Aetna, Anthem Blue Cross, Blue Shield of California, Health Net or United HealthCare at any time since January 1, 2011, a class action lawsuit may affect your rights**

Sutter Health Litigation Notice Administrator
c/o JND Legal Administration
P.O. BOX 91350
Seattle, WA 98111

 «NameNumber»

«Fullname»
«AddressLine1»
«AddressLine2»
«AddressCity», «AddressState» «AddressPostalCode»

### PLEASE READ THIS NOTICE CAREFULLY

*This Notice is being provided by Order of the U.S. District Court. This is not a solicitation.*

*Para una notificación en español, visite www.SutterHealthPremiumLawsuit.com*

Questions? Call 1-833-961-3465 or Visit **www.SutterHealthPremiumLawsuit.com**

## What is this notice for?

You received this notice because you are in one of the following four counties: Mariposa, Monterey, San Benito, or Tulare. The exclusion ("opt-out") deadline for Class Members in these counties has been extended to **October 4, 2021**. Please review this notice for more information. A class action lawsuit called *Sidibe, et al. v Sutter Health*, No. 3:12-cv-4854-LB, is pending in the United States District Court for the Northern District of California. The Court decided this lawsuit should be a class action on behalf of a "Class," or group of people, that could include you. This notice summarizes your rights and options before an upcoming trial. If you qualify as a Class Member, you must decide whether to stay in the Class (and be bound by the results), or to exclude yourself (and keep your right to sue Sutter). There is no money available now and no guarantee that there will be. More information is available at **www.SutterHealthPremiumLawsuit.com**.

## What is this case about?

The lawsuit claims Sutter violated antitrust and unfair competition laws, which caused certain individuals and employers to overpay for health insurance premiums for health insurance purchased from Aetna, Anthem Blue Cross, Blue Shield of California, Health Net or United HealthCare (together, the "Health Plans") from January 1, 2011 to the present. Sutter denies that it has done anything wrong or that its conduct caused any increase in premiums or healthcare costs.

The Court has not decided who is right. The attorneys for the Class will have to prove their claims at trial. The Court appointed Matthew L. Cantor of Constantine Cannon LLP and Azra Mehdi of The Mehdi Firm, PC to represent Class Members as "Class Counsel."

## Am I a Class Member?

You may be a Class Member if you paid any portion of a premium for a fully-insured health insurance policy from any of these five Health Plans at any time from January 1, 2011 to the present, and if, during the period

El Dorado, Glenn, Humboldt, Lake, Lassen, Marin, Mariposa, Mendocino, Merced, Modoc, Monterey, Napa, Nevada, Placer, Plumas, Sacramento, San Benito, San Francisco, San Joaquin, San Mateo, Santa Cruz, Shasta, Sierra, Siskiyou, Solano, Sonoma, Stanislaus, Sutter, Tehama, Trinity, Tulare, Tuolumne, Yolo or Yuba.

## What are my options?

If you do nothing, you will (1) be bound by the outcome of the lawsuit; (2) keep the possibility of getting money or benefits that may come from a trial or settlement; and (3) give up your right to be part of any other lawsuit against Sutter asserting claims related to the allegations or claims in this lawsuit—other than if you are a class member in a similar case entitled *UFCW & Employers Benefit Trust v. Sutter Health*.

If you exclude yourself or "opt-out" of the Class, you will (1) keep your right to file your own lawsuit against Sutter related to the allegations or claims in this lawsuit; (2) not be entitled to any money or benefits that may result from a trial or settlement; and (3) be bound by any injunctive relief that the Court may order in the lawsuit. You may exclude yourself by sending a letter to JND Legal Administration asking to be excluded. Instructions for making an exclusion request can be found at the website or you can call the toll-free number below. Your exclusion request must be postmarked no later than **October 4, 2021** if you are from Mariposa, Monterey, San Benito, or Tulare. If you are not from Mariposa, Monterey, San Benito, or Tulare, the deadline for exclusion was March 8, 2021.

## How can I get more information?

For more information, visit www.SutterHealthPremiumLawsuit.com, call 1-833-961-3465 or write to the address above. Complete copies of the pleadings, orders and other publicly filed documents in the lawsuit may be accessed for a fee through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov

*Carefully separate this Address Change Form at the perforation*

Name: _____

Current Address: _____

_____

_____

**Address Change Form – Unique ID: «NameNumber»**
To make sure your information remains up-to-date in our records, please confirm your address by filling in the above information and depositing this postcard in the U.S. Mail.

Sutter Health Litigation Notice Administrator
c/o JND Legal Administration
P.O. Box 91350
Seattle, WA 98111

# ATTACHMENT A5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

NOTICE OF PENDENCY OF CLASS ACTION

**If you paid any portion of premiums for health insurance from Aetna, Anthem Blue Cross, Blue Shield of California, Health Net or United HealthCare at any time since January 1, 2011, a class action lawsuit may affect your rights.**

### _PLEASE READ THIS NOTICE CAREFULLY_

_Para una notificación en español, visite www.SutterHealthPremiumLawsuit.com_

_This Notice is being provided by Order of the U.S. District Court. This is not a solicitation._

- A lawsuit is pending in the United States District Court for the Northern District of California (the "Court") against Sutter Health ("Sutter"): _Sidibe, et al. v. Sutter Health_, No. 3:12-cv-4854-LB.

- Plaintiffs claim that Sutter violated antitrust and unfair competition laws, which caused certain individuals and employers in certain parts of Northern California to overpay for health insurance premiums for health insurance purchased from Aetna, Anthem Blue Cross ("Anthem"), Blue Shield of California ("Blue Shield"), Health Net or United HealthCare ("UHC") (together, the "Health Plans") from January 1, 2011 to the present.

- Sutter denies that it has done anything wrong or that its conduct caused any increase in the price of premiums that individuals and employers paid for health insurance from those Health Plans.

- The Court has not determined whether Plaintiffs or Sutter are/is correct.

- On July 30, 2020, the Court determined that the lawsuit can proceed as a class action and that the Class can assert damages claims on behalf of all Class Members for overpayments that they may have made. As a result, you have a choice to make now. Your legal rights and options are explained below.

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **IF YOU DO NOTHING** | If you do nothing, you will be a member of the Class and therefore bound by the outcome of the lawsuit, regardless of who wins.  You will not be able to remove yourself from the Class at a later point. |
| | You will keep the possibility of getting money or benefits that may come from a trial or settlement. |
| | However, you will give up your right to be part of any other lawsuit against Sutter asserting claims related to the allegations or claims in this case—other than claims that you may have as a Class Member in another case entitled *UFCW & Employers Benefit Trust v. Sutter Health et al.,* Case No., CGC-14-538451 ("*UFCW*"), pending in Superior Court for the City and County of San Francisco, California.  See Question #14 below for more information about the *UFCW* case. |
| **IF YOU ASK TO BE EXCLUDED** ~~DEADLINE: MARCH 8, 2021~~ | Excluding yourself or "opting out" as a potential member of the Class allows you to keep your right to file your own lawsuit against Sutter asserting claims related to the allegations or claims in this case. |
| | If you opt out, (1) you will not be entitled to any money or benefits that may result from a trial or settlement of the lawsuit, but (2) you still will be bound by any injunctive relief that the Court may order in the lawsuit. |
| | The deadline to request exclusion for Class Members in Mariposa, Monterey, San Benito, or Tulare is: **October 4, 2021,** |
| | The deadline ~~to request exclusion~~ for all other Class Members ~~was~~is: March 8, 2021. |

> **Formatted:** Font: Bold

**YOUR RIGHTS AND OPTIONS AND THE DEADLINES
TO EXERCISE THEM ARE EXPLAINED IN THIS NOTICE**

Questions? Call 1-833-961-3465 or visit www.SutterHealthPremiumLawsuit.com

2

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION ABOUT THE LAWSUIT** ........................................................**PAGE 4**

1. What is this lawsuit about?
2. What is the Certified Class?
3. What is a Class Action?
4. Why is this lawsuit a Class Action?
5. Why was this Notice issued?
6. What is the current status of the lawsuit?
7. Is there any money available now?

**WHO IS INCLUDED IN THIS CLASS** .......................................................................**PAGE 5**

8. How do I know if I am a "Class Member"?
9. What kind of health insurance plan is included in the lawsuit?
10. What is a "fully-insured" health insurance policy?
11. What if I don't know whether I paid a premium for a fully-insured or self-insured health insurance policy offered through my employer?
12. If I am an employer who paid a portion of premiums for the benefit of my employees, am I Class Member?
13. If I am an individual who paid only a portion of the premiums for a fully-insured policy through my employer, am I Class Member?
14. What is the UFCW case?
15. If I paid premiums that covered healthcare expenses for members of my family, are my family members also Class Members?
16. What if I paid premiums for only a short period of time during the relevant timeframe?

**IF YOU DO NOTHING** ...........................................................................................**PAGE 7**

17. What happens if I do nothing at all?

**EXCLUDING YOURSELF FROM THE CLASS** .............................................................**PAGE 7**

18. What does it mean to request to be excluded or to "opt-out" from the Class?
19. How do I exclude myself from the Class?

**THE LAWYERS REPRESENTING YOU** .....................................................................**PAGE 8**

20. Do I have a lawyer representing me in this Class Action?
21. How will the lawyers be compensated?
22. Should I get my own lawyer?

**GETTING MORE INFORMATION** ...........................................................................**PAGE 9**

23. How can I keep up with developments in the lawsuit and the class notice process?
24. Where can I get more information about the lawsuit?
25. I have more questions.  Where can I go to have them answered?

**Questions? Call 1-833-961-3465 or visit www.SutterHealthPremiumLawsuit.com**

3

## BASIC INFORMATION ABOUT THE LAWSUIT

| | |
|---|---|
| **1.** | **What is this lawsuit about?** |

Plaintiffs claim that Sutter forced upon Health Plans certain pricing and contractual terms, and those practices and terms violated state and federal antitrust and unfair competition laws. Plaintiffs claim this caused the Health Plans to pay more than they otherwise would for Sutter's hospital services, and that this resulted in higher insurance premiums for Class Members whether or not they used Sutter hospitals. Plaintiffs seek: (1) a Court order prohibiting Sutter from engaging in the alleged anticompetitive conduct, and (2) compensation for Class Members for the premium overcharges they allegedly paid for health insurance.

Sutter denies that it violated any antitrust or unfair competition laws, or that its conduct caused any increase in the price of premiums that individuals and employers paid for health insurance from those Health Plans. Sutter seeks a judgment in its favor that Plaintiffs take nothing by virtue of this lawsuit.

| | |
|---|---|
| **2.** | **What is the Certified Class?** |

The Class certified by the Court includes:

> "All entities in California Rating area 1, 2, 3, 4, 5, 6, 8, 9 or 10 (the "Nine Rating Areas" or "Nine RAs"), and all individuals that either live or work in one of the Nine RAs, that paid premiums for a fully-insured health insurance policy from Blue Shield, Anthem Blue Cross, Aetna, Health Net or United Healthcare from January 1, 2011 to the present. This class definition includes Class Members that paid premiums for individual health insurance policies that they purchased from these health plans and Class Members that paid premiums, in whole or in part, for health insurance policies provided to them as a benefit from an employer or other group purchaser located in one of the Nine RAs."

This means you may be a Class Member if you paid any portion of a premium for a fully-insured health insurance policy from any of these five Health Plans at any time from January 1, 2011 to the present, and if, during the period you paid those premiums, you lived or worked (or, if you are an employer, had an office located) in one of the following California counties: Alameda, Alpine, Amador, Butte, Calaveras, Colusa, Contra Costa, Del Norte, El Dorado, Glenn, Humboldt, Lake, Lassen, Marin, Mariposa, Mendocino, Merced, Modoc, Monterey, Napa, Nevada, Placer, Plumas, Sacramento, San Benito, San Francisco, San Joaquin, San Mateo, Santa Cruz, Shasta, Sierra, Siskiyou, Solano, Sonoma, Stanislaus, Sutter, Tehama, Trinity, Tulare, Tuolumne, Yolo or Yuba.

Please note that federal employees are not members of the Class for the period they were employed by the federal government, nor are persons whose in-patient hospital services were paid for by Medicare or Medi-Cal.

| | |
|---|---|
| **3.** | **What is a Class Action?** |

In a class action, one or more people or entities called "Class Representatives" (in this case, Djeneba Sidibe, Jerry Jankowski, Susan Hansen, David Herman, Johnson Pool & Spa and Optimum Graphics, Inc.) file a lawsuit on behalf of a group of people who have similar claims. All these people and entities are a "Class" or "Class Members." One court resolves the issues for all Class Members, except for those who exclude themselves from (or opt out of) the Class.

Questions? Call 1-833-961-3465 or visit www.SutterHealthPremiumLawsuit.com

4

**4.    Why is this lawsuit a Class Action?**

The Court decided that this lawsuit can proceed as a class action because it meets the requirements of the Federal Rules of Civil Procedure, which govern class actions in United States federal courts.

**5.    Why was this Notice issued?**

The Court authorized this Notice because the persons described in Question # 2 above may be Class Members and have a right to know about the lawsuit and their legal rights and options. This Notice explains the lawsuit, the Class, legal rights and options, and the deadlines by which to exercise those options.

**6.    What is the current status of the lawsuit?**

The lawsuit is pending in the District Court before United States Magistrate Judge Laurel Beeler.

**7.    Is there any money available now?**

No money or benefits are available now because there has not been a trial and there is no settlement. There is no guarantee that money or benefits ever will be available to Class Members.  If they do become available, a separate notice will be issued about how to submit a claim for potential money or benefits.

## WHO IS INCLUDED IN THIS CLASS?

**8.    How do I know if I am a "Class Member"?**

You are potentially a Class Member if you paid any portion of a premium for a fully-insured health insurance policy from Aetna, Anthem, Blue Shield, Health Net or UHC at any time from January 1, 2011 to the present, and if, during the period you paid those premiums, you lived or worked (or, if you are an employer, had an office located) in any of the following counties:

> Alameda, Alpine, Amador, Butte, Calaveras, Colusa, Contra Costa, Del Norte, El Dorado, Glenn, Humboldt, Lake, Lassen, Marin, Mariposa, Mendocino, Merced, Modoc, Monterey, Napa, Nevada, Placer, Plumas, Sacramento, San Benito, San Francisco, San Joaquin, San Mateo, Santa Cruz, Shasta, Sierra, Siskiyou, Solano, Sonoma, Stanislaus, Sutter, Tehama, Trinity, Tulare, Tuolumne, Yolo or Yuba.

Please note that federal employees are not members of the Class for the period they were employed by the federal government, nor are persons whose in-patient hospital services were paid for by Medicare or Medi-Cal.

**9.    What kind of health insurance plan is included in the lawsuit?**

Any fully-insured health insurance policy from one of the Health Plans (Aetna, Anthem Blue Cross, Blue Shield of California, Health Net or United HealthCare) qualifies.  Individual, small or large group plans qualify, including, but not limited to, Health Maintenance Organization (HMO) plans

Questions? Call 1-833-961-3465 or visit www.SutterHealthPremiumLawsuit.com

5

or Preferred Provider Organization (PPO) plans.  You may be a Class Member if you paid some portion of a health insurance premium for any such plan at any time since January 1, 2011 and you lived in or worked in one of the relevant California counties (see Question #2 above) when you were making those payments.

| 10. | What is a "fully-insured" health insurance policy? |

A fully-insured health insurance policy is a health insurance policy where the premium is paid to the health plan, and the health plan covers the healthcare costs (other than deductibles, co-pays and certain other fees) for the individual who is insured.  Many employers purchase fully-insured policies for their employees, and, in some cases, they and their employees agree that the employees will pay a portion of the premium.  Individuals who purchase health insurance on their own also purchase a fully-insured policy. **If you paid any premium, in whole or in part, for a fully-insured health insurance policy from one of the Health Plans at any time since January 1, 2011, you may be a Class Member.**

A fully-insured policy is different from a "self-insured" policy.  For a self-insured policy, the employer covers the health care costs (other than deductibles, co-pays and certain other fees) for the individuals who are insured.  However, the employer usually hires a health plan to provide administrative services to manage the plan for the employer under an "administrative services only" or "ASO" contract.  Many medium and large employers are self-insured.  That is true even though the covered employees pay premiums to a health plan, have an insurance card from the health plan, receive statements and invoices from the health plan, have accounts on the health plan's website, and have a health savings account through the health plan.  **If you participated only in self-insured policies since January 1, 2011, or you only provided self-insured policies to your employees or group members, you are <u>not</u> a Class Member.**

| 11. | What if I don't know whether I paid a premium for a fully-insured or self-insured health insurance policy offered through my employer? |

If you are not sure, ask your employer or your health plan.  If you are unable to ask your employer or health plan, assume that you had a fully-insured policy and that you are a Class Member.  A final determination will be made at a later time in the claims administration process.

| 12. | If I am an employer who paid a portion of premiums for the benefit of my employees, am I Class Member? |

Yes, if you were located in one of the California counties listed above (see Question #2 above) at any time from January 1, 2011 to the present and, during that period, you paid some portion of health insurance premiums for a fully-insured policy from one of the Health Plans, you are a Class Member.

| 13. | If I am an individual who paid only a portion of the premiums for a fully-insured policy through my employer, am I Class Member? |

Yes, if you lived or worked in one of the California counties listed above (see Question #2 above) at any time from January 1, 2011 to the present and, during that period, you paid some portion of health insurance premiums for a fully-insured policy from one of the Health Plans, you are a Class Member.

**Questions? Call 1-833-961-3465 or visit www.SutterHealthPremiumLawsuit.com**

6

**14.  What is the *UFCW* case?**

The *UFCW* case alleges similar claims against Sutter for anticompetitive conduct but is brought on behalf of entities that purchased self-insured health insurance policies. Even if you are already a member of the *UFCW* class, you may also be a Class Member in this case if you paid a premium for a fully-insured health insurance policy.

**15.  If I paid premiums that covered healthcare expenses for members of my family, are my family members also Class Members?**

No. Someone who was covered under a fully-insured policy but did not pay the premiums is not a Class Member.

**16.  What if I paid premiums for only a short period of time during the relevant timeframe?**

If you paid some portion of premiums for a fully-insured health insurance policy from a Health Plan at any time from January 1, 2011 to the present, and you meet the other requirements outlined above, you are a Class Member.

## IF YOU DO NOTHING

**17.  What happens if I do nothing at all?**

If you do nothing, you will be bound by the outcome of the lawsuit regardless of who wins. You will keep the possibility of getting money or benefits that may come from a trial or settlement. Unless you exclude yourself from the Class, you will not be able to file a lawsuit or be part of any other lawsuit asserting claims against Sutter related to the allegations or claims in this case—other than if you are a member of the *UFCW* class described above in Question # 14. Once you are in the Class, you will not be able to remove yourself from it.

## EXCLUDING YOURSELF FROM THE CLASS

**18.  What does it mean to request to be excluded or to "opt-out" from the Class?**

If you do not want to be part of the Class and you want to keep your right to sue Sutter relating to the claims in this lawsuit, then you must take steps to remove yourself from the Class now. This is called "excluding" yourself, or "opting out" of the Class. If you exclude yourself, you will not be eligible to receive a payment from future settlements or judgments in this lawsuit. If you exclude yourself or opt out, you will not be doing so with respect to any injunction that the Court may enter in the lawsuit. You may not opt out of the class after the deadline to do so has passed.

**19.  How do I exclude myself from the Class?**

To exclude yourself from the Class, you must send a letter by mail stating that you wish to be excluded from the Class in *Sidibe, et al. v. Sutter Health*, Case No. 3:12-cv-4854-LB. Be sure to

Questions? Call 1-833-961-3465 or visit www.SutterHealthPremiumLawsuit.com

7

include your name or the name of the business, the current address and telephone number, and your signature.  Please provide all names by which you have been known since January 1, 2011.  You cannot exclude yourself by telephone call, by email, or through the case website.  To exclude yourself from the Class, you must mail your Request for Exclusion to:

> Sutter Health Litigation Notice Administrator
> c/o JND Legal Administration
> P.O. Box 91350
> Seattle, WA 98111

**Your request for exclusion must be postmarked on or before October 4, 2021 if you are a Class Member from Mariposa, Monterey, San Benito, or Tulare.  March 8, 2021If you are not from Mariposa, Monterey, San Benito, or Tulare, the deadline for exclusion was March 8, 2021.**

### THE LAWYERS REPRESENTING YOU

| **20.    Do I have a lawyer representing me in this Class Action?** |
| --- |

Yes.  The Court has appointed lawyers to represent you and the other Class Members. These lawyers are called Class Counsel.  The following lawyers represent the Class:

Matthew L. Cantor                          Azra Mehdi
Constantine Cannon LLP              The Mehdi Firm, PC
335 Madison Avenue                    One Market Street
New York, NY 10017                     Spear Tower, Suite 3600
(212) 350-2700                              San Francisco, CA 94105
                                                     (415) 293-8039

| **21.    How will the lawyers be compensated?** |
| --- |

If Plaintiffs prevail in the lawsuit, Class Counsel will ask the Court to approve attorney's fees, which may be up to one-third of any recovery that may be obtained in this lawsuit, plus costs and expenses. They also will ask the Court to approve incentive payments to the named Plaintiffs from any recovery that may be obtained in this lawsuit. Those fees, costs and awards must be approved by the Court.

| **22.    Should I get my own lawyer?** |
| --- |

You do not need to hire your own lawyer because Class Counsel are working on behalf of the Class. If you choose to hire your own lawyer to represent you, you will have to pay for that lawyer on your own.

Questions? Call 1-833-961-3465 or visit www.SutterHealthPremiumLawsuit.com

8

## **GETTING MORE INFORMATION**

---

**23.   How can I keep up with developments in the lawsuit and the class notice process?**

---

Class Counsel has hired JND Legal Administration to assist with the class notice process and to maintain a website for all Class Members. The website address is **www.SutterHealthPremiumLawsuit.com**. Updates regarding the case and the class notice process will be provided on the website and not by additional mailings to potential Class Members. This includes major developments in the case, supplemental information to be distributed to the class, and changes to dates the Court sets. Please check the website on a regular basis to see whether there are updates or new information.

---

**24.   Where can I get more information about the lawsuit?**

---

This Notice contains a summary of the lawsuit and the proceedings. You may access additional information by visiting **www.SutterHealthPremiumLawsuit.com**. Complete copies of the pleadings, orders and other publicly filed documents in the lawsuit may be accessed for a fee through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov. They also may be examined and copied at any time during regular office hours at the office of the Clerk of the Court, United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, CA 94102-3489.

---

**25.   I have more questions. Where can I go to have them answered?**

---

Any questions you have concerning this Notice, or any corrections or changes of name or address should be directed in writing to Sutter Health Litigation Notice Administrator, c/o JND Legal Administration, P.O. Box 91350, Seattle, WA 98111, or forwarded to the Administrator through the website at **www.SutterHealthPremiumLawsuit.com**, or by calling **1-833-961-3465**.

**PLEASE DO NOT CONTACT THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS CASE.**

Dated: ~~December 15~~Month x, ~~2020~~2021                           By Order of the United States
                                                                District Court Northern District of California

Questions? Call 1-833-961-3465 or visit www.SutterHealthPremiumLawsuit.com

9

# ATTACHMENT B

**Kim, Jean**

| | |
|---|---|
| **From:** | Kiernan, David C. <dkiernan@JonesDay.com> |
| **Sent:** | Thursday, August 26, 2021 12:17 PM |
| **To:** | Laurel Beeler; Kim, Jean; CAND LBpo; Elaine Kabiling |
| **Cc:** | LeVee, Jeffrey A.; Zeng, Catherine T.; Cantor, Matthew; David Brownstein; David Goldstein; Jill Manning; asteyer@steyerlaw.com; Robert Bunzel (RBUNZEL@BZBM.com) |
| **Subject:** | RE: Sidibe et al. v. Sutter Health (3:12-cv-4854-LB) |

Dear Judge Beeler,

I have had an opportunity to discuss with Sutter and to examine plaintiffs' position further including relevant case law, which I just finished reviewing. Sutter objects to including these four counties and to sending out a notice allowing them to opt out of the class for two reasons. Given that plaintiffs have included their argument supporting sending out notice, I'll provide a very brief summary of the reasons for Sutter's position. I wanted to make sure to get this to plaintiffs as well so that they have an opportunity to respond at today's hearing, perhaps later in the hearing.

First, the class does not include these counties. The Court certified the following Class: "All entities in California Rating area 1, 2, 3, 4, 5, 6, 8, 9 or 10 (the "Nine Rating Areas" or "Nine RAs"), and all individuals that either live or work in one of the Nine RAs, that paid premiums for a fully-insured health insurance policy from Blue Shield, Anthem Blue Cross, Aetna, Health Net or United Healthcare from January 1, 2011 to the present." The Fourth Amended Complaint includes a specific definition for each Rating area. For Rating Area 9, it states "RA 9 includes Santa Cruz County" (¶ 84), and for Rating Area 10, it states "RA 10 includes Merced, San Joaquin, and Stanislaus counties (¶ 85). According CMS, Rating Area 9 includes Santa Cruz, Monterey and San Benito, and Rating Area 10 includes San Joaquin, Stanislaus, Merced, Mariposa, and Tulare. The Fourth Amended Complaint excludes the counties in red. Dr. Chipty's Class Report includes a map of the CMS Rating Areas, which lists all counties in RA 9 & 10. However, Dr. Chipty's Class Report states at footnote 8: ""... Rating area 9 includes Santa Cruz County. Rating area 10 includes the counties of: (a) Merced; (b) San Joaquin; and (c) Stanislaus." In other words, Dr. Chipty like plaintiffs understood that RA 9 & 10 included Monterey, San Benito, Mariposa, and Tulare, but she recognized that they are excluded from the class definition. Dr. Chipty's Merits Report (n. 24) likewise defines the RA 9 & 10 consistent with the Complaint and her Class Report. Finally, the class notice drafted by plaintiffs defines RA 9 & 10 consistent with the Complaint. One other relevant point is that the four counties were not included in the class definitions in any of the earlier complaints filed in this action. In each complaint, plaintiffs defined the class to include certain counties, and each one excluded these four. In short, these counties are not in the class.

Second, even assuming plaintiffs made a mistake in the Complaint, Dr. Chipty made a mistake in her reports, and plaintiffs made the mistake again in the class notice, providing an opportunity to opt at this stage of the litigation is barred by the one way intervention doctrine. The rule against one-way intervention prevents setting an opt-out deadline for a date that is after the court has issued rulings on the merits. *Diva Limousine, Ltd. v. Uber Techs., Inc.*, 392 F. Supp. 3d 1074, 1095–96 (N.D. Cal. 2019). This rule applies equally to partial rulings on the merits, including partial summary judgment. *Id.* ("A merits ruling, even if not a final judgment, can still affect putative class members' decisions whether or not to opt in. Accordingly, courts have applied the one-way intervention rule to motions for partial summary judgment.") Here, the Court granted Sutter's motion for summary judgment on plaintiffs' monopolization claims. There is no exception for mistakes. In *Wit v. United Behav. Health*, No. 14-CV-02346-JCS, 2020 WL 6462401, at *11 (N.D. Cal. Nov. 3, 2020), the class notice inadvertently omitted some people who fell within the class definition. This happened because of an "oversight on the part of Plaintiffs' counsel." The Court denied the request to send out a new notice allowing them to opt out because of the one-way intervention rule. Instead, the Court modified the class definition to exclude the class members who did not receive adequate notice.

Respectfully,

David

---

**From:** Laurel Beeler <Laurel_Beeler@cand.uscourts.gov>
**Sent:** Wednesday, August 25, 2021 4:54 PM
**To:** Kiernan, David C. <dkiernan@JonesDay.com>; Kim, Jean <JKim@constantinecannon.com>; CAND LBpo <lbpo@cand.uscourts.gov>; Elaine Kabiling <Elaine_Kabiling@cand.uscourts.gov>
**Cc:** LeVee, Jeffrey A. <jlevee@JonesDay.com>; Zeng, Catherine T. <czeng@jonesday.com>; Cantor, Matthew <MCantor@constantinecannon.com>; David Brownstein <dbrownstein@fbjgk.com>; David Goldstein <dgoldstein@fbjgk.com>; Jill Manning <jmanning@steyerlaw.com>; asteyer@steyerlaw.com
**Subject:** RE: Sidibe et al. v. Sutter Health (3:12-cv-4854-LB)

**\*\* External mail \*\***

Thanks. I cut my calendar way down tomorrow to two things. That's good. Not sure how much progress I've made. That's bad. I carved out time on 9/2 so maybe that's how we do mop up.

---

**From:** Kiernan, David C. <dkiernan@JonesDay.com>
**Sent:** Wednesday, August 25, 2021 9:01 AM
**To:** Kim, Jean <JKim@constantinecannon.com>; CAND LBpo <lbpo@cand.uscourts.gov>; Laurel Beeler <Laurel_Beeler@cand.uscourts.gov>; Elaine Kabiling <Elaine_Kabiling@cand.uscourts.gov>
**Cc:** LeVee, Jeffrey A. <jlevee@JonesDay.com>; Zeng, Catherine T. <czeng@jonesday.com>; Cantor, Matthew <MCantor@constantinecannon.com>; David Brownstein <dbrownstein@fbjgk.com>; David Goldstein <dgoldstein@fbjgk.com>; Jill Manning <jmanning@steyerlaw.com>; asteyer@steyerlaw.com
**Subject:** RE: Sidibe et al. v. Sutter Health (3:12-cv-4854-LB)

<mark>CAUTION - EXTERNAL:</mark>

Dear Judge Beeler,

Sutter does not yet have a position on Plaintiffs' position or proposal. To add a little background, on Monday, I advised Plaintiffs' counsel that while preparing for Daubert arguments, we discovered that Dr. Chipty's damages model includes individuals and entities located in four counties that are not included in the list of counties in the class notice. The list of counties in the class notice are based on the class definition in the Fourth Amended Complaint (see paragraphs 84 and 85). I noted that we assumed that Dr. Chipty had made a mistake by including the zip codes from those counties, and asked plaintiffs to confirm that the four counties are not class counties given that they are not listed in the complaint or class notice. Yesterday afternoon, plaintiffs told us their position that the class notice is wrong. We have not yet had an opportunity to discuss Plaintiffs' position with Sutter and will do so by tomorrow. We will be prepared to discuss at tomorrow's pretrial hearing.

Respectfully,

David

---

**From:** Kim, Jean <JKim@constantinecannon.com>
**Sent:** Wednesday, August 25, 2021 8:37 AM
**To:** CAND LBpo <lbpo@cand.uscourts.gov>; Laurel Beeler <Laurel_Beeler@cand.uscourts.gov>; Elaine Kabiling <Elaine_Kabiling@cand.uscourts.gov>
**Cc:** Kiernan, David C. <dkiernan@JonesDay.com>; LeVee, Jeffrey A. <jlevee@JonesDay.com>; Zeng, Catherine T.

<czeng@jonesday.com>; Cantor, Matthew <MCantor@constantinecannon.com>; David Brownstein <dbrownstein@fbjgk.com>; David Goldstein <dgoldstein@fbjgk.com>; Jill Manning <jmanning@steyerlaw.com>; asteyer@steyerlaw.com
**Subject:** Sidibe et al. v. Sutter Health (3:12-cv-4854-LB)

**  ** External mail **

Dear Judge Beeler,

We write to request that the Court permit Plaintiffs to issue a supplemental, corrective class notice to Class Members located in four California counties: Mariposa, Monterey, San Benito, and Tulare.  The Class Administrator has advised us that it can issue these notices shortly after authorization to do so, in which case the trial date need not be impacted.

Sutter counsel advised us this week (on Monday, August 23) that references to these four counties, which are located in Class Rating Areas 9 and 10, were omitted from the original class notice.  This was due to inadvertent error.  Accordingly, Class Members who have solely been located in these counties during the class period may not have understood that they are members of the Class.  They also may not have understood that they had a right $^{to}$ opt out of these proceedings.  Thus, to ensure that these Class Members fully understand their due process rights, including their opportunity to opt out from these proceedings, we propose sending them a supplemental notice.

Per our previous reports, Plaintiffs have effectuated notice via direct mailing of over **6.6 million** postcards in addition to email, publication and digital notice.  Despite the wide dissemination of Notice, we have received only **261** opt out notices in response.  All are for individuals other than one for a small business.  Accordingly, it is unlikely that any significant portion of Class Members relevant to this issue (which plaintiffs' economists currently estimate account for about 3% of total aggregate Class damages) would have opted out had the original notice referred to these counties.

As we are charged with ensuring that the due process rights of all Class Members are protected and to correct for this inadvertent error, Plaintiffs propose to send a supplemental, corrected notice to Class Members located in the four omitted counties via email, direct mail and publication. Attached are redlines of the supplemental notice materials, now reflecting the inclusion of these counties in the description of the areas relevant to Class Members.  We propose to, in addition to sending and publicizing this notice, update the materials on the class website (www.sutterhealthpremiumlawsuit.com) to reflect that these four counties are part of the defined Class areas.  Also attached is a Proposed Order requesting that Plaintiffs' plan for the dissemination of supplemental notice be granted.

Plaintiffs also propose a 30-day opt out period for Class Members who will receive this supplemental notice.  We are informed by the Class Administrator that supplemental notice can be effectuated within four to five days of receiving the Court-approved, supplemental notice.  Thus, if the Court promptly orders supplemental notice, the trial date should not be impacted in any significant way, if at all.

We have informed counsel for Sutter that we will be seeking this relief and that we will consider any comments.  We will be prepared to discuss this matter with the Court at the conference scheduled for Thursday, August 26, 2021.


Respectfully submitted,
Jean Kim



Jean Kim
CONSTANTINE | CANNON LLP
335 Madison Ave.
New York, NY 10017

Telephone: (212) 350-2734
Facsimile: (212) 350-2701
jkim@constantinecannon.com

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

# ATTACHMENT C

**Kim, Jean**

| | |
|---|---|
| **From:** | Kiernan, David C. <dkiernan@JonesDay.com> |
| **Sent:** | Thursday, August 26, 2021 3:00 PM |
| **To:** | Laurel Beeler; Kim, Jean; CAND LBpo; Elaine Kabiling |
| **Cc:** | LeVee, Jeffrey A.; Zeng, Catherine T.; Cantor, Matthew; David Brownstein; David Goldstein; Jill Manning; asteyer@steyerlaw.com; 'Robert  Bunzel (RBUNZEL@BZBM.com)' |
| **Subject:** | RE: Sidibe et al. v. Sutter Health (3:12-cv-4854-LB) |

Dear all,

Given that we will address this issue this afternoon and that plaintiffs intend to send an email, Sutter supplements the below with the following case.  Consistent with *Diva* and *Wit*, it confirms that one-way intervention prevents setting an opt-out deadline for a date that is after the court has issued rulings on the merits.  *Brown v. Hain Celestial Grp., Inc.*, No. C 11-03082 LB, 2014 WL 6483216, at *7–8 (N.D. Cal. Nov. 18, 2014) ("'One-way intervention' is a serious issue. It is the problem created when merits issues are decided before a class is certified; the ruling binds named parties but not absent members of the proposed class. The latter can thus choose to join or opt out of the class depending on how the substantive decisions have fallen.  Absent parties would remain free to re-litigate ostensibly decided questions.")

The parties may use demonstratives during the 2:00 hearing, and have agreed to exchange them before the hearing.

Thank you

---

**From:** Kiernan, David C.
**Sent:** Thursday, August 26, 2021 9:17 AM
**To:** 'Laurel Beeler' <Laurel_Beeler@cand.uscourts.gov>; Kim, Jean <JKim@constantinecannon.com>; CAND LBpo <lbpo@cand.uscourts.gov>; Elaine Kabiling <Elaine_Kabiling@cand.uscourts.gov>
**Cc:** LeVee, Jeffrey A. <jlevee@jonesday.com>; Zeng, Catherine T. <czeng@jonesday.com>; Cantor, Matthew <MCantor@constantinecannon.com>; David Brownstein <dbrownstein@fbjgk.com>; David Goldstein <dgoldstein@fbjgk.com>; Jill Manning <jmanning@steyerlaw.com>; asteyer@steyerlaw.com; Robert Bunzel (RBUNZEL@BZBM.com) <RBUNZEL@BZBM.com>
**Subject:** RE: Sidibe et al. v. Sutter Health (3:12-cv-4854-LB)

Dear Judge Beeler,

      I have had an opportunity to discuss with Sutter and to examine plaintiffs' position further including relevant case law, which I just finished reviewing.  Sutter objects to including these four counties and to sending out a notice allowing them to opt out of the class for two reasons.  Given that plaintiffs have included their argument supporting sending out notice, I'll provide a very brief summary of the reasons for Sutter's position.  I wanted to make sure to get this to plaintiffs as well so that they have an opportunity to respond at today's hearing, perhaps later in the hearing.

      First, the class does not include these counties.  The Court certified the following Class: "All entities in California Rating area 1, 2, 3, 4, 5, 6, 8, 9 or 10 (the "Nine Rating Areas" or "Nine RAs"), and all individuals that either live or work in one of the Nine RAs, that paid premiums for a fully-insured health insurance policy from Blue Shield, Anthem Blue Cross, Aetna, Health Net or United Healthcare from January 1, 2011 to the present." The Fourth Amended Complaint includes a specific definition for each Rating area.  For Rating Area 9, it states "RA 9 includes Santa Cruz County" (¶ 84), and for Rating Area 10, it states "RA 10 includes Merced, San Joaquin, and Stanislaus counties (¶ 85).  According CMS, Rating Area 9 includes Santa Cruz, Monterey and San Benito, and Rating Area 10 includes San Joaquin, Stanislaus, Merced, Mariposa, and Tulare.  The Fourth Amended Complaint excludes the counties in red.  Dr. Chipty's Class Report

includes a map of the CMS Rating Areas, which lists all counties in RA 9 & 10. However, Dr. Chipty's Class Report states at footnote 8: ""... Rating area 9 includes Santa Cruz County. Rating area 10 includes the counties of: (a) Merced; (b) San Joaquin; and (c) Stanislaus." In other words, Dr. Chipty like plaintiffs understood that RA 9 & 10 included Monterey, San Benito, Mariposa, and Tulare, but she recognized that they are excluded from the class definition. Dr. Chipty's Merits Report (n. 24) likewise defines the RA 9 & 10 consistent with the Complaint and her Class Report. Finally, the class notice drafted by plaintiffs defines RA 9 & 10 consistent with the Complaint. One other relevant point is that the four counties were not included in the class definitions in any of the earlier complaints filed in this action. In each complaint, plaintiffs defined the class to include certain counties, and each one excluded these four. In short, these counties are not in the class.

Second, even assuming plaintiffs made a mistake in the Complaint, Dr. Chipty made a mistake in her reports, and plaintiffs made the mistake again in the class notice, providing an opportunity to opt at this stage of the litigation is barred by the one way intervention doctrine. The rule against one-way intervention prevents setting an opt-out deadline for a date that is after the court has issued rulings on the merits. *Diva Limousine, Ltd. v. Uber Techs., Inc.*, 392 F. Supp. 3d 1074, 1095–96 (N.D. Cal. 2019). This rule applies equally to partial rulings on the merits, including partial summary judgment. *Id.* ("A merits ruling, even if not a final judgment, can still affect putative class members' decisions whether or not to opt in. Accordingly, courts have applied the one-way intervention rule to motions for partial summary judgment.") Here, the Court granted Sutter's motion for summary judgment on plaintiffs' monopolization claims. There is no exception for mistakes. In *Wit v. United Behav. Health*, No. 14-CV-02346-JCS, 2020 WL 6462401, at *11 (N.D. Cal. Nov. 3, 2020), the class notice inadvertently omitted some people who fell within the class definition. This happened because of an "oversight on the part of Plaintiffs' counsel." The Court denied the request to send out a new notice allowing them to opt out because of the one-way intervention rule. Instead, the Court modified the class definition to exclude the class members who did not receive adequate notice.

Respectfully,

David

---

**From:** Laurel Beeler <Laurel_Beeler@cand.uscourts.gov>
**Sent:** Wednesday, August 25, 2021 4:54 PM
**To:** Kiernan, David C. <dkiernan@JonesDay.com>; Kim, Jean <JKim@constantinecannon.com>; CAND LBpo <lbpo@cand.uscourts.gov>; Elaine Kabiling <Elaine_Kabiling@cand.uscourts.gov>
**Cc:** LeVee, Jeffrey A. <jlevee@JonesDay.com>; Zeng, Catherine T. <czeng@jonesday.com>; Cantor, Matthew <MCantor@constantinecannon.com>; David Brownstein <dbrownstein@fbjgk.com>; David Goldstein <dgoldstein@fbjgk.com>; Jill Manning <jmanning@steyerlaw.com>; asteyer@steyerlaw.com
**Subject:** RE: Sidibe et al. v. Sutter Health (3:12-cv-4854-LB)

** External mail **

Thanks. I cut my calendar way down tomorrow to two things. That's good. Not sure how much progress I've made. That's bad. I carved out time on 9/2 so maybe that's how we do mop up.

---

**From:** Kiernan, David C. <dkiernan@JonesDay.com>
**Sent:** Wednesday, August 25, 2021 9:01 AM
**To:** Kim, Jean <JKim@constantinecannon.com>; CAND LBpo <lbpo@cand.uscourts.gov>; Laurel Beeler <Laurel_Beeler@cand.uscourts.gov>; Elaine Kabiling <Elaine_Kabiling@cand.uscourts.gov>
**Cc:** LeVee, Jeffrey A. <jlevee@JonesDay.com>; Zeng, Catherine T. <czeng@jonesday.com>; Cantor, Matthew <MCantor@constantinecannon.com>; David Brownstein <dbrownstein@fbjgk.com>; David Goldstein <dgoldstein@fbjgk.com>; Jill Manning <jmanning@steyerlaw.com>; asteyer@steyerlaw.com
**Subject:** RE: Sidibe et al. v. Sutter Health (3:12-cv-4854-LB)

**CAUTION - EXTERNAL:**

Dear Judge Beeler,

Sutter does not yet have a position on Plaintiffs' position or proposal. To add a little background, on Monday, I advised Plaintiffs' counsel that while preparing for Daubert arguments, we discovered that Dr. Chipty's damages model includes individuals and entities located in four counties that are not included in the list of counties in the class notice. The list of counties in the class notice are based on the class definition in the Fourth Amended Complaint (see paragraphs 84 and 85). I noted that we assumed that Dr. Chipty had made a mistake by including the zip codes from those counties, and asked plaintiffs to confirm that the four counties are not class counties given that they are not listed in the complaint or class notice. Yesterday afternoon, plaintiffs told us their position that the class notice is wrong. We have not yet had an opportunity to discuss Plaintiffs' position with Sutter and will do so by tomorrow. We will be prepared to discuss at tomorrow's pretrial hearing.

Respectfully,

David

---

**From:** Kim, Jean <JKim@constantinecannon.com>
**Sent:** Wednesday, August 25, 2021 8:37 AM
**To:** CAND LBpo <lbpo@cand.uscourts.gov>; Laurel Beeler <Laurel_Beeler@cand.uscourts.gov>; Elaine Kabiling <Elaine_Kabiling@cand.uscourts.gov>
**Cc:** Kiernan, David C. <dkiernan@JonesDay.com>; LeVee, Jeffrey A. <jlevee@JonesDay.com>; Zeng, Catherine T. <czeng@jonesday.com>; Cantor, Matthew <MCantor@constantinecannon.com>; David Brownstein <dbrownstein@fbjgk.com>; David Goldstein <dgoldstein@fbjgk.com>; Jill Manning <jmanning@steyerlaw.com>; asteyer@steyerlaw.com
**Subject:** Sidibe et al. v. Sutter Health (3:12-cv-4854-LB)

** External mail **

Dear Judge Beeler,

We write to request that the Court permit Plaintiffs to issue a supplemental, corrective class notice to Class Members located in four California counties: Mariposa, Monterey, San Benito, and Tulare. The Class Administrator has advised us that it can issue these notices shortly after authorization to do so, in which case the trial date need not be impacted.

Sutter counsel advised us this week (on Monday, August 23) that references to these four counties, which are located in Class Rating Areas 9 and 10, were omitted from the original class notice. This was due to inadvertent error. Accordingly, Class Members who have solely been located in these counties during the class period may not have understood that they are members of the Class. They also may not have understood that they had a right [to] opt out of these proceedings. Thus, to ensure that these Class Members fully understand their due process rights, including their opportunity to opt out from these proceedings, we propose sending them a supplemental notice.

Per our previous reports, Plaintiffs have effectuated notice via direct mailing of over **6.6 million** postcards in addition to email, publication and digital notice. Despite the wide dissemination of Notice, we have received only **261** opt out notices in response. All are for individuals other than one for a small business. Accordingly, it is unlikely that any significant portion of Class Members relevant to this issue (which plaintiffs' economists currently estimate account for about 3% of total aggregate Class damages) would have opted out had the original notice referred to these counties.

As we are charged with ensuring that the due process rights of all Class Members are protected and to correct for this inadvertent error, Plaintiffs propose to send a supplemental, corrected notice to Class Members located in the four omitted counties via email, direct mail and publication. Attached are redlines of the supplemental notice materials, now reflecting the inclusion of these counties in the description of the areas relevant to Class Members.  We propose to, in addition to sending and publicizing this notice, update the materials on the class website (www.sutterhealthpremiumlawsuit.com) to reflect that these four counties are part of the defined Class areas.  Also attached is a Proposed Order requesting that Plaintiffs' plan for the dissemination of supplemental notice be granted.

Plaintiffs also propose a 30-day opt out period for Class Members who will receive this supplemental notice.  We are informed by the Class Administrator that supplemental notice can be effectuated within four to five days of receiving the Court-approved, supplemental notice.  Thus, if the Court promptly orders supplemental notice, the trial date should not be impacted in any significant way, if at all.

We have informed counsel for Sutter that we will be seeking this relief and that we will consider any comments.  We will be prepared to discuss this matter with the Court at the conference scheduled for Thursday, August 26, 2021.


Respectfully submitted,
Jean Kim



Jean Kim
CONSTANTINE | CANNON LLP
335 Madison Ave.
New York, NY 10017
Telephone: (212) 350-2734
Facsimile: (212) 350-2701
jkim@constantinecannon.com

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.


***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

# ATTACHMENT D

**Kim, Jean**

| | |
|---|---|
| **From:** | Kim, Jean |
| **Sent:** | Thursday, August 26, 2021 5:05 PM |
| **To:** | CAND LBpo; Laurel Beeler; Elaine Kabiling |
| **Cc:** | Kiernan, David C.; Burnside, Elizabeth M.; Cantor, Matthew |
| **Subject:** | Sidibe et al. v. Sutter Health - Demonstratives re Supplemental Notice |
| **Attachments:** | 08262021092650-0001.pdf; 08262021092706-0001.pdf; 2021-05-28 Shapiro Declaration ISO MTE Chipty - Under Seal page 19.pdf |

Dear Judge Beeler,

In advance of our continued conference this afternoon, please see attached a few demonstratives Plaintiffs would like to share with you regarding Plaintiffs' request for supplemental notice and Sutter's opposition.  Plaintiffs maintain their request to send corrective, supplemental notice to those Class Members in the four omitted counties.  These counties are part of the Class RAs as defined by CMS and as evidenced in the attached.  Moreover, plaintiffs have proposed a reasonable and expeditious plan for correcting the error.

Sutter's arguments concerning one-way intervention do not apply at this juncture when the class has been certified, best practicable notice has been effectuated, and there is no evidence that any number of Class Members would have opted out based upon the Court's summary judgment decision.  We also recommend to the court De la Torre v. CashCall, 2016 WL 6892693, at *16 (2016) which holds that one way intervention is subject to equitable exceptions.

Respectfully,
Jean Kim

# ATTACHMENT D1

**Exhibit 7**
**California Rating Areas, Post-Affordable Care Act**



*Source*: Shorr, Steve. 2018. "Rating region standardization." Accessed March 19, 2018 at
https://steveshorr.com/steveshorr/individual_and_family/Covered.CA/legislation/standard.rating.regions.pdf.

# ATTACHMENT D2

**Sutter's Instruction No. P-3 – Class Action**

This case is proceeding as a "class action." A class action is a procedure that allows the filing of one lawsuit by a representative or a small number of representatives on behalf of numerous unnamed plaintiffs who have similar claims. The Class in this case is defined as:

> All entities in California Rating areas 1, 2, 3, 4, 5, 6, 8, 9 or 10 (the "Nine RAs"), and all individuals that either live or work in one of the Nine RAs, that paid premiums for a fully-insured health insurance policy from Blue Shield, Anthem Blue Cross, Aetna, Health Net or United Healthcare from January 1, 2011 to the present. This class definition includes Class Members that paid premiums for individual health insurance policies that they purchased from these health plans and Class Members that paid premiums, in whole or in part, for health insurance policies provided to them as a benefit from an employer or other group purchaser located in one of the Nine RAs."

**Sutter's Objection to Plaintiffs' Instruction No. P-3**

Plaintiffs' lengthy discussion of the purposes of class action is unnecessary and complicates an already-complex set of instructions. Plus, it makes qualitative statements about the class-action procedure that are subject to debate. *See, e.g.*, Martin H. Redish, Rethinking the Theory of the Class Action: The Risks and Rewards of Capitalistic Socialism in the Litigation Process, 64 Emory L. J. 451 (2014) ("[A]ll too often, modern class action procedure is plagued by externalities and perverse economic incentives, allowing class attorneys to profit even when class members will benefit virtually not at all."). If the Court were to give this instruction (including stating that the Court has ruled that this is a "proper" class action), there is a risk that the jury would interpret it as not merely describing the procedure but as the Court endorsing the merits of the claims of this particular class action. Plaintiffs offer no reason to think that the jury's decision would be influenced by "the fact that this case is a class action or that not all Class Members will be present at the trial."

As set out in Sutter's Instruction No. P-3, a simple statement that the action is brought on behalf of a class of plaintiffs, along with a recitation of the class definition, is sufficient for the jury to understand the scope of the damages claim.

Joint Proposed Jury Instructions
3:12-CV-04854-LB

# ATTACHMENT D3

1  Jeffrey A. LeVee (State Bar No. 125863)
2  jlevee@jonesday.com
   Elizabeth M. Burnside (State Bar No. 258184)
3  eburnside@jonesday.com
   JONES DAY
4  555 South Flower Street, Fiftieth Floor
   Los Angeles, CA  90071
5  Telephone:     213.489.3939
   Facsimile:     213.243.2539
6
7  David C. Kiernan (State Bar No. 215335)
   dkiernan@jonesday.com
8  Caroline N. Mitchell (State Bar No. 143124)
   cnmitchell@jonesday.com
9  Brian G. Selden (State Bar No. 261828)
   bgselden@jonesday.com
10 Catherine Zeng (State Bar No. 251231)
   czeng@jonesday.com
11 JONES DAY
12 555 California Street, 26th Floor
   San Francisco, CA  94104
13 Telephone:     415.626.3939
   Facsimile:     415.875.5700
14
15 Attorneys for Defendants
   SUTTER HEALTH

Robert H. Bunzel (State Bar No. 99395)
rbunzel@bzbm.com
Patrick M. Ryan (State Bar No. 203215)
pryan@bzbm.com
Oliver Q. Dunlap (State Bar No. 225566)
odunlap@bzbm.com
BARTKO, ZANKEL, BUNZEL & MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Telephone:   415.956.1900
Facsimile:   415.956.1152

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| DJENEBA SIDIBE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SUTTER HEALTH,<br><br>Defendant. | Case No. 3:12-CV-04854-LB<br><br>**DECLARATION OF SHAINA C. SHAPIRO IN SUPPORT OF DEFENDANT SUTTER HEALTH'S MOTION TO EXCLUDE OPINIONS BY DR. TASNEEM CHIPTY**<br><br>Date:          August 12, 2021<br>Time:          1:00 p.m.<br>Courtroom:  B, 15th Floor<br>Judge:         The Hon. Laurel Beeler |

## **UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

80.    HealthNet provided only 3-digit zip codes.  The following  chart reflects 3-digit zip codes for which a single 3-digit zip code falls within and outside a class RA.

| 3-Digit Zip | Locations In Class RA | Locations Outside of RA |
|---|---|---|
| 932-- | Tulare (RA 10) | Kings (RA 11), Kern (RA 14), Fresno (RA 11), Santa Barbara (RA 12) |
| 934-- | Monterey (RA 9) | San Luis Obispo (RA 12), Santa Barbara (RA 12), |
| 936-- | Tulare (RA 10), Merced (RA 10), Mariposa (RA 10) | Madera (RA 11),  Fresno  (RA 11) |
| 940-- | San Mateo (RA 8) | Santa Clara (RA 7) |
| 943-- | San Mateo (RA 8) | Santa Clara (RA 7) |
| 950-- | Santa Cruz (RA 9), Monterey (RA 9), San Benito (RA 9) | Santa Clara (RA 7) |

This chart was created by doing zip code look ups for locations in given class RAs and zip code look ups for locations outside the class RAs.  True and correct copies of the zip code look ups are collected in Exhibit 69.  I also confirmed that the cities for which I did zip code look ups are in the listed counties using Google Maps to confirm the county locations, true and correct copies of which are collected in Exhibit 70.  Finally, I used Exhibit 75 to determine which county was in which RA.  As discussed above, Dr. Chipty used population data and claims data to assign RAs. I understand that Dr. Chipty did not limit her population data to populations who subscribe to commercial health care insurance.  So, for example, her population data includes people age 65 and older who would be eligible for Medicare and includes individuals who are on MediCal.  Dr. Chipty could have accessed and accounted for this data, but did not.  U.S. Census showing populations by California county for individuals 65 or older is publicly available and derived from the U.S. census.  *See e.g.*, https://www.indexmundi.com/facts/united-states/quick-facts/california/percent-of-population-65-and-over#table.  For MediCal data including county enrollment figures, *see https://www.dhcs.ca.gov/dataandstats/Pages/Medi-Cal-Eligibility-Statistics.aspx.*  As that site explains, one third of California's population in enrolled in MediCal.

81.    Attached hereto as Exhibit 71 is true and correct copy of an excerpt of the Blue Shield Small Group Premium Data (Willig Decl. Ex. J) tab titled "RTMS 2011-2013" that has been filtered to reflect addresses containing the phrase "P.O. Box" or "PO Box."  The results for

# ATTACHMENT E

-----Original Message-----
From: Kiernan, David C. <dkiernan@JonesDay.com>
Sent: Thursday, August 26, 2021 5:13 PM
To: Kim, Jean <JKim@constantinecannon.com>; CAND LBpo <lbpo@cand.uscourts.gov>; Laurel Beeler
<Laurel_Beeler@cand.uscourts.gov>; Elaine Kabiling <Elaine_Kabiling@cand.uscourts.gov>
Cc: Burnside, Elizabeth M. <eburnside@jonesday.com>; Cantor, Matthew <MCantor@constantinecannon.com>
Subject: RE: Sidibe et al. v. Sutter Health - Demonstratives re Supplemental Notice

Dear Judge Beeler,

Attached is a copy of the presentation Sutter will use.  Thank you.

-----Original Message-----
From: Kim, Jean <JKim@constantinecannon.com>
Sent: Thursday, August 26, 2021 2:05 PM
To: CAND LBpo <lbpo@cand.uscourts.gov>; Laurel Beeler <Laurel_Beeler@cand.uscourts.gov>; Elaine Kabiling
<Elaine_Kabiling@cand.uscourts.gov>
Cc: Kiernan, David C. <dkiernan@JonesDay.com>; Burnside, Elizabeth M. <eburnside@jonesday.com>; Cantor, Matthew
<MCantor@constantinecannon.com>
Subject: Sidibe et al. v. Sutter Health - Demonstratives re Supplemental Notice

 ** External mail **

Dear Judge Beeler,

In advance of our continued conference this afternoon, please see attached a few demonstratives Plaintiffs would like to
share with you regarding Plaintiffs' request for supplemental notice and Sutter's opposition.  Plaintiffs maintain their
request to send corrective, supplemental notice to those Class Members in the four omitted counties.  These counties
are part of the Class RAs as defined by CMS and as evidenced in the attached.  Moreover, plaintiffs have proposed a
reasonable and expeditious plan for correcting the error.

Sutter's arguments concerning one-way intervention do not apply at this juncture when the class has been certified, best
practicable notice has been effectuated, and there is no evidence that any number of Class Members would have opted
out based upon the Court's summary judgment decision.  We also recommend to the court De la Torre v. CashCall, 2016
WL 6892693, at *16 (2016) which holds that one way intervention is subject to equitable exceptions.

Respectfully,
Jean Kim

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

# ATTACHMENT E1

# Plaintiffs' Class Definition

*Sidibe v. Sutter Health*
No. 12-cv-4854
August 26, 2021



# Plaintiffs' Original Complaint

All natural persons and entities in the following Northern California counties: Alameda, Contra Costa, San Francisco, Marin, Sonoma, Napa, San Mateo, Santa Clara, Santa Cruz, Solano, Yolo, Sutter, Yuba, Nevada, Sacramento, Amador, Placer, El Dorado, San Joaquin, Stanislaus, Merced and Lake, who paid directly or indirectly for medical services or ancillary healthcare-related services from Sutter Health or any of its Affiliated Entities (the "Class") beginning four years from the filing of this complaint and continuing until the present (the "Relevant Period"). Specifically excluded from this Class are defendants and their parent companies, subsidiaries, affiliates, officers, directors, employees, legal representatives, heirs or assigns, and co-conspirators. Also excluded are any federal governmental entities, any judicial officers presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

*ECF No. 1 ¶ 77*

- *Monterey, San Benito, Mariposa, and Tulare not listed*

# Plaintiffs' First Amended Complaint

Any person in the Northern California counties of Alameda, Contra Costa, San Francisco, Marin, Sonoma, Napa, San Mateo, Santa Clara, Santa Cruz, Solano, Yolo, Sutter, Yuba, Nevada, Sacramento, Amador, Placer, El Dorado, San Joaquin, Stanislaus, Merced and Lake, who during all or part of the period beginning September 17, 2008, and continuing until the present (the "Class Period") was (or is): (1) enrolled in a licensed health care service plan; and (2) the licensed health care service plan simultaneously had (or has) a contractual relationship with Sutter Health or any of its Affiliated Entities for access to health care services.

*ECF No. 11 ¶ 130*

- *Monterey, San Benito, Mariposa, and Tulare not listed*

3

# Plaintiffs' First Amended Complaint



FIGURE 1[1]

ECF No. 11 ¶ 10

4

# Plaintiffs' Second Amended Complaint

146.    Plaintiffs bring this action pursuant to Rule 23(a) and (b)(2)–(3) of the Federal Rules

of Civil Procedure on behalf of themselves and the following class:

> Any person in the San Francisco Bay Area Combined Statistical Area and the
> Sacramento-Roseville-Arden-Arcade Metropolitan Statistical Area who during
> all or part of the period beginning September 17, 2008, and continuing until
> the present (the "Class Period") was (or is): (1) enrolled in a licensed health
> plan offered by a commercial health insurer; and (2) the commercial health
> insurer had (or has) a contractual relationship with Sutter or any of its
> affiliated entities.

markets. Thus, the six local geographic markets implicated by Sutter's conduct include the following

counties:

- San Francisco
- Alameda
- Contra Costa
- Sacramento
- Placer
- Amador

*ECF No. 37 ¶¶ 71, 146*

- *Monterey, San Benito, Mariposa, and Tulare not listed*

5

# Plaintiffs' Third Amended Complaint

Cal. Bus. & Prof. Code § 17200, *et seq*. The Rule(b)(3) Class is comprised of the following:

> Any person in the six relevant commercial health insurance markets who during all or part of the period beginning September 17, 2008 to the present was or is enrolled in a licensed health plan offered by Anthem Blue Cross, Aetna, Blue Shield, Regence Blue Cross Blue Shield and Premera Blue Cross.

insurance to subscribers are MSA-wide. In this case, there are six independent relevant geographic markets for the sale of commercial health insurance to subscribers that are MSA-wide. They are the (1) Modesto MSA, (2) Sacramento-Roseville-Arden-Arcade MSA, (3) San Francisco-Oakland-Fremont MSA, (4) Santa Rosa-Petaluma MSA, (5) Stockton MSA, and (6) Vallejo-Fairfield MSA. (Each of these MSAs will be referred to as a "Health Plan MSA." Collectively, they will be referred to as the "Health Plan MSAs").

*ECF No. 69 ¶¶ 68, 105*

6

# Plaintiffs' Third Amended Complaint

- 72.  A relevant geographic market for the sale of commercial health insurance to subscribers is the Modesto MSA. The Modesto MSA includes <u>Stanislaus County</u>.
- 73.  A relevant geographic market for the sale of commercial health insurance to subscribers is the Sacramento-Roseville-Arden-Arcade MSA. The Sacramento-Roseville-Arden-Arcade MSA includes <u>El Dorado, Sacramento, Yolo and Placer counties</u>.
- 74.  A relevant geographic market for the sale of commercial health insurance to subscribers is the San Francisco-Oakland-Fremont MSA. The San Francisco-Oakland-Fremont MSA includes the <u>Alameda, Contra Costa, Marin, San Francisco, and San Mateo counties</u>.
- 75.  A relevant geographic market for the sale of commercial health insurance to subscribers is the Santa Rosa-Petaluma MSA. The Santa Rosa-Petaluma MSA includes <u>Sonoma County</u>.
- 76.  A relevant geographic market for the sale of commercial health insurance to subscribers is the Stockton MSA. The Stockton MSA includes <u>San Joaquin County</u>.
- 77.  A relevant geographic market for the sale of commercial health insurance to subscribers is the Vallejo-Fairfield MSA. The Vallejo-Fairfield MSA includes <u>Solano County</u>.

*ECF No. 69 ¶¶ 72-77*

- *__Monterey, San Benito, Mariposa, and Tulare not listed__*

# Plaintiffs' Fourth Amended Complaint

Cal. Bus. & Prof. Code § 17200, *et seq.*  The Rule(b)(3) Class is comprised of the following:

Any individual or entity in the nine relevant commercial health insurance markets who, during all or part of the period beginning September 17, 2008 to the present, paid some portion of premiums for a fully-insured product offered by Anthem, Blue Cross, Aetna, Blue Shield, UnitedHealthcare, or Health Net.

84.    A relevant geographic market for the sale of commercial health insurance to subscribers is RA 9.  RA 9 includes Santa Cruz County.  Due to California state law regarding the

85.    A relevant geographic market for the sale of commercial health insurance to subscribers is RA 10.   RA 10 includes Merced, San Joaquin, and Stanislaus counties.  Due to

*ECF No. 204 ¶¶ 84, 85, 113*

- *Monterey, San Benito, Mariposa, and Tulare not listed*

8

# Dr. Chipty's Class Declaration



*Chipty Class Decl. Ex. 7 (ECF No. 379-1)*

9

# Dr. Chipty's Class Declaration

The proposed Class is as follows:[7]

"All entities in California Rating area 1, 2, 3, 4, 5, 6, 8, 9 or 10 (the "Nine RAs" [8]), and all individuals that either live or work in one of the Nine RAs, that paid premiums for a fully-insured health insurance policy from Blue Shield, Anthem Blue Cross, Aetna, Healthnet or United Healthcare.  This class definition includes Class Members that paid premiums for individual health insurance policies that they purchased from these health plans and Class Members that paid premiums, in whole or in part, for health insurance policies provided to them as a benefit from an employer or other group purchaser located in one of the Nine RAs."

[8] Rating area 1 includes the counties of: (a) Del Norte; (b) Siskiyou; (c) Modoc; (d) Lassen; (e) Shasta; (f) Trinity; (g) Humboldt; (h) Tehama; (i) Plumas; (j) Nevada; (k) Sierra; (l) Mendocino; (m) Lake; (n) Butte; (o) Glenn; (p) Sutter; (q) Yuba; (r) Colusa; (s) Amador; (t) Calaveras; (u) Tuolumne; and (v) Alpine. Rating area 2 includes the counties of: (a) Napa; (b) Sonoma; (c) Solano; and (d) Marin. Rating area 3 includes the counties of: (a) Sacramento; (b) Placer; (c) El Dorado; and (d) Yolo. Rating area 4 includes the county of San Francisco. Rating area 5 includes Contra Costa County. Rating area 6 includes Alameda County. Rating area 8 includes San Mateo County. Rating area 9 includes Santa Cruz County. Rating area 10 includes the counties of: (a) Merced; (b) San Joaquin; and (c) Stanislaus. *See* Complaint, ¶¶ 77-85.

*Chipty Class Decl. ¶ 5 & fn. 8*
*(ECF No. 379-1)*

- *Monterey, San Benito, Mariposa, and Tulare not listed*

10

# Dr. Chipty's Merits Report

[4] The Class includes "All entities in California Rating area 1, 2, 3, 4, 5, 6, 8, 9 or 10 (the 'Nine RAs'), and all individuals that either live or work in one of the Nine RAs, that paid premiums for a fully-insured health insurance policy from Anthem, Blue Shield, Health Net, Aetna, or United. This class definition includes Class Members that paid premiums for individual health insurance policies that they purchased from these health plans and Class Members that paid premiums, in whole or in part, for health insurance policies provided to them as a benefit from an employer or other group purchaser located in one of the Nine RAs." "Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Class Certification," *Djeneba Sidibe et al. on Behalf of Themselves and All Others Similarly Situated, v. Sutter Health*, Case No. 3:12-cv-4854-LB, filed June 22, 2018, p. 4.

[24] The nine rating areas (the "Nine RAs") are Rating Areas 1, 2, 3, 4, 5, 6, 8, 9, and 10. Rating area 1 includes the counties of: (a) Del Norte; (b) Siskiyou; (c) Modoc; (d) Lassen; (e) Shasta; (f) Trinity; (g) Humboldt; (h) Tehama; (i) Plumas; (j) Nevada; (k) Sierra; (l) Mendocino; (m) Lake; (n) Butte; (o) Glenn; (p) Sutter; (q) Yuba; (r) Colusa; (s) Amador; (t) Calaveras; (u) Tuolumne; and (v) Alpine. Rating area 2 includes the counties of: (a) Napa; (b) Sonoma; (c) Solano; and (d) Marin. Rating area 3 includes the counties of: (a) Sacramento; (b) Placer; (c) El Dorado; and (d) Yolo. Rating area 4 includes the county of San Francisco. Rating area 5 includes Contra Costa County. Rating area 6 includes Alameda County. Rating area 8 includes San Mateo County. Rating area 9 includes Santa Cruz County. Rating area 10 includes the counties of: (a) Merced; (b) San Joaquin; and (c) Stanislaus. *See* Complaint, ¶¶ 77-85.

*Chipty Merits Rpt. fns. 4 & 24*
*(ECF No. 1017-5 Ex. 1)*

- *Monterey, San Benito, Mariposa, and Tulare not listed*

11

# Plaintiffs' Class Notice

**2.  What is the Certified Class?**

The Class certified by the Court includes:

"All entities in California Rating area 1, 2, 3, 4, 5, 6, 8, 9 or 10 (the "Nine Rating Areas" or "Nine RAs"), and all individuals that either live or work in one of the Nine RAs, that paid premiums for a fully-insured health insurance policy from Blue Shield, Anthem Blue Cross, Aetna, Health Net or United Healthcare from January 1, 2011 to the present. This class definition includes Class Members that paid premiums for individual health insurance policies that they purchased from these health plans and Class Members that paid premiums, in whole or in part, for health insurance policies provided to them as a benefit from an employer or other group purchaser located in one of the Nine RAs."

This means you may be a Class Member if you paid any portion of a premium for a fully-insured health insurance policy from any of these five Health Plans at any time from January 1, 2011 to the present, and if, during the period you paid those premiums, you lived or worked (or, if you are an employer, had an office located) in one of the following California counties: Alameda, Alpine, Amador, Butte, Calaveras, Colusa, Contra Costa, Del Norte, El Dorado, Glenn, Humboldt, Lake, Lassen, Marin, Mendocino, Merced, Modoc, Napa, Nevada, Placer, Plumas, Sacramento, San Francisco, San Joaquin, San Mateo, Santa Cruz, Shasta, Sierra, Siskiyou, Solano, Sonoma, Stanislaus, Sutter, Tehama, Trinity, Tuolumne, Yolo, and Yuba.

*ECF No. 856-2 Ex. B*

- *Monterey, San Benito, Mariposa, and Tulare not listed*

12

END

