UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DJENEBA SIDIBE, et al., | Case No. 12-cv-04854-LB |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' REQUEST FOR SUPPLEMENTAL CLASS NOTICE** |
| v. | |
| SUTTER HEALTH, | Re: ECF No. 1162 |
| Defendant. | |

The plaintiffs ask to issue a supplemental class notice to class members listed in four California counties (Mariposa, Monterey, San Benito, and Tulare) because the counties were omitted from the class notice.[1] Sutter opposes the request because the four counties are not part of the class definition in the operative complaint (or in the four earlier complaints). Also, Sutter contends that the one-way intervention rule bars the supplemental notice after the court issued its summary-judgment order.[2] The court held a hearing on August 26, 2021.[3] The court denies the request for a supplemental notice, in part because the counties are not part of the class defined in the operative complaint and in part because of the one-way intervention rule.

---

[1] Pls. Req. – ECF No. 1162 at 3. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Sutter Opp'n – ECF No. 1162 at 28 & 33.

[3] Minute Entry – ECF No. 1189.

ORDER – No. 12-cv-04854-LB

# STATEMENT

Four complaints preceded the current complaint. The first three complaints defined the class members as persons or entities within specified California counties.[4] The counties did not include Mariposa, Monterey, San Benito, and Tulare counties. The fourth complaint (titled the Third Amended Complaint) defined the class by reference to persons and entities in six relevant healthcare markets (called MSAs) and then defined each MSA by reference to the counties in it. For example, "A relevant geographic market is the San Francisco–Oakland–Fremont MSA. The San Francisco–Oakland–Fremont MSA includes Alameda, Contra Costa, Marin, San Francisco, and San Mateo counties." The complaint did not list Mariposa, Monterey, San Benito, and Tulare counties as part of any MSA.[5]

The operative complaint is the Fourth Amended Complaint. It defined the class as any individual or entity in nine relevant health-insurance markets.[6] The nine markets were "roughly congruent with the boundaries of [nine] Geographic Rating Areas," or RAs. The Affordable Care Act required states to define geographic RAs "to be used uniformly by all health plan in pricing individual and small group health insurance policies and health plans."[7] The complaint defined each RA by reference to the counties in it. The complaint did not list Mariposa, Monterey, San Benito, and Tulare counties as part of any RA. The relevant RAs for any amended class notice are RAs 9 and 10. The complaint said this about them. "RA 9 includes Santa Cruz County." "RA 10 includes Merced, San Joaquin, and Stanislaus counties."[8] The parties agree that Monterey and San Benito counties are in RA 9, and Mariposa and Tulare counties are in RA 10.[9]

---

[4] Comp. – ECF No. 1 at 36 (¶ 77); First Am. Compl. – ECF No. 11 at 52 (¶ 130); Second Am. Compl. – ECF No. 37 at 50 (¶ 146).

[5] Third Am. Compl. – ECF No. 69 at 24–26 (¶¶ 72–77).

[6] Fourth Am. Compl. – ECF No. 204 at 26 (¶ 74) (citation omitted) & 36 (¶ 113).

[7] *Id.* at 26 (¶ 74).

[8] *Id.* at 28 (¶¶ 84–85).

[9] *See, e.g.*, Maps – ECF No. 1162 at 40 (submitted by the plaintiffs at oral argument) & 58 (same map submitted by Sutter).

The court certified the following class, which refers only to the nine RAs (because that is how the parties framed the issue in their briefs):

> All entities in California Rating area 1, 2, 3, 4, 5, 6, 8, 9 or 10 (the "Nine RAs"), and all individuals that either live or work in one of the Nine RAs, that paid premiums for a fully insured health insurance policy from Blue Shield, Anthem Blue Cross, Aetna, Health Net or United Healthcare from September 28, 2008 to the present. This class definition includes Class Members that paid premiums for individual health insurance policies that they purchased from these health plans and Class Members that paid premiums, in whole or in part, for health insurance policies provided to them as a benefit from an employer or other group purchaser located in one of the Nine RAs.[10]

The plaintiffs' expert, Tasneem Chipty, Ph.D., submitted a class declaration and a merits report that reflected this class definition and the complaint's limitation of RA 9 to Santa Cruz County and RA 10 to Merced, San Joaquin, and Stanislaus counties.[11] At the hearing, the parties clarified that Dr. Chipty assessed damages for the class members in the four counties totaling approximately $13 million. The class notice similarly reflects the class definition and allegess that class members lived or worked in specified California counties. The list of counties does not include Mariposa, Monterey, San Benito, and Tulare counties.[12]

Sutter advised the plaintiffs on Monday, August 23, 2021 that the class notice did not include the four counties.[13] The transcript is not yet available, but Sutter explained at oral argument how it identified the issue. It also said that Sutter did not have hospitals in Mariposa, Monterey, San Benito, and Tulare counties, which may explain why the counties were not included in the first three complaints, which defined class members solely by reference to counties. The plaintiffs' counsel characterized the omission of the counties as an oversight in the last two complaints.

---

[10] Orders – ECF No. 714 at 5 & ECF No. 823 at 2.

[11] Chipty Class Decl. – ECF No. 379-1 at 6 (¶ 5 & n.8); Chipty Merits Rep., Ex. 1 to Shapiro Decl. – ECF No. 1017-5 at 8 n.4 & 13 n.24.

[12] Class Notice, Ex. B to Keough Decl. – ECF No. 856-2 at 62–70.

[13] Pl. Req. – ECF No. 1162 at 3.

The plaintiffs propose updating the class website and sending a corrected notice to class members in the four counties by email, direct mail, and publication. They can accomplish this in four or five days and propose a 30-day opt-out period, thereby avoiding any impact on the trial date.[14]

## ANALYSIS

The counties were never part of the class definition in any version of the complaint. By class certification, the class was defined by the nine geographic RAs, which in turn are defined by the state. The omitted counties are part of either RA 9 or RA 10. But the complaint still defines the RAs by reference to specified counties. Mariposa, Monterey, San Benito, and Tulare counties are not specified counties for any RA. Persons or entities in the counties thus are not part of the class.

Moreover, the court did not issue the summary-judgment order until after the opt-out period to avoid any issues with one-way intervention.[15] The court follows that approach here.

The one-way intervention rule prevents class members in damages class actions from waiting until the court's summary-judgment order and then deciding whether to opt in to a favorable ruling or avoid an unfavorable one. *Diva Limousine Ltd. v. Uber Techns., Inc.*, 392 F. Supp. 3d 1074, 1095 (N.D. Cal. 2019) (collecting cases); *Wit v. United Behav. Health*, No. 15-cv–02346-JCS, 2020 WL 6462401, at *11 (N.D. Cal. Nov. 3, 2020). The rule applies to partial summary-judgment orders, like the court's order here. *Diva*, 392 F. Supp. 3d at 1095–96. Equities can factor into the determination about whether to apply the rule. For example, a ruling on summary judgment that the named plaintiffs' claims lack merit disqualifies the class representatives, thus resolving the issue of class certification. *Thomas v. UBS AG*, 706 F.3d 846, 848–50 (7th Cir. 2013); *see De la Torre v. CashCall, Inc.*, No. 08-cv-03174-MEJ, 2016 WL 6892693, at *16 (N.D. Cal. Nov. 23, 2016) (collecting cases).

The equities here do not approximate those in *Thomas* and *CashCall*. Instead, the case is more like *Wit*. There, a subset of class members was omitted from the class lists as a result of the

---

[14] *Id.*

[15] Order – ECF No. 962 at 6.

method that the parties used to identify class members. The plaintiffs' counsel learned of the issue when three class members contacted them. 2020 WL 6362401, at *4. Like the summary-judgment order here, the *Wit* court had issued an adjudication favoring the class. *Id.* at *7, 11. The court applied the one-way intervention rule, denied the motion to send out a new class notice after the summary-judgment order, and instead modified the class definition to exclude the omitted class members, in part because the plaintiffs did not demonstrate that they acted diligently to identify class members. *Id.* at *11 (noting that the result might be different if the defendant, which had a better understanding of the databases used to identify class members, failed to provide sufficient information to the plaintiffs about the flaws in the methodology).

The equities here do not compel a deviation from the one-way intervention rule.

## CONCLUSION

The court denies the plaintiffs' request for a supplemental notice. This disposes of ECF No. 1162.

**IT IS SO ORDERED.**

Dated: August 28, 2021

———————————————
LAUREL BEELER
United States Magistrate Judge