UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DJENEBA SIDIBE, et al., | Case No. 12-cv-04854-LB |
| Plaintiffs, | |
| v. | **PROPOSED PRELIMINARY JURY INSTRUCTIONS** |
| SUTTER HEALTH, et al., | |
| Defendants. | |

The court proposes the attached preliminary jury instructions.

**IT IS SO ORDERED.**

Dated: August 31, 2021

_____
LAUREL BEELER
United States Magistrate Judge

### 1.3: DUTY OF JURY

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

### 1.5: CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties at trial.

The plaintiffs in this case are four people who paid premiums for health insurance and two companies who paid premiums for their employees between January 1, 2011 and the present. They represent a class of other individuals and employers who also paid premiums for health insurance during this time period. The defendant is Sutter Health, a healthcare system that owns and operates 24 hospitals and other medical-service providers in Northern California.

Four health-insurance companies provided the health insurance: Anthem Blue Cross, Blue Shield of California, Aetna, and Health Net. These health-insurance companies cover the medical expenses incurred for medical services provided to their members, including those provided at Sutter hospitals. They also contract with Sutter for services that Sutter provides to their members.

The plaintiffs claim that Sutter violated California and federal antitrust laws by using its economic power in seven markets to force the health-insurance companies to buy Sutter's medical services in four other markets. The plaintiffs claim that as a result, the health-insurance paid higher prices for inpatient hospital service, and the plaintiffs paid higher premiums. The plaintiffs also claim that Sutter's contracts with the health-insurance plans contained terms that unreasonably restrained competition, resulting in higher prices for inpatient services and higher premiums for the plaintiffs.

Sutter denies these claims. Sutter raises the affirmative defenses that it had legitimate business justifications for its conduct and contract terms that benefited competition and consumers, and that these benefits outweigh any impact on competition. The plaintiffs deny Sutter's affirmative defenses.

### CLASS ACTION

As you just heard, this lawsuit is a class action. A class action is a lawsuit allows a representative or a small number of representatives to sue a defendant on behalf on behalf of a larger group of people or businesses who have similar legal claims. The representatives and the larger group together are called a "class." You may assume that the evidence at trial applies to class members unless I tell you otherwise. All members of the class are bound by the result of this trial.

The class in this case is defined as

> All entities in California rating area 1, 2, 3, 4, 5, 6, 7, 9 or 10, and all individuals that either live or work in one of these nine rating areas, that paid premiums for a fully insured health-insurance policy from Blue Shield, Anthem Blue Cross, Aetna, Health Net or United Healthcare from 2011 to the present. This class definition includes class members that paid premiums for individual health-insurance policies that they purchased from these health plans and class members that paid premiums, in whole or in part, for health-insurance policies provided to them as a benefit from an employer or other group purchase located in one of the nine rating areas. A rating area is a geographical area determined by the State for the purpose of setting commercial health-insurance premiums. Individuals that are members of the class may have either purchased individual health-insurance policies or shared in the payment of premiums, with their employers or groups, for group health insurance.

Source:  CACI 115; Instruction No. 2, Prelim. Jury Instr. No. 2, *In re Capacitors Antitrust Litig.*, No. 3:17-md-02801-JD, ECF No. 1216 at 3.

### 1.6: BURDEN OF PROOF — PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

### OPENING INSTRUCTIONS

During the trial, you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "court."

By your verdict, you will decide disputed issues of fact in this case. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented.  Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses.  During the trial, you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

The lawyers are not allowed to speak with you during this case.  When you see the lawyers at a recess or pass them in the halls or on the sidewalk near the courthouse and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember

the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

### 1.9: WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I may instruct you to accept as proved.

### 1.10: WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

### 1.11 EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

### 1.12: DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

### 1.13: RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

### JUDGE'S QUESTIONS TO WITNESSES

During the trial, I may sometimes ask a witness questions. Please do not think I have any opinion about the subject matter of my questions. I may ask a question simply to clarify a matter, not to help one side of the case or harm another side. Remember, at all times, that you, as jurors, are the sole judges of the facts of this case.

## 1.14: CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case, if any;
5. the witness's bias or prejudice, if any;
6. whether other evidence contradicted the witness's testimony;
7. the reasonableness of the witness's testimony in light of all the evidence; and
8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

# 1.15: CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved — including the parties, the witnesses or the lawyers — until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

### 1.16: PUBLICITY DURING TRIAL

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

### 1.17: NO TRANSCRIPT AVAILABLE TO JURY

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

### 1.18: TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

### 1.19: QUESTIONS TO WITNESSES BY JURORS DURING TRIAL

When attorneys have finished their examination of a witness, you may ask questions of the witness. The court will give you a form, where you can write your question. Do not sign the question. You can give the form to the courtroom deputy or to me. I will review the question with the lawyers first to determine whether it is legally proper and if it is, I will ask the question. If the rules of evidence do not permit a particular question, I will advise you. There are some that I may not allow or may ask in a different way, either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

After your questions, if any, the attorneys may ask additional questions.

### 1.20: BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

### 1.21: OUTLINE OF TRIAL

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiffs will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.