| | |
|---|---|
| CONSTANTINE CANNON LLP<br>MATTHEW L. CANTOR (*pro hac vice*)<br>JEAN KIM (*pro hac vice*)<br>335 Madison Avenue, 9th Floor<br>New York, NY 10017<br>Telephone: (212) 350-2700<br>Facsimile: (212) 350-2701<br>mcantor@constantinecannon.com<br>jkim@constantinecannon.com | THE MEHDI FIRM<br>AZRA Z. MEHDI (State Bar No. 220406)<br>One Market Street<br>Spear Tower, Suite 3600<br>San Francisco, CA 94105<br>Telephone: (415) 293-8039<br>Facsimile: (415) 293-8001<br>azram@themehdifirm.com |
| *Lead Counsel for Plaintiffs and the Class* | *Co-Lead Counsel for Plaintiffs and the Class* |
| JONES DAY<br>Jeffrey A. LeVee (State Bar No. 125863)<br>555 South Flower Street<br>Fiftieth Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 489-3939<br>Facsimile: (213) 243-2539<br>jlevee@JonesDay.com | BARTKO ZANKEL BUNZEL & MILLER<br>Robert H. Bunzel (State Bar No. 99395)<br>Patrick M. Ryan (State Bar No. 203215)<br>Oliver Q. Dunlap (State Bar No. 225566)<br>One Embarcadero Center, Suite 800<br>San Francisco, CA 94111<br>Telephone: (415) 956-1900<br>Facsimile: (415) 956-1152<br>rbunzel@bzbm.com<br>pryan@bzbm.com<br>odunlap@bzbm.com |

*Counsel for Defendant Sutter Health*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DJENEBA SIDIBE, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>SUTTER HEALTH,<br><br>   Defendant. | Case No. 3:12-CV-04854-LB<br><br>**JOINT NOTICE OF RELEVANT VERDICT FORMS**<br><br>Courtroom:  B, 15th Floor<br>Judge:        The Hon. Laurel Beeler |

Per the Court's September 4, 2021 Order (ECF 1183), Plaintiffs, Djeneba Sidibe et al., and Defendant Sutter Health, submit the following list of relevant verdict forms from the Judicial Council of California Civil Jury Instructions (CACI):

- VF-3406 Horizontal and Vertical Restraints (Use for Direct Competitors or Supplier/Reseller Relations)—Other Unreasonable Restraint of Trade—Rule of Reason (attached as Exhibit A)
- VF-3409 Tying—Products or Services (Bus. & Prof. Code, § 16727) (attached as Exhibit B)

Dated: September 7, 2021  JONES DAY

By /s/ *Jeffrey A. LeVee*
Jeffrey A. LeVee
Attorneys for Defendant Sutter Health


Dated: September 7, 2021  STEYER LOWENTHAL BOODROOKAS ALVAREZ & SMITH LLP

By /s/ *Allan Steyer*
Allan Steyer
Attorneys for Plaintiffs

**FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the above signatories.

Dated:  September 7, 2021                    By:  */s/ Jeffrey A. LeVee*
                                                  Jeffrey A. LeVee

# EXHIBIT A

Case 3:12-cv-04854-LB   Document 1185   Filed 09/07/21   Page 5 of 11

Judicial Council Of California Civil Jury Instruction VF-3406, Judicial Council Of...

**Judicial Council Of California Civil Jury Instruction VF-3406**

**Judicial Council Of California Civil Jury Instructions** | July 2021 Update
By the Judicial Council of California Advisory Committee on Civil Jury Instructions

Cartwright Act

# VF-3406 Horizontal and Vertical Restraints (Use for Direct Competitors or Supplier/Reseller Relations)—Other Unreasonable Restraint of Trade—Rule of Reason

We answer the questions submitted to us as follows:

1. Did [*name of defendant*] [and [*name of alleged coparticipant[s]*]] agree to [*describe conduct constituting an unreasonable restraint of trade*]?

    ___ Yes            ___ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2. Was the purpose or effect of [*name of defendant*]'s conduct to restrain competition?

    ___ Yes            ___ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3. Did the anticompetitive effect of the restraint[s] outweigh any beneficial effect on competition?

    ___ Yes            ___ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4. Was [*name of defendant*]'s conduct a substantial factor in causing harm to [*name of plaintiff*]?

    ___ Yes            ___ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

Judicial Council Of California Civil Jury Instruction VF-3406, Judicial Council Of...

Case 3:12-cv-04854-LB   Document 1185   Filed 09/07/21   Page 6 of 11

5. What are [*name of plaintiff*]'s damages? $\_\_\_\_\_

 Signed: _____
                    Presiding Juror

Dated: \_\_\_\_\_

After [this verdict form has/all verdict forms have] been signed, notify the [clerk/bailiff/court attendant] that you are ready to present your verdict in the courtroom.

*New September 2003; Revised December 2010, December 2016*

**Directions for Use**

This verdict form is based on CACI No. 3405, Horizontal and Vertical Restraints (Use for Direct Competitors or Supplier/Reseller Relations)—Other Unreasonable Restraint of Trade—Rule of Reason—Essential Factual Elements.

The special verdict forms in this section are intended only as models. They may need to be modified depending on the facts of the case.

If there are multiple causes of action, users may wish to combine the individual forms into one form. If different damages are recoverable on different causes of action, replace the damages tables in all of the verdict forms with CACI No. VF- 3920, Damages on Multiple Legal Theories.

If the jury is being given the discretion under Civil Code section 3288 to award prejudgment interest (see Bullis v. Security Pac. Nat'l Bank (1978) 21 Cal.3d 801, 814 [148 Cal.Rptr. 22, 582 P.2d 109]), give CACI No. 3935, Prejudgment Interest. This verdict form may need to be augmented for the jury to make any factual findings that are required in order to calculate the amount of prejudgment interest.

**WEST'S EDITORIAL REFERENCES**

**Related References:**
- BAJI 7.82, 7.82.1, 7.86, 7.86.1

**Statutory References:**
- Bus. & Prof. Code, §§ 16720, 16725, 16726

**Library References:**

- Cal. Jur. 3d, Monopolies and Restraints of Trade § 73

**Research References:**
- West's Key Number Digest, Antitrust and Trade Regulation ⚷620, 628, 629
- West's Key Number Digest, Trial ⚷352.1(3)
- C.J.S., Monopolies §§ 240, 242
- C.J.S., Trial §§ 818, 928, 957

© 2021 by the Judicial Council of California. All rights reserved. See front matter for a listing of Judicial Council Task Force and Advisory Committee members who have contributed to these jury instructions.

**End of Document**  © 2021 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT B

**Judicial Council Of California Civil Jury Instruction VF-3409**

Judicial Council Of California Civil Jury Instructions | July 2021 Update
By the Judicial Council of California Advisory Committee on Civil Jury Instructions

Cartwright Act

# VF-3409 Tying—Products or Services (Bus. & Prof. Code, § 16727)

We answer the questions submitted to us as follows:

1. Are [*tying item*] and [*tied product or service*] separate and distinct?

 \_\_\_ Yes          \_\_\_ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2. Did [*name of defendant*] sell [*tying product*] only if the buyer also purchased [*tied product or service*], or did [*name of defendant*] sell [*tying product*] and require or otherwise coerce buyers [to also purchase [*tied product or service*]] [to agree not to purchase [*tied product or service*] from any other supplier]?

 \_\_\_ Yes          \_\_\_ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3. Does [*name of defendant*] have sufficient economic power in the market for [*tying product*] to coerce at least some consumers into purchasing [*tied product or service*]?

 \_\_\_ Yes          \_\_\_ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4. Was [*name of defendant*]'s conduct a substantial factor in causing harm to [*name of plaintiff*]?

 \_\_\_ Yes          \_\_\_ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5. What are [*name of plaintiff*]'s damages? $\_\_\_\_\_

Signed: _____

Judicial Council Of California Civil Jury Instruction VF-3409, Judicial Council Of...

Case 3:12-cv-04854-LB   Document 1185   Filed 09/07/21   Page 10 of 11

       Presiding Juror

Dated: \_\_\_\_\_

After [this verdict form has/all verdict forms have] been signed, notify the [clerk/bailiff/court attendant] that you are ready to present your verdict in the courtroom.

*New September 2003; Revised December 2010, December 2016*

**Directions for Use**

This verdict form is based on CACI No. 3421, Tying-Products or Services—Essential Factual Elements.

The special verdict forms in this section are intended only as models. They may need to be modified depending on the facts of the case.

If alternative grounds are asserted regarding question 3, this question can be modified according to element 3 of CACI No. 3421.

If there are multiple causes of action, users may wish to combine the individual forms into one form. If different damages are recoverable on different causes of action, replace the damages tables in all of the verdict forms with CACI No. VF- 3920, Damages on Multiple Legal Theories.

If the jury is being given the discretion under Civil Code section 3288 to award prejudgment interest (see Bullis v. Security Pac. Nat'l Bank (1978) 21 Cal.3d 801, 814 [148 Cal.Rptr. 22, 582 P.2d 109]), give CACI No. 3935, Prejudgment Interest. This verdict form may need to be augmented for the jury to make any factual findings that are required in order to calculate the amount of prejudgment interest.

**WEST'S EDITORIAL REFERENCES**

**Related References:**

- BAJI 7.82, 7.82.1, 7.86, 7.86.1

**Statutory References:**

- Bus. & Prof. Code, § 16727

**Library References:**

Judicial Council Of California Civil Jury Instruction VF-3409, Judicial Council Of...

Case 3:12-cv-04854-LB   Document 1185   Filed 09/07/21   Page 11 of 11

- Cal. Jur. 3d, Monopolies and Restraints of Trade § 55

**Research References:**

- West's Key Number Digest, Antitrust and Trade Regulation 620, 664
- West's Key Number Digest, Trial 352.1(3)
- C.J.S., Monopolies §§ 240, 242
- C.J.S., Trial §§ 818, 928, 957

© 2021 by the Judicial Council of California. All rights reserved. See front matter for a listing of Judicial Council Task Force and Advisory Committee members who have contributed to these jury instructions.

**End of Document**  © 2021 Thomson Reuters. No claim to original U.S. Government Works.