December 15, 2021

**VIA ECF AND EMAIL**

The Honorable Laurel Beeler
United States Magistrate Judge
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    *Djeneba Sidibe et al. v. Sutter Health,* **Case No. 3:12-cv-04854-LB**

Dear Judge Beeler:

    The parties submit this joint letter to address Plaintiffs' proposed addition of Melissa Brendt as a live witness in their case-in-chief, rather than having her appear by deposition.

**Sutter's Position**

    Plaintiffs informed Sutter on Monday of this week, December 13, that they intend to add Ms. Brendt as a live witness in their case. This belated disclosure flouts Rule 26(a)(3)(B) (which requires that parties identify their live witnesses "at least 30 days before trial") and at least seven pretrial orders and stipulations requiring the parties to identify their witnesses by a particular date. *See, e.g.*, ECF 843, 945, 952, 956, 988; *see also* 9/1/2021 email from J. Manning to E. Burnside; 11/22/201 email from J. Kovacs to E. Burnside. Plaintiffs first identified Ms. Brendt as a trial witness on March 1, 2021, and the parties have exchanged five iterations of witness lists since. On each of these occasions, plaintiffs identified Ms. Brendt only as a deposition witness. Plaintiffs reiterated that position as recently as December 7, 2021. *See* 12/7/2021 Plaintiffs' Witness List; Pltfs' Revised Deposition Designations (12/3/2021). At no point until Monday of this week did Plaintiffs give any indication that they intended to call Ms. Brendt live in their case rather than by deposition. This untimely disclosure comes only three days before jury selection and 15 court days before opening statements in a four-week trial with approximately 70 witnesses. As plaintiffs know, the actual available remaining time for trial preparation is even shorter given the two major holidays at the end of this month.

    No possible justification exists for plaintiffs' failure to identify Ms. Brendt as a live witness earlier. Plaintiffs have been aware for years of for the importance of Ms. Brendt's testimony at trial. She is the most prominent witness in this case. She sat for 10 days of deposition attended by plaintiffs' counsel (6 of which were attended by lead counsel) and she provided more than 63 hours of testimony. Plaintiffs have cited her testimony and documents in

The Honorable Laurel Beeler
December 15, 2021
Page 2

virtually every motion they've filed, including extensively in opposing summary judgment. Nothing has changed in this case since March 1, 2021 that provides any basis for now switching Ms. Brendt to testifying live in plaintiffs' case. Whatever possible reasons may be behind Plaintiffs' abrupt change of course, they have been fully known or available to plaintiffs for many months if not years. Plaintiffs contend that this change was prompted by the Court's comments encouraging the parties to reduce the total trial time. But they offer no explanation for how calling Ms. Brendt live in their case would achieve that goal. They state that, if they cannot call Ms. Brendt live, they will have to "resort" to offering her deposition testimony to avoid a Rule 50 motion by Sutter. But plaintiffs' need to have certain evidence admitted in their case is nothing new—that is presumably why plaintiffs designated the Brendt deposition testimony for their case-in-chief in the first place. And plaintiffs' calling Ms. Brendt live will, if anything, likely *increase* the time required for this case, not reduce it.

Plaintiffs' untimely addition of Ms. Brendt as a live witness would severely prejudice Sutter. In structuring its case, Sutter relied on Plaintiffs' repeated and consistent representations that they were not calling Brendt in their case-in-chief. Among other things, Sutter prepared its defense case around Brendt being its main witness in the defense case, including sequencing evidence and other witnesses around her testimony. Sutter allotted 2.5 hours for Ms. Brendt's testimony, more time than allotted to any non-expert witness. Moving Ms. Brendt to plaintiffs' case would force Sutter to re-work its trial plan largely from scratch on the eve of trial. Among other things, having Ms. Brendt testify in plaintiffs' case will mean that she will need to address some topics that Sutter had planned for other witnesses to cover prior to her testimony, which will require re-allocating time and re-doing witness outlines.

Sutter would also be faced with the logistical impossibility of rescheduling its witness preparation meetings with over 23 witnesses that it expects will testify live at trial. With respect to Ms. Brendt, Sutter has planned to meet with Ms. Brendt during plaintiffs' case-in-chief, in part because December is a particularly busy time for Ms. Brendt as the Managed Care Department is working to finalize insurer contract negotiation before the end of the year. If Ms. Brendt is to testify as early as the first week of trial, however, Sutter will be forced to try to find time for her preparation before the end of the year during this extraordinarily busy time—a predicament that is created solely by Plaintiffs' untimely disclosure. Other witnesses' prep meetings would then have to be re-shuffled as a result—meetings that have already been scheduled around the prior order of witnesses and the witnesses' and counsel's travel, personal, and professional schedules over the holidays. Rescheduling meetings for 23 witnesses cannot be done at the drop of the hat: this requires coordinating the schedules of in-house counsel, outside counsel, and the witnesses (some of whom are no longer current Sutter employees). There is a reason that Rule 26 *requires* parties to separately identify their live and deposition-only witnesses. *See* FRCP 26(a)(3)(A)(i) & (ii).

Plaintiffs do not meaningfully respond to any of Sutter's arguments regarding prejudice. Plaintiffs point to scheduling changes relating to Darrin Wells, a Blue Shield witness. But it was Blue Shield who asked Sutter to call Mr. Wells earlier so that Mr. Wells can go on a vacation. Sutter would prefer to call Mr. Wells in its own case and in the order he was identified. Sutter's willingness to accommodate Mr. Wells does not justify plaintiffs' last-minute switch of Ms. Brendt.[1] Plaintiffs also suggest that Ms. Brendt is only being called a week earlier, but this does nothing to alleviate the logistical impossibility plaintiffs' bait-and-switch imposes on Sutter in terms of scheduling and conducting witness preparation meetings. Plaintiffs' arguments fall far short of satisfying *their* burden to prove that their noncompliance with Rule 26 is substantially justified or harmless.

Given the lack of any intervening events and Plaintiffs' repeated and relied on identification of Ms. Brendt as a video-only witness, the inescapable conclusion is that Plaintiffs' last-minute disclosure is blatant sandbagging. Because Plaintiffs' conduct violates several pretrial orders, stipulations, and Rule 26, Sutter requests that the Court order plaintiffs to withdraw their belated identification of Ms. Brendt as a live witness. *See* FRCP 37(c)(1)(C) (permitting the Court to impose sanctions where a party "fails to provide information or identify a witness as required by Rule 26(a) or (e)"). Courts routinely grant motions to exclude witnesses in similar circumstances. *See, e.g.*, *Mendoza v. Intuitive Surgical, Inc.*, No. 18-CV-06414-LHK, 2021 WL 1910886, at *3 (N.D. Cal. May 12, 2021) (excluding testimony of witnesses belatedly identified less than a month before trial); *Miranda v. U.S. Sec. Assocs., Inc.*, No. 18-CV-00734-LHK, 2019 WL 2929966, at *5 (N.D. Cal. July 8, 2019) (excluding undisclosed witnesses identified four weeks before trial even though they were "equally known to [the other party]").

**Plaintiffs' Position**

Plaintiffs oppose Sutter's motion to prevent Plaintiffs from calling Melissa Brendt, Sutter's Chief Contracting Officer, in Plaintiffs' case-in-chief. For months, Plaintiffs have advised Sutter that Ms. Brendt's testimony will be presented during their case, albeit by video deposition, and Sutter has similarly, for months, advised Plaintiffs that they will call Ms. Brendt live in their case. Given the Court's admonitions at the December 9, 2021 Pretrial Conference to proceed as efficiently as possible and to reduce the need for Ms. Brendt's testimony to be presented twice, Plaintiffs advised Sutter, on December 13, 2021, that they will call Ms. Brendt

---

[1] Ms. Brendt and Mr. Wells are also very different witnesses. Mr. Wells will testify on discrete issues relating to his actuarial work supporting Blue Shield. He is not the centerpiece of either party's case.

The Honorable Laurel Beeler
December 15, 2021
Page 4

live in their case. Plaintiffs' December 13 notice to call Ms. Brendt live comports with the Court's December 9 directives and will not result in any prejudice to Sutter.[2]

At the December 9, 2021 Pretrial Conference, the Court advised the parties that they would have to conclude their evidentiary presentations on or about January 31, 2021. As the trial will open on January 6, 2021, this will allow for approximately seventeen (17) trial days, less than the maximum time for trial previously identified by the Court in its August 2021 Final Pretrial Order. ECF No. 1167 (identifying that the "trial will last up to four weeks," which would allow for 20 total trial days). Given this, the Court advised the parties that they will need to further refine their evidentiary presentations to streamline the case, particularly so that jurors will not have to serve for any longer than necessary during this era of COVID-19. Plaintiffs have decided to call Ms. Brendt live to comport with the Court's directive -- not to "sandbag" Sutter, as it contends, but rather to reduce their overall trial presentation.

Sutter should not be surprised by Plaintiffs' request to call Ms. Brendt live.[3] As far back as July 2, 2021, Plaintiffs disclosed to Sutter its intention to present Ms. Brendt's testimony in their case. Moreover, in all exchanges of witness lists between the parties, Plaintiffs have reserved their rights to both add witnesses "in response to… future pretrial rulings" and to "modify… or expand the scope and time estimate of testimony of any witness." Plaintiffs' Corrected Further Revised Case-in-Chief Trial Witness List (December 7, 2021). Notably, Sutter's most recent witness list had similar reservations of rights, including the right to "add or remove witnesses based on the outcome of any pre-trial or trial rulings" and "the right to change the manner of presentation depending on information learned regarding the availability of witnesses…." Sutter's Amended and Revised Good Faith Case-in-Chief Ordered Trial Witness List with Time Estimates (December, 3, 2021). Plaintiffs have modified their witness list and witness order now in light of the December 9 ruling related to the length of trial.

Sutter will not incur any prejudice by Plaintiffs calling Ms. Brendt live. This is not a scenario where Plaintiffs are springing a "surprise witness" on Sutter. As Sutter notes in its

---

[2] Furthermore, it comports with the Court's requirement that the "parties will call their joint witnesses only once." ECF No. 1167.

[3] Plaintiffs have also reduced the number of trial exhibits and Federal Rule of Evidence ("FRE") 1006 summaries to comport with the Court's guidance. On December 3, 2021, the Plaintiffs withdrew over 50 exhibits and over 20 FRE 1006 summaries. In contrast, Sutter has not reduced the number of exhibits that it has propounded: on that date, it increased the total number of trial exhibits and FRE 1006 summaries from 789 to 799.

portion of this letter brief, Ms. Brendt is the critical witness in this case: Sutter undoubtedly has been preparing her to provide trial testimony for months. Moreover, Plaintiffs stipulated, several months ago, that Sutter can go beyond the scope of the examination for the witnesses that Plaintiffs will call live in their case-in-chief (so long as Sutter has identified the subjects of such examination). ECF No. 1168 (Joint Pretrial Order). This eliminates any concern that the scope of Plaintiffs' exam of Mr. Brendt will somehow limit Sutter's examination of Ms. Brendt if she is called in Plaintiffs' case.

According to the current draft of Plaintiffs' Witness Order list, which Plaintiffs intend to serve later today on Sutter, Plaintiffs intend to call Ms. Brendt as their 18th witness. That would mean that Ms. Brendt would likely be called to testify on or about Friday, January 14 or Tuesday, January 18 – only about a week or so before when Ms. Brendt would have otherwise been offered by Sutter for testimony.[4] As a result, Sutter will have many days in January (and any time that she can spare in December) to prepare her for her testimony: accordingly, Sutter's concern that it will have insufficient time to prepare Ms. Brendt to testify is meritless.[5]

Sutter further claims that it will be prejudiced if Plaintiffs call Ms. Brendt live because they will have to "resequence" the order of evidence that they present. But that is part of the trial process. Notably, after Sutter served Plaintiffs with their portion of this letter brief, Sutter advised Plaintiffs that it may seek to call a Blue Shield witness (Darrin Wells) during Plaintiffs case, given that witness' personal schedule. (Sutter has previously only told Plaintiffs that it "may call" Mr. Wells.) Plaintiffs would rather not have Sutter's witnesses called during their case, but understand the reality of trial scheduling and how that can interfere with the parties intended plans regarding case presentation. Accommodations often must be made to ensure that trial is completed within allotted times: that is the case here.

If Plaintiffs are not permitted to call Ms. Brendt live in their case, they will have to resort to offering her video to ensure that portions of her testimony, including testimony regarding certain internal Sutter communications, are admitted in their case; this will add trial time that could otherwise be eliminated.[6] Sutter's suggestion that Plaintiffs' calling of Ms. Brendt in their

---

[4] The Court will be closed on Monday, January 17, 2021 to observe the federal holiday honoring Dr. Martin Luther King, Jr.

[5] If Ms. Brendt cannot appear on either of these days for a specific reason, Plaintiffs are prepared to meet and confer with Sutter over when she can be available.

[6] Among other reasons, Plaintiffs seek to admit this evidence so that Dr. Chipty (Plaintiffs' final witness) can refer to it during her testimony for the record in opposition to any Rule 50 motion that Sutter makes at the end of Plaintiffs' case.

The Honorable Laurel Beeler
December 15, 2021
Page 6

case will increase trial time, rather than reduce it, is simply baseless.  30-45 minutes of trial time will be saved if Plaintiffs forego playing the Brendt deposition video.

     For the foregoing reasons, the Court should deny Sutter's effort to block Plaintiffs from calling Ms. Brendt during their case-in-chief.

                                            Very truly yours,

                                            */s/ David C. Kiernan*
                                            David C. Kiernan
                                            Jones Day
                                            *Counsel for Defendant Sutter Health*

                                            */s/ Matthew L. Cantor*
                                            Matthew L. Cantor
                                            Constantine Cannon LLP
                                            *Counsel for Plaintiffs and the Certified Class*

NAI-1524685840v1