# JONES DAY

555 SOUTH FLOWER STREET • FIFTIETH FLOOR • LOS ANGELES, CALIFORNIA 90071.2452

TELEPHONE: +1.213.489.3939 • FACSIMILE: +1.213.243.2539

Direct Number: (213) 243-2572
jlevee@jonesday.com

December 22, 2021

**VIA EMAIL**

The Honorable Laurel Beeler
United States Magistrate Judge
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Djeneba Sidibe et al. v. Sutter Health*, Case No. 3:12-cv-04854-LB

Dear Judge Beeler –

Upon review of the Court's December 2, 2021 Transcript of Proceedings ("Transcript") and December 6, 2021 Order Addressing Objections to Trial Exhibits ("Order") (ECF 1318), it has come to my attention that there may be some confusion. I write to clarify.

During the December 2, 2021 pretrial conference, we discussed whether Mr. Wallach had ever represented Sutter. I explained that he had never represented Sutter in this or any other matter. In reviewing the transcript, I realize that I likely misunderstood one of the Court's questions, and I want to make sure that I clarify my response.

> **Mr. LeVee**: Sure. Which can be covered in cross. But I'm -- I'm addressing more the question of whether Mr. Wallach is the right person. And -- because most of this can be covered in cross. I've been in several Federal Court trials where another lawyer for the law firm representing the client who swears that he didn't bill an hour, doesn't know anything about the case, hasn't ever worked for the client -- and that would be the case with Mr. Wallach --
>
> **The Court**: So he did not bill Sutter for any of this.
>
> **Mr. LeVee**: He's never represented Sutter on anything.
>
> **The Court**: Okay.
>
> **Mr. LeVee**: I've been in a number of cases, more against me than for me, but I've never objected where one of the lawyers from the other firms, or mine, takes the stand because that's the person most close, who you can count in to show up, and who takes the stand -- usually-- I'll be candid. Usually, there's not so much

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

The Honorable Judge Beeler
December 22, 2021
Page 2

> controversy.  I've never seen a motion to exclude on the basis that my -- that the witness, against me or for me, is -- is a partner or an associate -- or legal assistant, for that matter -- of the law firm whose client is trying to get the matter into evidence.  And that -- we always have to choose someone who is not involved in the case, because there are cases, as Ms. Kim pointed out and the plaintiffs have cited to the Court, there are specific cases that say: Well, if you're an advocate for the client in the sense of you have appeared, you argue and so forth, you're not the right person. Man, woman, child, whatever.  So I really want to emphasize I see this as two distinct issues. One is: Should Mr. Wall- -- can Mr. Wallach do this, whether or not people think it's a good idea. Can he do it.  And the second issue is: Is he doing it inappropriately?  And if he's doing it inappropriately, that can be addressed either pretrial or, of course, during trial, as a result of cross-examination.
>
> **The Court**: Okay. All right.  *Id.* at 46:21-48:10.

The Court's Order denying plaintiffs' request to preclude Mr. Wallach from testifying noted that "[a]t oral argument, Sutter said that he has never worked for Sutter and never billed an hour to them." (ECF 1318 at 4.)  Reviewing the transcript, it appears that you were asking whether Mr. Wallach had billed any time preparing 1006 summaries, and I want to correct the record:  Mr. Wallach did bill Sutter for his time preparing 1006 summaries, but Mr. Wallach has never worked for Sutter and never billed an hour to Sutter other than for the 1006 summaries.  To the extent I misunderstood the Court's question, I apologize for the confusion.

The Order also incorporates statements from Sutter's submission regarding evidentiary disputes, including the Declaration of David Kiernan, that "*[o]ther than his preparation of certain summary exhibits*, . . . Mr. Wallach has never been involved in the representation of Sutter in the above-captioned action or in the UFCW state case," and "has never provided legal advice to Sutter in his entire career." ECF 1290-2 at 4 (¶ 30) (emphasis added); *see also* Joint Letter – ECF 1295 at 2.  These statements were and are correct.

Very truly yours,

/s/ *Jeffrey A. LeVee*
Jeffrey A. LeVee

cc:   Matthew Cantor
      Jean Kim

JONES DAY

The Honorable Judge Beeler
December 22, 2021
Page 3

    Robert Bunzel
    David Kiernan