CONSTANTINE CANNON LLP

**Matthew L. Cantor**
Attorney at Law
212-350-2738
mcantor@constantinecannon.com

NEW YORK | WASHINGTON | SAN FRANCISCO | LONDON

January 14, 2022

*VIA ECF, Email and Hand Delivery*

Chief Judge Richard Seeborg
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *Djeneba Sidibe et al. v. Sutter Health,* Case No. 3:12-cv-04854-LB

Dear Chief Judge Seeborg:

      We write on behalf of the Plaintiffs and a certified Class of over three million employers and individuals in the above-reference antitrust matter, presided over by the Honorable Laurel Beeler. Specifically, we write to request that Your Honor (and, if necessary, the Northern District Executive Committee) direct the Northern District Jury Office to permit additional jury selection in this matter, <u>now entering its tenth year</u> and notwithstanding that a jury was selected on December 16, 2021. Additional jury selection is necessary to ensure that trial in this very old matter, for which fact discovery was completed over three years ago, can proceed with enough jurors. We understand from Judge Beeler's statements at a Case Management Conference held on January 13, 2022 ("CMC") that the Jury Office would not allow for additional jury selection at this time (which, if necessary, could be completed on a fully remote basis).

      We also write to ask that Your Honor confer with Judge Beeler about whether a trial should proceed in this case on or before February 10, 2022, even if on a hybrid-remote basis (where jurors would be live in the courthouse, but witnesses and counsel may participate remotely) or a fully-remote basis (where jurors would participate remotely as well) to maximize COVID-19 safety protocols. The defendant, Sutter Health, has objected to proceeding with trial via remote means. Attached is a Joint Letter filed by the parties on January 11, 2022 outlining their positions concerning trial scheduling and the use of remote means to try this case.

      Judge Beeler stated at the CMC that, given Sutter's objection, she would not schedule a fully remote jury trial, but that she understood that the Court would need to be "flexible" with respect to remote procedures. We believe that this means that Judge Beeler would permit some, if not all, witnesses and/or counsel to appear remotely, but not jurors. Judge Beeler further indicated that many scheduled, live trials in the Northern District would likely not proceed until March. Unfortunately, due to significant health issues involving leaders of Plaintiffs' legal team

NYDOCS 460594v.1

335 MADISON AVE. 9TH FLOOR, NEW YORK, NY 10017  TELEPHONE: 212-350-2700  FACSIMILE: 212-350-2701  HTTP://WWW.CONSTANTINECANNON.COM

A LIMITED LIABILITY PARTNERSHIP

CONSTANTINE CANNON LLP

NEW YORK | WASHINGTON | SAN FRANCISCO | LONDON

January 14, 2022
Page 2

(that we advised the Court about in September 2021 and which Judge Beeler should feel free to discuss with you), it will be difficult for Plaintiffs to try this case between March and June of 2022.  Moreover, Judge Beeler has a conflict in mid-July 2022.  As a result, if trial does not begin by February 10, a trial with the participation of the legal team that has steered this case for almost a decade will likely not begin until July 25, 2022.  That is over six months from now.

      While we understand that Judge Beeler ultimately has authority to determine the timing and form of trial, we thought that it might be helpful for Your Honor and/or other members of the Executive Committee to confer with her, particularly as this case has been substantially delayed due to Ninth Circuit proceedings (in which Plaintiffs' prevailed), multi-month adjournments requested by Sutter, and the COVID-19 pandemic, but could proceed to trial by February 10 with remote technology, if necessary.  This case should also proceed now because Plaintiffs' claims have substantial merit.  That conclusion is supported by (1) decisions (a) certifying the Plaintiff Class, which the Ninth Circuit refused to disturb on interlocutory appeal, (b) denying two motions for summary judgment brought by Sutter, and (c) denying Sutter's attempts to strike Plaintiffs' experts and (2) a $575 million and injunctive relief settlement entered into by Sutter in October 2019 (on the eve of trial) in a state court antitrust case brought by the California Attorney General and a different Class involving the same Sutter conduct.  Notably, that state case was filed approximately 1.5 years *after* this one.

      Plaintiffs were twice prepared to try this case – in October 2021 and on January 6, 2022.  The Court adjourned the scheduled October trial start date in September 2021 to January 6, 2022 over Plaintiffs' objection: that objection was premised upon the health issues confronting Plaintiffs' legal team, which have been worsening, and after Plaintiffs have spent the Spring and Summer of 2021 preparing for trial.  Plaintiffs spent the Fall of 2021 preparing again for trial with dozens of witnesses, lawyers, experts, and consultants putting in thousands of hours to do so.  A jury was even picked on December 16, 2021.  But then, on January 5, 2022, the day before trial was to commence, the Northern District suspended all jury trials.  Since that time, we have lost several jurors due to illness and/or hardship, which is why additional jurors need to be selected now if we are to proceed with this case soon.

      Another 6.5-month adjournment will profoundly prejudice the Class.  Discovery closed over three years ago.  Witnesses, many of whom are non-parties, may become unavailable and their memories are fading.  Many of the trial tasks that have been completed (*e.g.*, preparing and scheduling witnesses), which took many hundreds of attorney hours, will have to be done a third time.  Class Members -- some of whom stand to recover tens, if not hundreds, of thousands of dollars -- may never receive compensation for the damages Sutter caused them; individual Class Members will pass away and employer Class Members will go out of business during that time.

      Numerous courts have recognized the need to adapt during the COVID era, permitting fully remote jury trials.  They have held that such jury trials are consistent with Constitutional

CONSTANTINE CANNON LLP

NEW YORK | WASHINGTON | SAN FRANCISCO | LONDON

January 14, 2022
Page 3

and procedural maxims. *See* the various authorities set forth in Plaintiffs' portion of the attached Joint Letter. To have a successful hybrid or fully remote trial, Plaintiffs have outlined protocols that could be used by the Court that are modeled upon those in the often cited W.D. Washington Remote Jury Trial Handbook. *See* Joint Letter, Exhibit A. Plaintiffs also offered trial vendor resources to meet any shortfall in the Court's, and a plan to secure and make available rapid testing and PPE should the Court want to conduct any aspect of trial in-person. *See id.*

Given our duty to protect the interests of the Class and based on the foregoing, we request that Your Honor direct the Jury Office to call additional potential jurors for trial in this case, including by allowing for virtual *voir dire* and jury selection. And we request that you confer with Judge Beeler to determine whether and how trial in this matter should move ahead.

Thank you for your attention to this matter.

Respectfully submitted,

*/s/ Matthew L. Cantor*_____
Matthew L. Cantor
Constantine Cannon LLP
*Counsel for Plaintiffs and the Certified Class*


Attachment

cc:   The Honorable Laurel Beeler
      Jeffrey A. LeVee, Esq. (Jones Day, counsel for Sutter Health)
      David C. Kiernan, Esq. (Jones Day, counsel for Sutter Health)
      Robert Bunzel, Esq. (Bartko Bunzel, counsel for Sutter Health)

NYDOCS 460594v.1