UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DJENEBA SIDIBE, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SUTTER HEALTH, et al.,<br><br>　　　　Defendants. | Case No. 12-cv-04854-LB<br><br>**ORDER REGARDING TRIAL LOGISTICS** |

　　The court held a case-management conference on January 13, 2022 about trial logistics. This order summarizes the discussion.

　　First, the Northern District has suspended in-person trials until January 27, 2022. The court thus reset the trial date from January 6 to January 27. The court had asked the parties to discuss a fully or partly remote trial. The Western District of Washington has conducted remote trials. The court also consulted with the jury office here, and it seems likely that it could be done. Sutter objected to a remote trial. The court will not order a remote trial over Sutter's objection. Among other reasons, the exigency surrounding the Omicron variant likely will dissipate by the end of February. The parties' backup plan is to start the trial in person on February 10 (or earlier if possible). For now, the court thinks that the logistical issues merit starting on February 10.

　　Second, the jury office contacted the existing jurors to see whether they can be time qualified for six weeks starting January 27, 2022. (The court has set trial limits, but given the pandemic,

ORDER – No. 12-cv-04854-LB

possible delays, and time for deliberation, this time period was appropriate.) The court shared the results with the parties. One juror has not responded, four are time qualified, and others identified hardships. Many are work hardships: often, hardship to the employer is not something that the court considers. But one juror postponed retirement by a month to accommodate work and the trial and has a post-retirement prepaid vacation that possibly spans jury deliberations. Others have identified real work issues, including a teacher who was able to accommodate the trial in January but not now, in part because of the difficulties obtaining substitute teachers (as discussed during jury selection). One juror has to walk for five minutes every thirty minutes, is 74, and is concerned about taking BART during the pandemic. (The court has reached out to discuss an accommodation about the walking issue.) In sum, it is not possible to seat the ten jurors that the court wanted to seat. If the court keeps some jurors who say they are not available for work conflicts, then it seems possible to seat six to eight jurors. That does not give a lot of room for error: the court lost (temporarily) at least four jurors in less than a week before the trial was to start.

Third, the court asked the jury office whether it can pull in more jurors if not enough jurors show up on the day of trial. The court was told that it cannot and that either the case starts with this jury or a new jury needs to be picked. Also, the court cannot pick a new jury this quarter because of the court's pandemic protocols. (The court has explained them previously: essentially there is a queue for trials, criminal trials take priority, and civil cases are slotted in after, depending on available courtroom space.) Thus, if the jury is discharged, then the earliest a trial can take place is Q2 2022. The court agreed to ask again and will update the parties.

Fourth, the related lead counsel for the plaintiffs has a conflict, which has been discussed in earlier proceedings. It is immutable and requires him to be absent starting in March for around 120 days, which puts a start date of the trial in July 2022 at the earliest. This is why the court is asking again whether it can pick more jurors for a February trial date.

**IT IS SO ORDERED.**

Dated: January 14, 2022

LAUREL BEELER
United States Magistrate Judge