STEYER LOWENTHAL BOODROOKAS
ALVAREZ & SMITH LLP

January 24, 2022

<u>**VIA ECF and EMAIL**</u>

The Honorable Laurel Beeler
United States Magistrate Judge
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Sidibe et al. v. Sutter Health,* **Case No. 3:12-cv-04854-LB**

Dear Judge Beeler:

Plaintiffs write regarding two issues that are very likely to derail the orderly and efficient admission of evidence at trial. First, Sutter has refused to reduce its trial exhibit list in violation of this Court's June 14, 2021 Order and repeated admonitions to do so. Second, Sutter has refused to withdraw numerous, baseless objections to Plaintiffs' trial exhibits, despite the Court's guidance in its December 6, 2021 Order regarding the parties' exemplar objections. Left unresolved, Sutter's bloated exhibit list and frivolous objections will continue to impose substantial and unnecessary burdens on the Court, non-party counsel, and Plaintiffs' counsel. We have met and conferred repeatedly with Sutter's counsel without success. With the start of trial quickly approaching, we respectfully ask the Court to compel Sutter to comply with the Court's Orders and instructions and reduce its trial exhibits and objections.

**A.   <u>Sutter's Failure to Reduce Its Trial Exhibits</u>**

The Court has repeatedly instructed the parties to reduce the number of trial exhibits. On June 14, 2021, the Court ordered that "500 exhibits is the appropriate number at this point, and it should be fewer than 100 by trial." ECF No. 1038 at 2:3-4. Again, on December 6, 2021, the Court ordered the parties to "pare down" their trial exhibits. ECF No. 1318 at 6:13-14. Despite these instructions and orders, Sutter's core trial exhibit list still has **578** trial exhibits, in contrast to Plaintiffs' **387** trial exhibits. In addition, Sutter continues to maintain a "Sutter 1006 List" that includes an additional **993** documents *that Sutter is reserving the right to use as regular trial exhibits.*[1]

The Court has expressed the view that the number of trial exhibits would work itself out as the parties hone their cases for trial. This has proven true for Plaintiffs, but not for Sutter. As of today, Sutter still has 78 more exhibits than the 500 exhibits the Court deemed appropriate back in June 2021, almost 200 more than Plaintiffs, and over five times more than the Court suggested would be appropriate by trial. Sutter's "hide the ball" strategy, including its

---

[1] These numbers do not include Sutter's 233 expert exhibits and FRE 1006 summaries which increase Sutter's total number of exhibits to 811. Plaintiffs' total number of exhibits, including expert exhibits and FRE 1006 summaries, is 523.

STEYER LOWENTHAL BOODROOKAS
ALVAREZ & SMITH LLP ATTORNEYS

Page 2

inappropriate "Sutter 1006 List," violates the Court's repeated instructions and is impeding
Plaintiffs' trial preparation.

## B. <u>Sutter's Failure to Reduce Its Objections</u>

As early as the spring of 2021, the parties began discussing a procedure to reduce the
number of objections to trial exhibits. After dozens of meet and confers that did not resolve these
objections, the parties agreed to provide exemplar exhibits to the Court to obtain guidance on the
objections. *See* Attachment "A" (10/5/2021 Burnside letter); ECF Nos. 1289, 1290. The parties
also agreed to exchange revised objections "incorporating any guidance received from the
Court." *See* Attachment "A" (the "parties are seeking guidance from the Court at a hearing on
November 4, which may then require further revisions to objections" and that the schedule was
designed "to permit the parties sufficient time to review and prepare meaningfully revised
responses in light of any guidance from the Court . . . ."); ECF No. 1289 at 2:20-24.

On December 6, 2021, the Court issued its "Order Addressing Objections to Trial
Exhibits" ("Order"). The Court's Order states that it "memorializes the court's rulings on the
*representative* exhibits" and that [t]he parties must try to resolve these issues for the rest of the
exhibits." ECF No. 1318 at 6:13-14 (emphasis added). The Order ruled in Plaintiffs' favor on
Plaintiffs' Issues 1, 2, 3, 4, 5, 6, and 8, overruled Sutter's objections, and further ruled that "[t]he
parties must try to resolve these issues for the rest of the exhibits . . . ." ECF No. 1318 at 6:13-14.

With the benefit of the Court's time and effort in ruling on the exemplar exhibits and
objections, the parties agreed to exchange revised objections on December 22, 2021. In
accordance with the Court's Order, Plaintiffs withdrew a significant number of objections to
Sutter's trial exhibits, ***but Sutter did not remove a single objection in response to the Court's
Order*** other than to the specific, submitted exemplars for Plaintiffs' Issues 1, 2, 3, 4, 5, or 8.[2]
Moreover, although the purpose of the exchange was to apply the Court's rulings and remove
objections much more broadly, Sutter improperly ***added*** new objections. To date, Sutter
continues to assert ***multiple objections*** to 80% of Plaintiffs' trial exhibits (310 of 387), and 100%
of Plaintiffs' expert exhibits.[3] Sutter's continued assertion of these objections will require the

---

[2] As an example, Sutter continues to object on the basis of a lack of foundation (FRE 602) to
56% of Plaintiffs' trial exhibits (216 of 387) and 97% of Plaintiffs' FRE 1006 summaries and
expert exhibits (132 of 136). Similarly, Sutter continues to object on the basis of improper lay
opinion (FRE 701) to 49% of Plaintiffs' trial exhibits (191 of 387). These numbers differ from
those cited by the Court in ECF No. 1318 not because Sutter withdrew its objections, but because
Plaintiffs withdrew numerous trial exhibits.

[3] In contrast, Plaintiffs assert objections to approximately of 52% Sutter's trial exhibits (300 of
578) and 62% of Sutter's FRE 1006 summaries and expert exhibits (144 of 233). Plaintiffs object

STEYER LOWENTHAL BOODROOKAS
ALVAREZ & SMITH LLP ATTORNEYS

Page 3

Court to spend significant time every day, and perhaps in the middle of testimony, to resolve them. The Court has already informed the parties that the trial day may not conclude until 3:00 p.m. and that the Court has criminal duty in February. Sutter's continued assertion of objections after the Court spent time and effort on the exemplar process will impose undue burdens on the Court, Plaintiffs' counsel, and non-party counsel, will cause significant delay, and will obstruct the orderly admission of evidence.

Plaintiffs have urged Sutter to pare down its objections in meet and confers since the December 16 Order was entered, including those for which the Court overruled Sutter's objections. For example, with respect to Plaintiffs' Issue 6, concerning Sutter's objections to all exhibits that rely on public and the class health plan data, the Court "overrule[d]" those objections and cited to the representative exhibits "TX 4673, TX 4670, and TX 4687." ECF No. 1318 at 3:16-20. In response, Sutter stated that the Court's Order "plainly did not order Sutter to withdraw objections . . ." *See* Attachment "B" (12/27/2021 Burnside email).[4]

To remedy Sutter's conduct, Plaintiffs respectfully request the Court order that: (1) the parties reduce the number of trial exhibits on their respective lists (excluding expert exhibits and FRE 1006 summaries) to 250 or less; (2) the parties exchange reduced trial exhibit lists on January 30, 2022; (3) Sutter cannot use any document from its "Sutter 1006 List" as a standalone exhibit at trial; and (4) Sutter must remove objections to Plaintiffs' trial exhibits as set forth in the Order (ECF 1318).

Respectfully submitted,

*/s/ Jill M. Manning*
Jill M. Manning
Co-Counsel for Plaintiffs and the Class

cc:    Jeffrey A. LeVee
       David C. Kiernan
       Robert H. Bunzel
       Elizabeth M. Burnside
           (*via email*)

to 40 of Sutter's expert exhibits on the sole basis that the expert exhibits now contain new, argumentative text that Sutter added after the Court issued the Order.

[4] Sutter half-heartedly argued that it cannot withdraw objections because they will not be preserved for appeal. However, the parties are working on a stipulation to preserve appellate rights for objections to pre-2006 trial exhibits and have discussed mechanisms for doing the same for objections withdrawn pursuant to the Order. Accordingly, Sutter's argument is not well-taken and provides no basis to avoid complying with the Order.

235 Pine Street, 15th Floor       San Francisco, California 94104       Tel 415 421 3400

ATTACHMENT A

# JONES DAY

555 SOUTH FLOWER STREET • FIFTIETH FLOOR • LOS ANGELES, CALIFORNIA 90071.2452

TELEPHONE: +1.213.489.3939 • FACSIMILE: +1.213.243.2539

Direct Number: (213) 243-2129
EBURNSIDE@JONESDAY.COM

October 5, 2021

<u>VIA EMAIL</u>

David M. Goldstein
Farmer Brownstein Jaeger Goldstein Klein & Siegel LLP
235 Montgomery Street, Suite 835
San Francisco, CA 94104
dgoldstein@fbjgk.com

        Re:    <u>*Sidibe v. Sutter Health*, Case No. 3:12-cv-04854-LB</u>

Dear David:

      This letter is in response to your October 1, 2021 correspondence and the parties' ongoing discussions regarding their respective objections to each other's trial exhibit lists.

      We were disappointed to review your letter, as it mischaracterizes and misstates much of the parties' several hours of discussions regarding exhibit list objections. In numerous instances you attribute statements to Sutter that were never made, or mischaracterize the scope of the agreements reached between the parties. Most fundamentally, however, your correspondence continues to advance a narrative that Sutter is somehow the impediment to the parties resolving various evidentiary issues. But as is apparent from your letter, it is Plaintiffs, and not Sutter, who are refusing to agree to reasonable stipulations to avoid wasting the Court's, the jury's, and the parties' time. Indeed, Plaintiffs not only ignore the evidentiary rulings the Court has already made, but go so far as to assert new objections, never raised before, in an effort to avoid the stipulations the Court has repeatedly encouraged the parties to reach.

      Responding in full to your seven-page letter, including the various misstatements and misrepresentations therein, will take longer than two business days. However, we did want to provide a response to Plaintiffs' proposed schedule to revise all evidentiary objections and responses in advance of the November 4 hearing.

      Unfortunately, the process Plaintiffs have proposed is not realistic. The parties took close to two months to prepare objections to their respective exhibit lists, from February 1 to March 22, 2021. (Plaintiffs then took another four weeks—until April 16—to prepare revised narrative responses that they had previously failed to prepare.) Yet Plaintiffs now are proposing that both sides revise all objections in approximately two weeks. This is unrealistic and illogical, given

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

David M. Goldstein
October 5, 2021
Page 2

that the parties are seeking guidance from the Court at a hearing on November 4, which may then require further revisions to objections.

To streamline the submission of materials to the Court in advance of the November 4 hearing, and to permit the parties sufficient time to review and prepare meaningfully revised responses in light of any guidance from the Court, Sutter proposes the following schedule:

- October 14, 2021 (or a date thereabouts to be agreed upon by the parties):  The parties resume a two-hour meet and confer discussion with lead trial counsel present to identify whether any further agreements can be reached, and to identify where the parties are at an impasse.

- October 20, 2021:  The parties identify to each other the exemplar documents, by Trial Exhibit No. or Exchange ID No., which they propose to address with the Court at the November 4 hearing.

- October 28, 2021:  The parties jointly lodge[1] exemplar trial exhibits along with any FRE 1006 or expert exhibits to be addressed with the Court at the November 4 hearing.

- November 4, 2021:  Hearing on exemplar documents, FRE 1006 exhibits, and expert exhibits.

- November 23, 2021:  The parties exchange revised objections to the exhibit lists, including FRE 1006 summaries and expert exhibits, incorporating agreements reached through meet and confer and revisions necessary in light of any guidance from the Court on November 4.

- December 10, 2021:  The parties exchange revised responses to objections to the exhibit lists, including FRE 1006 summaries and expert exhibits.

We will provide by October 8 a further response to pages 2-7 of your letter.  The parties can then discuss their respective positions on October 14.  We are available on that date from 1:00-5:00 p.m. PST.  Please advise if you are available at any point during that time, or if there is

---

[1] Plaintiffs' proposal also suggested that the parties "*file* exemplar documents for the November 4 hearing." (emphasis added).  Given that the documents to be submitted are still subject to the Court's sealing process, and because the FRE 1006 summary exhibits and expert exhibits to be submitted by the parties will not have gone through the sealing process at that time, any exhibits submitted to the Court should be lodged, and not filed.

JONES DAY

David M. Goldstein
October 5, 2021
Page 3

another convenient time during which counsel for Plaintiffs, including lead trial counsel, are
available.

Very truly yours,

/s/ Elizabeth M. Burnside

Elizabeth M. Burnside

ATTACHMENT B

**From:** Burnside, Elizabeth M. <eburnside@jonesday.com>
**Sent:** Monday, December 27, 2021 3:32 PM
**To:** Kovacs, James J. <jkovacs@constantinecannon.com>; Shapiro, Shaina C. <sshapiro@jonesday.com>; Cantor, Matthew <MCantor@constantinecannon.com>; Kim, Jean <JKim@constantinecannon.com>; David Brownstein <dbrownstein@fbjgk.com>; David Goldstein <dgoldstein@fbjgk.com>; Allan Steyer <asteyer@steyerlaw.com>; Scott Macrae <smacrae@steyerlaw.com>; Jill Manning <jmanning@steyerlaw.com>; Suneel Jain <sjain@steyerlaw.com>; Azra Mehdi <azram@themehdifirm.com>; Givens, Deborah <dgivens@constantinecannon.com>; Koenig, Matthew <mkoenig@constantinecannon.com>; Fore, Wyatt <wfore@constantinecannon.com>
**Cc:** Kiernan, David C. <dkiernan@JonesDay.com>; LeVee, Jeffrey A. <jlevee@JonesDay.com>; Selden, Brian G. <bgselden@JonesDay.com>; Zeng, Catherine T. <czeng@jonesday.com>; 'Robert H. Bunzel' <RBUNZEL@bzbm.com>; Oliver Q. Dunlap <odunlap@BZBM.com>
**Subject:** RE: Sidibe et al. v. Sutter Health

Jimmy,

We continue to disagree regarding the scope of the Court's order, which plainly did not order Sutter to withdraw objections as you asserted (without citation) in your email on Wednesday.  Moreover, your representation regarding the process the parties "set up" ignores that Sutter repeatedly advised that certain of the "categories" Plaintiffs proposed (including Plaintiffs' Issue Nos. 1-4) were not subject to categorical treatment.  And indeed, despite the fact that Sutter has asked repeatedly for Plaintiffs to identify the documents that fit into those "categories," Plaintiffs have failed to do so.  (Again, in your email below, you refuse to identify any documents but just refer to the amorphous "objections that we outlined in our email below.")

Sutter will not be providing revised written objections on December 27.  We have repeatedly advised that we are willing to meet and confer as to specific documents before trial and that offer still stands.  In any event, we are confident that the parties will work through evidentiary issues based on the process set forth by the Court, including taking any guidance into account, after orders of proof are disclosed on a daily basis.

Regards,

Elizabeth


Elizabeth M. Burnside
Partner
**JONES DAY® - One Firm Worldwide℠**
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Office +1.213.243.2129
Cell +1.310.283.0342