January 25, 2022

**BY ELECTRONIC CASE FILING**

The Honorable Laurel Beeler
United States Magistrate Judge
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

        Re:    <u>*Djeneba Sidibe et al. v. Sutter Health*, Case No. 3:12-cv-04854-LB</u>

Dear Judge Beeler:

        Plaintiffs, on behalf of the certified Class, and Defendant Sutter Health (together, the "Parties") submit this joint letter regarding production of certain time records for Mr. Jonathan Orszag, Sutter's expert. The Parties set forth their positions below. Lead counsel, David Kiernan and Matthew L. Cantor, met and conferred on January 24, 2022 by telephonic means and were unable to fully resolve the dispute.

## STATEMENT OF UNRESOLVED ISSUES

        As articulated in the subpoena, Plaintiffs respectfully request complete production of Mr. Orszag's time records for work formulating his expert opinions in this matter, regardless of whether that time has been formally invoiced, continuing until the beginning of trial. Sutter responds that it has produced all records of Mr. Orszag's time in response to the subpoena up through the date of his deposition, and Plaintiffs' request for invoice productions continuing after his deposition until trial is unsupported by their requests and the Federal Rules.

## PLAINTIFFS' STATEMENT

        Mr. Orszag's time records are directly relevant to the credibility of his expert testimony. Plaintiffs are entitled to a full cross-examination as to what Mr. Orszag did, and how much time he spent, in "adopt[ing] the substantive opinions" of Dr. Willig "as if they were [his] own, given the work that [Mr. Orszag] had done to confirm that [he] agree[s] with those opinions." Orszag Dep. 143:11-14. For this cross-examination, Plaintiffs need an accurate accounting of Mr. Orszag's time. Further, Sutter will suffer no prejudice from production of these time records as they are not privileged and are easily retrievable.

        Plaintiffs first requested these records in the subpoena served on November 15, 2021. Plaintiffs asked for "ALL DOCUMENTS . . . that relate to compensation for YOUR service . . . regardless of whether such compensation has been paid," Orszag Subpoena Req. No. 5. Yet Sutter has produced Mr. Orszag's time records **only through December 6, 2021**, i.e. just before his deposition, and only in the form of formal invoices. Sutter cannot claim that its subpoena obligations have ended; parties have a continuing obligation to "supplement" ***any*** "disclosure or response" to a request for production "in a timely manner," Fed. R. Civ. P. 26(e)(1)(A). This obligation applies to all discovery devices,

January 25, 2022
Page 2

including party subpoenas. *See* 9A Wright & Miller, *Federal Rules of Civil Procedure* ¶2452 (3d ed. through April 2021 update) ("Rule 26 clearly defines the scope of discovery for all discovery devices," including party subpoenas). Indeed, Sutter's sole cited authority addresses a **nonparty** subpoena, but Rule 26(e)'s duty to supplement extends only to "part[ies]," Fed. R. Civ. P. 26(e)(1)(A); *see also Walker v. White*, 2010 WL1957291, at *1-2 (W.D.N.C. May 14, 2020) (differentiating between party and nonparty subpoena for Rule 26(e)'s duty to supplement) (denying motion to quash). And there is nothing in Rule 26(e)'s duty to supplement that excludes a party's expert. In fact, experts are **expressly subject** to Rule 26(e). Fed. R. Civ. P. 26(e)(2) ("For an expert whose report must be disclosed . . . , the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition."). Nor can Sutter reasonably argue that Mr. Orszag is a "non-party" witness—Mr. Orszag has been retained and compensated by Sutter specifically for the purpose of providing expert testimony in this matter. Indeed, if Sutter's position were true, and expert witnesses were "nonparties" for the purposes of Rule 26(e), there would be no expert supplementations at all. And to the extent that providing Mr. Orszag's time records implicitly modifies the schedule, it is only a minor adjustment, and necessary to accomplish the full replacement of Sutter's experts. Indeed, Plaintiffs have offered to disclose any remaining time records from Plaintiffs' experts that have not yet been produced.

Mr. Orszag's time records are no "sideshow." Nor is it any "unfair advantage" to cross-examine an expert witness on the amount of work he performed in developing his opinions. Mr. Orszag is Sutter's principal expert in this case. Dr. Willig, Sutter's original expert, submitted **six** expert reports, totally 454 pages; 117 substantive exhibits, tables, and figures; and substantial backup; over three plus years. They referenced significant amounts of data and materials considered. Moreover, Dr. Willig sat for four full days of deposition: his deposition transcripts amount to 1,206 pages. But Mr. Orszag "adopted" **all** of Dr. Willig's "opinions, and the bases for those opinions" after, purportedly, only working on this matter for a couple of hundred hours. Expert Report of Jonathan Orszag (Nov. 19, 2021) ¶11.[1] He did not have to do this. Rather, Mr. Orszag could have chosen, after conducting his independent analysis, to either abandon any opinion with which he disagreed and only adopt those opinions that were critical to Sutter's trial presentation. Indeed, the parties' stipulation on expert substitution envisioned that Mr. Orszag might not adopt all of Dr. Willig's opinions. *See* ECF No. 1278, at ¶2 ("On November 19, 2021, Mr. Orszag will serve a report that identifies the opinions in Dr. Willig's reports, declarations and testimony that he adopts and to which he will testify at trial, the bases for his adoption of same, and any qualifications or clarifications with respect to those opinions.").

Further, the time records requested are directly related to the compensation that Mr. Orszag will receive for his work in this matter. And the compensation an expert receives for producing an opinion is explicitly addressed by the Federal Rules, precisely in order to allow for cross-examination. *See*

---

[1] Sutter appears to complain that Plaintiffs "condition[ed]" Mr. Orszag's substitution for Dr. Willig on the agreement that he would not provide new expert opinions at the eleventh hour and after numerous rounds of expert discovery in this action were already completed. But the law is clear that Mr. Orszag was not permitted, at this juncture, from offering new opinions as a substitute expert. *See Chien Van Bui v. City and County of San Francisco*, 2018 WL 4959056, at *1-2 (N.D. Cal. Jan. 31, 2018) (allowing substitution of experts "provided that [the new expert] does not provide opinions that are different from or in addition to those that were offered by" the first expert).

January 25, 2022
Page 3

Fed. R. Civ. P. 26(a)(2)(B)(vi); Fed. R. Civ. P. 26(b)(4)(C)(i) (trial preparation protection extends "except" those that "relate to compensation for the expert's study or testimony"). Thus, what Mr. Orszag did to substantiate Dr. Willig's opinions—and the amount of work Mr. Orszag spent to determine whether to adopt Dr. Willig's opinions—are directly relevant to assess Mr. Orszag's credibility as a witness. *See Kremsky v. Kremsky*, 758 Fed. Appx. 236, 242 (3d Cir. 2018) (party "was free to cross-examine [expert] regarding the methods he used to appraise the coins ***and the limited time he spent*** on the appraisal").

As a result, Plaintiffs respectfully request the expeditious production of Mr. Orszag's remaining time records through trial, regardless of whether those records have been billed as a formal invoice, as requested in the subpoena.[2]

## DEFENDANT'S STATEMENT

Plaintiffs' request for Mr. Orszag's time records after his deposition through trial is unsupported by their requests and the Federal Rules. Sutter has produced the records called for by the subpoena and nothing more remains to be produced. Plaintiffs' request should be denied.

Plaintiffs issued a Rule 45 subpoena to Mr. Orszag before his December 7 and 8, 2021 deposition for "all documents, including invoices, . . . that relate to compensation for [Mr. Orszag's] service as an expert . . . regardless of whether such compensation has been paid." On December 3, 2021, Mr. Cantor followed up via email and requested that "any billing records identifying the time spent by Mr. Orszag on this matter ***prior to his deposition . . . be produced at the beginning of his deposition***." Mr. Cantor repeated this request during the December 7 deposition. Orszag Dep. at 79:15-17 (Cantor: "We are calling for all those records of anything that identifies the time spent by Mr. Orszag ***on this matter to date***.")

Sutter, on behalf of Mr. Orszag, served timely responses to Plaintiffs' subpoena, objecting to their request to the extent it sought to impose obligations beyond those required by law and to the request for "all" documents as overbroad, but otherwise agreed to produce responsive documents that may exist by the time of Mr. Orszag's deposition. And Sutter did so: Sutter has produced invoices from September, October, and November 2021, and a draft invoice for time from December 1 through 6, 2021. That is all that Plaintiffs requested, and Mr. Orszag's response to the subpoena is complete.[3]

Notably, this was also the practice of the parties throughout the case. Before each expert deposition, the opposing party sought documents, including invoices, beyond those required by Rule 26(a). The expert, through the responding party, produced documents at or before the deposition. For instance, Dr. Chipty was deposed in May 2021 but has produced invoices only through March 2021. Neither expert produced invoices *after* the deposition. Rather, each party served new requests in connection with subsequent depositions to bring the invoice productions current—*e.g.*, Plaintiffs requested Dr. Willig's invoices before each of his four depositions.

---

[2] Sutter argues that it did not seek to adjourn the trial date to accommodate Plaintiffs. The October trial date in this matter had already been adjourned by 90 days to January 6, 2022, and then, due to the Omicron variant, had been further adjourned. As this case is in its tenth year and has been delayed many times, Plaintiffs would not have agreed to any further adjournment, particularly as the Class would be severely prejudiced by it.
[3] The invoices reflect the time that Mr. Orszag billed to Sutter. Sutter has confirmed with Mr. Orszag that he possesses no additional records that reflect the actual pre-deposition time he spent on this matter but did not bill to Sutter.

Yet Plaintiffs say that Mr. Orszag's production is insufficient because they believe they are entitled to documents after the close of discovery on Mr. Orszag through trial. Their argument is based on an incorrect interpretation of the Federal Rules. Plaintiffs issued a Rule 45 subpoena to Mr. Orszag because they were seeking documents, including the time records at issue here, beyond those required by Rule 26(a) expert disclosures. If the time records were required by Rule 26, Plaintiffs would never have served a subpoena. There is no continuing duty to supplement responses to a Rule 45 subpoena. *See* Fed. R. Civ. P. 45 (no provision regarding supplementation); Fed. R. Civ. P. 26(e) (duty to supplement applies to Rule 26(a) disclosures and party discovery); *In re Application of Shahrokh Mireskandari*, No. 12-cv-2865, 2013 WL 12112488, at *3 (S.D. Cal. Mar. 1, 2013) ("Rule 45 does not impose a continuing obligation on the part of a non-party witness to produce documents that were created after the subpoena is issued.").

Plaintiffs cite Rule 26(e)(1), but it applies to a ***party's*** Rule 26(a) disclosures, including the party's expert disclosures under Rule 26(a)(2), and a party's discovery responses under Rules 33 (interrogatories), 34 (requests for production), and 36 (requests for admission), not document requests pursuant to a Rule 45 third party subpoena. Mr. Orszag is not a party, and there is no such thing as a "party subpoena." Indeed, the Federal Rules provide separate mechanisms for discovery from parties and non-parties—subpoenas are for non-parties. Had Plaintiffs thought Mr. Orszag was a party, they would not have served a Rule 45 third party subpoena on him. Indeed, they served a Rule 45 subpoena because they were seeking information not required by Rule 26(a). In short, Rule 26(e)(1) simply has no application here.

Plaintiffs' authorities do not support their position. Plaintiffs' citation to Wright & Miller simply explains that the *scope* of discovery under Rule 45 is the same as under Rule 26(b)—that is, it must be relevant and proportional to the needs of the case. *See, e.g.*, *Waymo LLC v. Uber Techs., Inc.*, 2017 WL 2929439, at *2 (N.D. Cal. July 7, 2017) (cited by Wright & Miller for the proposition that scope of discovery under Rule 45 is same as under Rule 26(b)). None of the cases on which Wright & Miller rely say Rule 45 imposes a duty to supplement. Nor does *Walker v. White* support Plaintiffs' interpretation. In that case, the court denied a party's motion to quash a Rule 45 non-party subpoena because the party lacked standing. 2010 WL 1957291, at *2. The court did not endorse the view that a "party subpoena" exists and explicitly stated that Rule 26(e) "speaks to the *duty* of a *party* to supplement." *Id.* (emphasis in original). In fact, the court questioned whether Rule 26(e) applies to non-parties but concluded it need not answer that question to resolve the motion. *Id.* at *1.

Even if Rule 26(e) applied, which it does not, Plaintiffs' view that Rule 26(e) permits continuing discovery through trial is also wrong—the Rule explicitly rejects Plaintiffs' position. Rule 26(e)(2) states that parties must supplement expert disclosures "by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). There is no continuing duty through trial.

Lastly, Sutter objects to Plaintiffs' sideshow about Mr. Orszag's time. Mr. Orszag replaced Sutter's previous expert, Dr. Willig, on Plaintiffs' condition that Mr. Orszag not change or offer any new opinions. Thus, Mr. Orszag's task was fairly limited: instead of evaluating the record to develop opinions and econometric models, Mr. Orszag was tasked with reviewing existing opinions and determining which he would adopt. Mr. Orszag spent 200-250 hours before his deposition reviewing expert reports, evaluating the opinions and bases for the opinions, reviewing the record, meeting

January 25, 2022
Page 5

extensively with Dr. Willig's team, interviewing Sutter witnesses, and visiting Sutter facilities. *See, e.g.*, Orszag Dep. at 90:23-91:1; 95:22-112:20; 121:6-124:6. And Mr. Orszag has continued to work, and will continue to work up through when he testifies at trial.

In addition, Plaintiffs insisted that Sutter agree to an abbreviated schedule for Mr. Orszag to issue expert reports and be deposed to preserve the then-current January 6, 2022 trial date. *See* ECF No. 1278. As Sutter's counsel explained to Plaintiffs' counsel at the time, Sutter agreed to a shortened schedule to accommodate one of Plaintiffs counsel's lead attorneys, who stated that he needed to maintain the January 6 trial date due to a serious medical condition. Plaintiffs should not be permitted to use that accommodation to try to gain an advantage by arguing that Mr. Orszag did not spend sufficient time.

In short, Mr. Orszag's review was more than sufficient, particularly under an abbreviated schedule to which Sutter agreed to accommodate Plaintiffs' counsel's medical condition. Plaintiffs' request for additional time records should be denied.

Respectfully submitted,

Matthew Cantor
*Counsel for Plaintiffs*

David C. Kiernan
*Counsel for Sutter Health*