STEYER LOWENTHAL BOODROOKAS
ALVAREZ & SMITH LLP

January 27, 2022

**VIA ECF and EMAIL**

The Honorable Laurel Beeler
United States Magistrate Judge
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

      **Re:** *Sidibe et al. v. Sutter Health,* **Case No. 3:12-cv-04854-LB**

Dear Judge Beeler:

This letter replies to Sutter's January 26, 2022 letter (ECF No. 1408) regarding Plaintiffs' request for an order limiting the number of trial exhibits and requiring Sutter to remove objections to Plaintiffs' trial exhibits in compliance with the Court's December 6, 2021 Order. Given the statements made in Sutter's letter, Plaintiffs are compelled to respond to provide an accurate record.

      **A.**    **Trial Exhibits**

First, Sutter suggests that January 20, 2022 was the first time Plaintiffs raised the issue of Sutter's bloated exhibit list. In fact, Plaintiffs have been raising this concern with Sutter since the parties first exchanged trial exhibit lists almost a full year ago on February 1, 2021, and regularly since then given Sutter's failure to meaningful reduce its trial exhibits. Plaintiffs also have raised this concern with the Court in case management conferences and pretrial conferences. We have repeatedly requested that Sutter comply with the Court's Orders and admonitions regarding Sutter's exhibit list, and we stated that we would be compelled to seek relief from the Court if Sutter did not trim it down. In response, Sutter has been clear that it will not reduce the number of the exhibits and, to the contrary, Sutter *added* exhibits to its list on January 21, 2022. During the parties' most recent meet and confer on January 20, 2021, Plaintiffs told Sutter that the parties were at impasse and that the issue is ripe for submission to the Court.

Second, Sutter argues that it needs more exhibits than Plaintiffs because, as a defendant, it "must necessarily be prepared to pivot." ECF No. 1408 at p. 2. Sutter has had Plaintiffs' trial exhibit list and witness list for months and the parties have extensively briefed the issues in this case. Sutter knows the case that Plaintiffs will present.

Third, Sutter's argument that it is merely keeping up with Plaintiffs in reducing its trial exhibits is not correct. Sutter has almost 200 more exhibits than Plaintiffs (excluding expert exhibits and FRE 1006 summaries). Plaintiffs are prepared to reduce their core trial exhibit list to 250 by January 31, 2022 if the Court orders the parties to do so.

235 Pine Street, 15th Floor      San Francisco, California 94104      Tel 415 421 3400

STEYER LOWENTHAL BOODROOKAS
   ALVAREZ & SMITH LLP ATTORNEYS

Page 2

Fourth, Sutter argues that courts presiding over other antitrust cases have allowed even larger trial exhibit lists than in this case. However, none of those cases is on point to the specific facts of this case (*i.e.*, two of those actions included multiple defendants). In any event, this Court clearly has discretion to order the parties to reduce their trial exhibits, which it already has done. *See, e.g.,* ECF No. 1318 (ordering the parties to "pare down" their trial exhibits).

Finally, Sutter argues that the 993 documents on its FRE 1006 exhibits are being held in reserve only for the purpose of laying foundation testimony if Plaintiffs object to an exhibit. That is not true. Sutter's December 3, 2021 letter to Plaintiffs is unequivocal: "Sutter's FRE 1006 list contains documents *beyond those used* to create either an FRE 1006 Summary . . . ." *See* Attachment "A" at 2 (emphasis added). Accordingly, the Court should reject Sutter's reservation of rights to use *any* document from its "Sutter 1006 List" as a standalone exhibit because that list contains documents that should have been identified as trial exhibits.

### B.    Objections

First, Sutter's statement that it withdrew the text of "over 200 of its written objections to plaintiffs' trial exhibits and expert exhibits, in response to both the Court's order and the parties' prior meet-and-confer discussions" (ECF No. 1408 at p. 3) is misleading. To inflate its "withdrawn objections" number, Sutter includes frivolous Rule 402 objections to pre-2012 and price secrecy documents that it agreed to withdraw last summer, long before the Court's December 6, 2021 Order on exemplar exhibits. There is no legitimate dispute on this point: *Sutter did not withdraw a single objection in response to the Court's order other than for the exact exemplar exhibits the Court ruled on.*[1]

Second, although Sutter states that is has no intention of wasting the parties' or the Court's time, that is exactly what it is doing by refusing to withdraw objections. Sutter is forcing Plaintiffs to guess as to which objections it will raise at trial and prepare argument in response to objections to hundreds of exhibits that are not objectionable, including documents containing Sutter's admissions and that are Sutter's business records. There is no justification for Sutter to continue to assert these objections given the Court's clear guidance.

Third, Sutter's argument that it must maintain these objections for appeal is not well taken. The parties understood that they would withdraw objections following the Court's guidance. *See* ECF No. 1401 at page 6. Moreover, Plaintiffs have offered to enter into a

---

[1]    Sutter's withdrawal of some objections pertaining to "argumentative" text found in expert exhibits does not negate the fact that Sutter continues to object to every single expert exhibit on a variety of grounds, including in violation of the Court's Order on Plaintiffs' Issue 6. *See* ECF No. 1318, at 3:16-20. Moreover, as discussed with the Court, Sutter reserved its rights pertaining to Plaintiffs' inclusion of additional text and added additional text to the majority of its expert exhibits.

235 Pine Street, 15th Floor      San Francisco, California 94104      Tel 415 421 3400

STEYER LOWENTHAL BOODROOKAS
ALVAREZ & SMITH LLP ATTORNEYS

Page 3

stipulation to preserve the record on appeal, which could include a sentence that the Court overruled the objections, to satisfy Sutter's concerns. Rather than work with Plaintiffs to accomplish this administrative task, Sutter is erecting false roadblocks to thwart an efficient and orderly trial. Moreover, the Court can resolve many of these disputes simply by ordering the parties to reduce their trial exhibits (less exhibits necessarily means less objections).

Fourth, Sutter claims that the right step now is more meeting and conferring on an exhibit-by-exhibit basis. That is wasteful and would contravene Sutter's own articulation of the purpose in seeking the Court's guidance through exemplar objections: "to permit the parties sufficient time to review and prepare meaningfully revised responses in light of any guidance from the Court . . . ." ECF No. 1401 at p. 6.

Finally, Sutter quibbles that Plaintiffs are reserving their rights to object to any Sutter FRE 1006 summary on the basis of a lack of foundation. Plaintiffs' reservation of rights is necessitated by Sutter's refusal to withdraw foundation and authenticity objections to nearly all of Plaintiffs' expert exhibits and FRE 1006 summaries, even where the Court has overruled those objections. *See* ECF No. 1401 at 3 (noting that Sutter is maintaining its objections to TX 4673, TX 4670, and TX 4687, even though the Court expressly overruled those objections). If Sutter withdraws those overruled objections, Plaintiffs are willing to withdraw their foundation objections as well.

The Court's intervention is needed to discipline Sutter's conduct in refusing to comply with the Court's orders to reduce trial exhibits and to apply its rulings on exemplar objections. Left unchecked, Sutter's trial exhibit list and frivolous objections will result in tremendous inefficiencies and waste time during trial. Plaintiffs respectfully ask the Court for the relief set forth in ECF 1401 to ensure the efficient admission of evidence and orderly progression of trial.

Respectfully submitted,

*/s/ Jill M. Manning*

Jill M. Manning
Co-Counsel for Plaintiffs and the Class

cc:     Jeffrey A. LeVee
        David C. Kiernan
        Robert H. Bunzel
        Elizabeth M. Burnside
                (*via email*)

235 Pine Street, 15th Floor          San Francisco, California 94104          Tel 415 421 3400

ATTACHMENT A

# JONES DAY

555 SOUTH FLOWER STREET  •  FIFTIETH FLOOR  •  LOS ANGELES, CALIFORNIA  90071.2452

TELEPHONE: +1.213.489.3939  •  FACSIMILE: +1.213.243.2539

Direct Number:  (213) 243-2129
EBURNSIDE@JONESDAY.COM

December 3, 2021

VIA EMAIL

David M. Goldstein
Farmer Brownstein Jaeger Goldstein Klein & Siegel LLP
235 Montgomery Street, Suite 835
San Francisco, CA 94104
dgoldstein@fbjgk.com

James J. Kovacs
Constantine Cannon LLP
1001 Pennsylvania Ave, NW, Suite 1300N
Washington, DC 200004
jkovacs@constantinecannon.com

> Re:   *Sidibe v. Sutter Health*, Case No. 3:12-cv-04854-LB

Dear David and Jimmy:

Enclosed with this correspondence please find updated pretrial disclosure documents, pursuant to the agreement of the parties during meet and confer discussions between counsel.

First, per the parties' agreement, Sutter is providing its Amended and Revised Good Faith Case-in-Chief Ordered Trial Witness List with Time Estimates ("Witness List," Attachment A). This document contains descriptions and estimates of testimonial time for witnesses that Sutter may call live or by deposition in Sutter's case in chief in the order that Sutter believes in good faith it may present such witnesses at trial.  To the extent a witness has been identified as a witness in Plaintiffs' case, Sutter has not included that witness in its good faith order, but has included witness testimonial descriptions and estimates of testimonial time.

Second, Sutter is providing an updated Exhibit List and FRE 1006 List, subject to the reservations contained in its November 19, 2021 to Sutter's Revised Trial Exhibit List and FRE 1006 List.  For the sake of convenience, since November 19, Sutter has removed the following Trial Exhibit numbers from its list:  TX 5179, 5187, 5191, 5283, 5284, 5288, 5291, 5723, 6865, 7551, 7699, 8757, 9018, 9039, 9144, 9159, 9160, 9180, 9181, 9182, 9183.  Additionally, Sutter has moved the following Trial Exhibits numbers from its exhibit list to its FRE 1006 list because they support existing FRE 1006 Summary Exhibits:  6106, 6121, 6124, 6145, 6149, 6154, 6160.  To avoid confusion, these exhibits retain their Trial Exhibit numbers on Sutter's 1006 list,

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

David M. Goldstein
James J. Kovacs
December 3, 2021
Page 2

however, Sutter does not intend to introduce these documents as trial exhibits.  Finally, as indicated in yellow highlights in the attached list, Sutter has also revised the following trial exhibits[1]:  TX 6368, 8777-78, 9131-33, 9135-37, 9179, 9184-86, 9188, 9241-44, 9248, 9251-54, 9256-58, 9260-63, 9265-67, 9298-3000, and 9339-9351.  Today, Sutter is also adding the following eight documents to its Exhibit List:  TX 8925-33.  Copies of these exhibits will be made available via link to Box.com.

This letter also responds to questions raised by Mr. Kovacs's November 30 email regarding Sutter's exhibit list and FRE 1006 list.  On November 19, Sutter inadvertently included 12 documents on both the exhibit list and FRE 1006 lists.  These exhibits are TX 5075, 5079, 5073, 5081, 5078, 6291, 6292, 9097, 9095, 6295, 6342, and 9096.  They have been removed from Sutter's FRE 1006 list.  To answer the other questions raised by Mr. Kovacs's letter:  (1) Sutter's FRE 1006 list contains documents beyond those used to create either an FRE 1006 Summary Exhibit or Expert Exhibit on Sutter's Exhibit List; and (2) subject to the express reservations of rights set forth in its November 19 exhibit list, Sutter does not presently intend to introduce documents on its FRE 1006 list as standalone exhibits at trial.

Finally, enclosed with this correspondence please also find a revised list of the page and line citations for Sutter's designated deposition testimony for use at trial.  These designations consolidate the designations of deposition testimony that Sutter lodged with the Court on August 5, 2021 with any subsequent designations of deposition testimony from Sutter.  Sutter's designations of deposition testimony are subject to the reservations made in Sutter's August 5, 2021 Designation of Deposition Testimony and Discovery Responses for Use at Trial and its November 5, 2011 Designation of the Deposition Testimony of Susan Hansen and Jerry Jankowski for Use at Trial.  Note that the only changes to these deposition designations are the following:

- Pursuant to the Court's Final Pretrial Order and its Order on Plaintiffs' Pre-2006 Offer of Proof, Sutter is withdrawing all deposition designations of Van Johnson.

- Sutter has withdrawn the designation of the following deposition testimony from its designations Jim Harrison's August 3, 2018 deposition:  327:13-21.

- Sutter has added to the deposition of Glenn Goldstein the following testimony from his April 7, 2021 deposition:  83:2-84:7, 203:12-204:6, and 204:9-11.

---

[1] Revised versions of these trial exhibits were served on November 30, 2021, pursuant to agreement of the parties.

JONES DAY

David M. Goldstein
James J. Kovacs
December 3, 2021
Page 3


Of course, Sutter will need to confirm its revised counter-designations of testimony after reviewing Plaintiffs' simultaneous disclosure of revised deposition designations.  While the removal of such corresponding counter-designations should be straightforward, we propose that the parties discuss a timeframe in which to exchange the revisions and meet and confer over any disputes.

  Please do not hesitate to contact me if you have any questions regarding the above.


       Very truly yours,

       */s/ Elizabeth M. Burnside*

       Elizabeth M. Burnside