FILED

MAR 11 2022

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DJENEBA SIDIBE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SUTTER HEALTH, et al.,<br><br>    Defendants. | Case No. 12-cv-04854-LB<br><br>**VERDICT FORM** |

**Tying Claim**

1. Did Sutter sell inpatient hospital services in one or more of the tying hospitals only if the buyer also purchased inpatient hospital services at one or more of the tied hospitals?

    Yes: _____    No: ___✗___

    If you answered yes to question 1, then answer question 2. If you answered no, stop here, answer no further questions in this section, and proceed to the "Unreasonable-Course-of-Conduct Claim" section.

2. Did Sutter have sufficient economic power for inpatient hospital services in one or more of the tying markets (Antioch, Auburn, Crescent City, Jackson, Lakeport, Tracy, and Berkeley–Oakland) to coerce at least some buyers of the services to purchase inpatient hospital services from Sutter in one or more of the tied markets (Modesto, Sacramento, San Francisco, and Santa Rosa)?

   Yes: _____     No: _____

   If you answered no to question 2, stop here, answer no further questions in this section, and proceed to the "Unreasonable-Course-of-Conduct Claim" section. If you answered yes, then answer yes or no for each tying market and then proceed to question 3.

   | Antioch | Yes: _____ | No: _____ |
   |---|---|---|
   | Auburn | Yes: _____ | No: _____ |
   | Crescent City | Yes: _____ | No: _____ |
   | Jackson | Yes: _____ | No: _____ |
   | Lakeport | Yes: _____ | No: _____ |
   | Tracy | Yes: _____ | No: _____ |
   | Berkeley–Oakland | Yes: _____ | No: _____ |

3. Did the conduct involve a substantial amount of sales, in terms of the total dollar value of inpatient hospital services at the tied hospitals?

   Yes: _____     No: _____

   If you answered yes to question 3, then answer question 4. If you answered no, stop here, answer no further questions in this section, and proceed to the "Unreasonable-Course-of-Conduct Claim" section.

4. Was Sutter's conduct a substantial factor in causing harm to the plaintiffs?

   Yes: _____     No: _____

   Proceed to the next section.

VERDICT FORM – No. 12-cv-04854-LB                2

**Unreasonable-Course-of-Conduct Claim**

5. Did Sutter force the class health plans to agree to contracts that had terms that prevented the plans from steering patients to lower-cost non-Sutter hospitals within the plan network?

    Yes: _____    No: __X_____

    If you answered no to question 5, stop here, answer no further questions in this section, and proceed to the "Damages" section. If you answered yes to question 5, then answer question 6.

6. Was the effect of Sutter's conduct to restrain competition?

    Yes: _____    No: _____

    If you answered yes to question 6, then answer question 7. If you answered no, stop here, answer no further questions in this section, and proceed to the "Damages" section.

7. Did the anticompetitive effect of Sutter's restraint outweigh any beneficial effect on competition?

    Yes: _____    No: _____

    If you answered yes to question 7, then answer question 8. If you answered no, stop here, answer no further questions in this section, and proceed to the "Damages" section.

8. Was Sutter's conduct a substantial factor in causing harm to the plaintiffs?

    Yes: _____    No: _____

    Proceed to question 9.

**Damages**

9. Did you answer yes to question 4 or yes to question 8?

    Yes: _____    No: __X_____

    If you answered yes to question 9, proceed to question 10. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

10. What are the damages to the class?

    $ _____

Signed: _[signature]_ #8  (Presiding Juror)   Dated: MARCH 11, 2022

VERDICT FORM – No. 12-cv-04854-LB                    3