**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

JUN 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DJENEBA SIDIBE; JERRY JANKOWSKI; SUSAN HANSEN; DAVID HERMAN; OPTIMUM GRAPHICS, INC.; JOHNSON POOL & SPA, on Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> SUTTER HEALTH, <br><br> Defendant-Appellee, <br><br>──────────────────── <br><br> AETNA HEALTH OF CALIFORNIA, INC.; AETNA LIFE INSURANCE COMPANY; ANTHEM BLUE CROSS; BLUE SHIELD OF CALIFORNIA; UNITED HEALTHCARE SERVICES, INC.; KAISER FOUNDATION HEALTH PLAN INC., <br><br> Intervenors. | No.  22-15634 <br><br> D.C. No. 3:12-cv-04854-LB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Argued and Submitted August 24, 2023
San Francisco, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: BUMATAY, KOH, and DESAI, Circuit Judges.

Djeneba Sidibe, Jerry Jankowski, Susan Hansen, David Herman, Optimum Graphics, Inc., and Johnson Pool & Spa (collectively "Plaintiffs"), representatives of a certified class of businesses and individuals that paid health insurance premiums to certain health plans, appeal the entry of final judgment after a jury verdict in favor of Defendant Sutter Health ("Sutter") on Plaintiffs' claims of tying and unreasonable course of conduct under the California Cartwright Act. *See* Cal. Bus. & Prof. Code § 16720 *et seq*. We have jurisdiction under 28 U.S.C. § 1291. In this memorandum disposition, we address the district court's denial of sanctions and its refusal to instruct the jury that health plans are the only relevant purchaser when defining the market. Regarding these issues, we affirm.[1]

1. The district court did not err in refusing to instruct the jury that health plans are the only relevant purchaser when defining the market. "Definition of the relevant market is a factual question 'dependent upon the special characteristics of the industry involved and we will not disturb such findings unless clearly erroneous.'" *Saint Alphonsus Med. Ctr.-Nampa Inc. v. St. Luke's Health Sys., Ltd.*

---

[1] In a concurrently filed opinion, we address the district court's exclusion of pre-2006 evidence and failure to instruct the jury to consider purpose when evaluating unreasonable course of conduct under California law. As to these issues, a majority of the panel reverses and remands. Judge Bumatay dissents from that decision and concurs only in this memorandum disposition.

2

("*St. Luke's*"), 778 F.3d 775, 783 (9th Cir. 2015) (quoting *Twin City Sportservice, Inc. v. Charles O. Finley & Co.*, 676 F.2d 1291, 1299 (9th Cir. 1982)); *see also High Tech. Careers v. San Jose Mercury News*, 996 F.2d 987, 990 (9th Cir. 1993) ("The process of defining the relevant market is a factual inquiry for the jury."). Under the commonly accepted two-stage model of healthcare competition, health plans are the focus because "the impact of a [small but significant nontransitory increase in price] would not register" with patients. *St. Luke's*, 778 F.3d at 785. However, this does not mean that patients are irrelevant. Patient preferences and behaviors can affect the relative bargaining positions of health plans, and thus affect price negotiations. Thus, the identity of the relevant purchaser is a question of fact, and the district court did not err in leaving this question for the jury.

    2.    The district court did not abuse its discretion in denying sanctions for Sutter's destruction of evidence. First, the district court's assertion that "the record does not suggest any destruction of evidence relevant to this case" is not based on a categorical exclusion of pre-2006 evidence, but on an assessment of the record, including Plaintiffs' failure to request discovery preceding 2006 and Plaintiffs' failure to identify categories of destroyed documents that they believed would be relevant. Second, the district court applied the correct legal standard for intent, under which "bad faith is required for inherent power sanctions." *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001). Finally, the district court was correct that, even

4

if a presumption of prejudice applied, the presumption had been overcome.

**AFFIRMED.**