Todd M. Schneider (SBN 158253)
**SCHNEIDER WALLACE COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone: (415) 421-7100
tschneider@schneiderwallace.com

Jason H. Kim (SBN 220279)
**SCHNEIDER WALLACE COTTRELL KIM LLP**
515 S. Figueroa Street, Suite 1060
Los Angeles, CA 90071
Telephone: (415) 421-7100
jkim@schneiderwallace.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DJENEBA SIDIBE, JERRY JANKOWSKI, SUSAN HANSEN, DAVID HERMAN, OPTIMUM GRAPHICS, INC., and JOHNSON POOL & SPA, on behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUTTER HEALTH,<br><br>Defendant. | CASE NO.: 3:12-cv-4854-LB<br><br>**REPLY IN SUPPORT OF MOTION REGARDING ENFORCEMENT OF ATTORNEY FEE ORDER**<br><br>Date:   April 2, 2026<br>Time:   9:30 a.m.<br>Place:  Courtroom B, 15th Floor<br>Judge:  The Honorable Laurel Beeler |

## I.    INTRODUCTION

Constantine Cannon, without authority and without proper reason, unilaterally reduced Schneider Wallace Cottrell Kim's ("SWCK") attorneys' fees award from a 93% *pro rata* amount to 60%, while awarding itself a disproportionately high 94.81% share (eventually reduced to 92% after negotiation with other co-counsel–negotiations that it was unwilling to engage in with SWCK). Its Opposition to Motion Regarding Enforcement of Attorney Fee Order ("Opposition" or "Opp.") confirms that it had no authority based on a contract or court order to do so. And its purported justifications relating to the quantity and quality of work it performed compared to SWCK are illogical and inconsistent with the attorney fee motion. SWCK did only the work assigned to it by Class Counsel–no more and no less–and cannot be faulted for its purportedly limited role. Furthermore, the lodestar figures presented in the attorney fee motion granted by the Court already take into account both the greater quantity and quality of attorney time incurred by Constantine Cannon as compared to SWCK. Finally, the additional details of Constantine's Cannon's allocation provided in its Opposition raise additional concerns related to its self-dealing and failure to act in good faith.

## II.    ARGUMENT

### A.    Constantine Cannon Provides No Basis for its Purported Authority to Allocate Attorneys' Fees

In response to SWCK's arguments that it was not a party to any agreement with Constantine Cannon and that no order of this Court grants it authority to allocate attorneys' fees, Constantine Cannon cites ECF No. 1764. But ECF No. 1764 says nothing about fee allocation. There, this Court stated that "Class Counsel's requested fees and reimbursement of costs is reasonable and well supported" and did not suggest in any way that Constantine Cannon could unilaterally allocate attorneys' fees in a manner disproportionate to the lodestars provided in the Motion for Attorneys' Fees. ECF No. 1764 at 2. This Court's language was quite different from that of *In re Google LLC Street View Electronic Communications Litig.,* 611 F. Supp. 3d 872, 889 (N.D. Cal. 2020), which

REPLY ISO MOTION REGARDING ENFORCEMENT OF ATTORNEY FEE ORDER

Constantine Cannon relies on. In *Google LLC Street View*, the court specified that it left "it to Co-Lead Class Counsel, in the first instance, to allocate appropriate amounts of the attorneys' fees…". *Id*. There is no such order here granting Constantine Cannon authority to allocate the fee award. To the extent this case is relevant at all, it merely confirms that Constantine Cannon's exercise of whatever authority it has must be reasonable, which it was not as set forth below.

Constantine Cannon also argues that the Court's fee order was not "self-executing" and therefore it was required to allocate the award. This is not true. Implementation of the fee award required no discretion from Constantine Cannon. It could have–and should have–simply: (1) divided the award pro rata according to the lodestar figures presented to the Court as to counsel like SWCK that had no agreement with Class Counsel; and (2) applied the co-counsel agreement as to counsel who were parties to that agreement.

**B.    Constantine Cannon's Efforts to Minimize SWCK's Role Are Inconsistent with the Attorney Fee Motion and Double Count Factors Already Accounted for by the Lodestar**

Constantine Cannon claims that SWCK "sat on the sidelines" in this litigation. Opp. at 1. This ignores the fact that SWCK did exactly the work that Class Counsel asked it to do. There is no evidence that SWCK refused to do any assigned work or refused to contribute to expenses. It should be compensated for the work it was authorized to do. *See In re Heritage Bond Litig.,* No. 02-ML-1475 DT, 2005 WL 1594403 (C.D. Cal. June 10, 2005) (awarding objecting firm 5% of attorneys' fee award when that firm performed 3% to 5% of the authorized work).

Constantine Cannon's position is also completely inconsistent with the fee motion it authored. In that motion, for purposes of the lodestar cross-check, it valued SWCK's work at $2,154,485. Having used that value to obtain the attorney fee award, it now claims that work is really worth $1,389,990. Constantine Cannon cannot have it both ways. If it believed that SWCK's work should be discounted by this much, it should have informed the Court of this opinion before obtaining the fee order.

REPLY ISO MOTION REGARDING ENFORCEMENT OF ATTORNEY FEE ORDER

Finally, Constantine Cannon double counts factors that are already included in the lodestar. *See Perdue v. Kenny A.*, 559 U.S. 542 (2010). The lodestar method yields a presumptively reasonable fee and the lodestar cannot be enhanced "based on a factor that is subsumed in the lodestar calculation." *Id.* at 553.

Constantine Cannon sought and obtained a vastly higher lodestar than SWCK. The relative lodestar as between the two firms already accounts for both the quantity and quality of legal work performed by Constantine Cannon. Constantine Cannon billed 70,436.95 hours for a lodestar of $37,954,521.50, an average rate of $539/hour that includes rates as high as $1,350/hr, $1,400/hr, $1,550/hr by partners Jean Kim, Matthew Cantor, and Lloyd Constantine, respectively. *See* ECF No. 1754-1 at 31-33. In comparison, SWCK billed 6,619 hours for a lodestar of $2,316,650.00, based on the substantially lower rate of $350 per hour for all attorneys. *See* ECF No. 1754-7. Accordingly, Constantine Cannon's lodestar *already* factors in the larger quantity of hours and higher levels of work performed. *See Perdue*, 559 U.S. at 553 ("considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate").

### C.     The Facts Relied Upon by Constantine Cannon Raise Further Concerns About its Abuse of Discretion

The Opposition makes clear that Constantine Cannon's decision to award itself a 94.81% multiplier came at the expense of all[1] other class counsel. Co-lead firms Steyer Lowenthal and Farmer Brownstein, who litigated this case extensively for over twelve years alongside Constantine Cannon, were allocated only 70% multipliers while SWCK and four other firms were all allocated only 60% multipliers. Constantine Cannon admits that it revised its initial allocation to increase the awards to Steyer Lowenthal, Farmer Brownstein, and The Manning Law Firm. The fact that Constantine Cannon agreed to

---

[1] Apart from The Mehdi Firm, which had a contractual right to a $10,556,000 award (representing a 530% multiplier). Opp. at 4.

REPLY ISO MOTION REGARDING ENFORCEMENT OF ATTORNEY FEE ORDER

revise its allocations as to them but not SWCK demonstrates its lack of good faith and failure to treat all counsel equally. *See In re Vitamins Antitrust Litig.*, 398 F. Supp. 2d 209, 234 (D.D.C. 2005) ("[L]ead counsel [must] apply a universally fair standard of allocation to all participants, including itself.") And the fact that these counsel eventually accepted less than their pro rata share of the lodestar is irrelevant to SWCK because these counsel are parties to a co-counsel agreement with Constantine Cannon that address fee allocation while SWCK is not. For the same reason, the fact that The Mehdi Firm received higher than its pro rata share is irrelevant to SWCK.

The memorandum authorized by Lloyd Constantine provides no reasonable basis for reducing SWCK's attorneys' fees. That memorandum was authored by the firm with the most to gain from the allocation and, predictably, it found that firm was entitled to the highest share. *In re Diet Drugs Prods. Liab. Litig.*, 401 F.3d 143, 173 (3d Cir. 2005) (Ambro, J., concurring) (lead counsel "have inherent conflicts" because "[t]hey make recommendations on their own fees and thus have a financial interest in the outcome"). In fact, Constantine Cannon relied upon a factor completely irrelevant to the fee allocation for this case to award Shinder Cantor Lerner an equal percentage of its lodestar as Constantine Cannon received. Constantine Cannon states that Shinder Cantor Lerner, "despite the relatively small amount of work done by and exposure to risk," was apportioned 94.81% of its lodestar (ECF 1769-2, Ex. A at 5) because the "two firms were co-counseling numerous cases and matters" and "[t]his arrangement allows the work on their joint cases to go forward seamlessly." *Id*. This has nothing to do with the proper allocation of fees as to SWCK and shows that the allocation was performed in a self-interested manner.

Furthermore, the factors from *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2d Cir. 2000) that Constantine Cannon relies upon are "applied by courts to determine attorneys' fee awards." Opp. at 8. Such factors are applied to determine whether the total attorneys' fee award is reasonable—not to determine *allocation* of attorneys' fees, where instead courts are more concerned that allocations of attorneys' fees must be proportionate. *See In re Vitamins Antitrust Litig.*, 398 F. Supp. 2d at 234. A lodestar comparison rather

REPLY ISO MOTION REGARDING ENFORCEMENT OF ATTORNEY FEE ORDER

than the *Goldberger* factors provides the most objective and reasonable method for allocation of fees (absent an express agreement to the contrary, which does not exist here for SWCK). And the *Goldberger* factors overlap with factors already subsumed in the lodestar analysis and such factors cannot be double-counted as set forth above.

## III.   CONCLUSION

The Court should grant SWCK's motion. Notably, Constantine Cannon does not dispute that, if the remaining funds in the Settlement Fund are insufficient to pay SWCK's full *pro rata* share of the attorney fee award, it should pay the difference from what it has already paid itself as attorneys' fees from the fund. Constantine Cannon distributed attorneys' fees to all other counsel despite knowing that SWCK disputed its share. It did so at its own risk. *See In re Vitamins Antitrust Litig.,* 398 F. Supp. 2d at 237 (allocating counsel was responsible for additional attorneys' fees to objecting counsel because it "rolled the dice" by making fee allocations without agreement from all firms).

DATED:  March 12, 2026

By: */s/ Jason H. Kim*
Jason H. Kim (SBN 220279)
**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
515 S. Figueroa Street, Suite 1060
Los Angeles, CA 90071
Telephone: (415) 421-7100
jkim@schneiderwallace.com

Todd M. Schneider (SBN 158253)
**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone: (415) 421-7100
tschneider@schneiderwallace.com

*Attorneys for Plaintiffs*

REPLY ISO MOTION REGARDING ENFORCEMENT OF ATTORNEY FEE ORDER