UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DJENEBA SIDIBE, et al., | Case No. 12-cv-04854-LB |
| Plaintiffs, | **ORDER DENYING MOTION TO ENFORCE ATTORNEY'S FEES ORDER** |
| v. | |
| SUTTER HEALTH, et al., | Re: ECF No. 1768 |
| Defendants. | |

**INTRODUCTION**

After over a decade of litigating this case, the parties settled, and the court approved the settlement and awarded the requested attorneys' fees and costs.[1] Schneider Wallace Cottrell Kim LLP (SWCK) moves to enforce the order awarding fees, contending that lead class counsel Constantine Cannon lacked authority to allocate attorney's fees and, to the extent that it did, abused its discretion in doing so. Constantine Cannon responds that it fairly allocated the fees based on the quantity of work and the risk exposure of each class counsel. The court denies the motion.

---

[1] Final Approval Order – ECF No. 1763. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 12-cv-04854-LB

**STATEMENT**

The court appointed Constantine Cannon LLP lead class counsel for the Rule 23(b)(2) and (3) classes.[2] The parties executed a settlement agreement in April 2025 and moved for preliminary approval, which the court granted.[3] Class counsel moved for an award of attorney's fees of $75.4 million and reimbursement of $28,132,680 in costs, and the court granted the motion.[4] The order did not address allocation of fees among class counsel.

Constantine Cannon engaged in conversations with class counsel with whom it had co-counsel agreements regarding fee allocation.[5] The Mehdi Firm (retained by the first plaintiffs in this action) had an agreement for 14% of any fee award, amounting to $10,556,000.[6] The Farmer Brownstein and Steyer Lowenthal firms also had co-counsel agreements providing guidance about allocation but containing no specific percentage or dollar amount.[7]

In December 2025, Lloyd Constantine of Constantine Cannon issued a memorandum to the other nine law firms about the allocation of the fee and costs award among class counsel.[8] He stated that "[t]he allocation [was] based on the precise lodestar, hours and costs submitted to the district court" and "the amount of risk each class counsel firm exposed itself to in their effort and the quantity of work they did on behalf of the class," noting that the amount-of-risk and quantity-of-work factors "are two of the most important so-called '*Goldberger*' factors that federal courts regularly use in determining fee awards from a common fund from class action litigation."[9]

Mr. Constantine divided counsels into four categories. The Mehdi Firm was the sole category-IV firm.[10] He placed Constantine Cannon and Shinder Cantor Lerner LLP in category I, Farmer

---

[2] Orders – ECF Nos. 703, 831.

[3] Notice – ECF No. 1737; Order – ECF No. 1750.

[4] Mot. – ECF No. 1754; Order – ECF No. 1764.

[5] Jean Kim Decl. – ECF No. 1769-1 at 2 (¶ 6).

[6] *Id.* (¶ 7); Agreement, Ex. C to Kim Decl. – ECF No. 1769-4 at 2–5.

[7] Jean Kim Decl. – ECF No. 1769-1 at 2 (¶ 8).

[8] *Id.* (¶ 9); Memo, Ex. A to Jean Kim Decl. – ECF No. 1769-2.

[9] Memo, Ex. A to Jean Kim Decl. – ECF No. 1769-2 at 3–4.

[10] *Id.* at 8.

United States District Court
Northern District of California

United States District Court
Northern District of California

Brownstein Jaeger Goldstein Siegel & Shepard LLP and Steyer Lowenthal Boodrookas Alvarez & Smith in category II, and the remaining class counsel firms, including SWCK, in category III.[11] Category I was assigned a multiplier of .9481, category II .7, and category III .6. Mr. Constantine explained that "Constantine Cannon is the sole Category I firm because in terms of risk and quantity of work it is not merely first among all class counsel firms but alone did far more work than the total of the other nine class counsel firms and because the risk it exposed itself to dwarfs the collective total risk those other nine firms exposed themselves to."[12] The memo further explained that the Steyer firm and Farmer Brownstein were placed in category II because they "contributed many multiples of the attorney hours of any firm in Category III and indeed the one firm in Category IV. Those very high number of attorney hours in Steyer and Farmer Brownstein over 12 years directly correlates with and translates to the very high risk they exposed themselves to."[13] The memo explained that firms in category III expended at least less than half of the hours of category-II firms and had less risk exposure.[14]

SWCK performed first-level document review between 2017 and 2018 and contributed nothing in expenses, while Constantine Cannon advanced $27,661,603, representing 98.3% of total expenses.[15]

After distributing the Allocation Memo, Constantine Cannon had further conversations with Farmer Brownstein, Steyer Lowenthal and The Manning Law Firm.[16] As a result of these negotiations, Farmer Brownstein and Steyer Lowenthal raised their multiplier to .73 for a collective increase in their recovery of $1 million.[17] The Manning Law Firm received an increase

---

[11] *Id.* at 5–8.

[12] *Id.* at 5.

[13] *Id.* at 7.

[14] *Id.* 7–8.

[15] Jean Kim Decl. – ECF No. 1769-1 at 2 (¶ 10); Lodestar Report, Ex. B to *id.* – ECF No. 1769-3 at 2.

[16] Jean Kim Decl. – ECF No. 1769-1 at 2 (¶ 11).

[17] *Id.* (¶ 12).

of $24,000.[18] These additional amounts to class counsel firms reduced CC's multiplier to .92 and its recovery by $1,024,000.[19]

SWCK attempted to negotiate this issue with Constantine Cannon, but the parties did not resolve it.[20] SWCK has not yet been paid any attorney's fees for this matter, as it requested that Constantine Cannon retain its share of the fees while the motion is pending.[21]

### ANALYSIS

The issues are whether Constantine Cannon had authority to allocate fees and, if so, whether its allocation was reasonable and fair. The answer to both is, "yes."

First, as SWCK notes, the court did not address the allocation of fees.[22] This left Constantine Cannon with the implied authority to do so.[23] *See Hartless v. Clorox Co.*, 273 F.R.D. 630, 646 (S.D. Cal. 2011) ("[C]ourts routinely affirm the appropriateness of a single fee award to be allocated among counsel and have recognized that lead counsel are better suited than a trial court to decide the relative contributions of each firm and attorney.").

Second, Constantine Cannon's allocation of fees was reasonable. SWCK asserts that Constantine Cannon abused its discretion by reducing SWCK's share of the fees with a .6 multiplier because (1) SWCK did all of the work it was asked to do, (2) Constantine Cannon's higher quantity and quality of work was already accounted for in the initial order approving fees, (3) the *Goldberger* and *Kerr* factors employed by Constantine Cannon are for determining the reasonableness of a total fee award and not its allocation between multiple firms, (4) Constantine Cannon agreed to increase the allocation of awards to other firms but not SWCK, and

---

[18] *Id.*

[19] *Id.* (¶ 13).

[20] Jason Kim Decl. – ECF No. 1768-1 at 3 (¶¶ 7–8).

[21] *Id.* (¶ 9).

[22] Mot. – ECF No. 1768 at 4–5; Mot. – ECF No. 1754 at 9; Orders – ECF Nos. 1763–64.

[23] Opp'n – ECF No. 7–8 (making this point).

ORDER – No. 12-cv-04854-LB                4

United States District Court
Northern District of California

(5) Constantine Cannon's position of allocating its own award creates an inherent conflict.[24] Constantine Cannon responds that it relied on the *Goldberger* and *Kerr* factors because case law does not provide guidance on allocating an award of attorney's fees and, while SWCK's work was helpful, the quantity and quality of its work did not justify treating it like the category I or II firms.[25]

Even though Constantine Cannon is in the position of deciding its own allocation of fees, its reasoning for the allocation was fair. It divided all firms into categories based on exposure to risk and quantity of work and reasonably placed SWCK in category III and itself in category I. SWCK performed document review in 2017 and 2018 and did not participate in depositions, briefing any part of the many motions filed by the plaintiffs, the 2022 jury trial, the appeal to the Ninth Circuit, or efforts leading to settlement. Regarding risk, SWCK did not contribute anything to expenses.[26] These are reasonable grounds for applying a lower multiplier to SWCK. Thus, Constantine Cannon did not abuse its discretion.

## CONCLUSION

The court denies the motion because the allocation of fees was reasonable. This order resolves ECF No. 1768.

**IT IS SO ORDERED.**

Dated: April 2, 2026

LAUREL BEELER
United States Magistrate Judge

---

[24] Mot. – ECF No. 1768 at 6–9.

[25] Opp'n – ECF No. 1769 at 8–9.

[26] Jean Kim Decl. – ECF No. 1769-1 at 2 (¶ 10); Lodestar Report, Ex. B to *id.* – ECF No. 1769-3 at 2.